Brian E. Soriano, SBN 183865
Nyoki T. Sacramento, SBN 239046
GOLDSTEIN, GELLMAN, MELBOSTAD,
HARRIS & McSPARRAN, LLP
1388 Sutter Street, Suite 1000
San Francisco, CA 94109-5454
TEL: 415/673-5600
FAX:415/673-5606
EMAIL: bsoriano@g3mh.com
EMAIL: nsacramento@g3mh.com

Attorneys for Creditor
653 28th Street, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ARCON CONSTRUCTION CORPORATION,<br><br>Debtor. | Case No. 24-30679 DM 11<br><br>Chapter 11<br><br>**653 28TH STREET, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Judge: Hon. Dennis Montali<br>Date: November 21, 2024<br>Time: 9:30 a.m.<br>Ctrm: 17 (Via Tele/Videoconference) |

## I. INTRODUCTION

653 28th Street LLC ("653"), a real estate investment entity, seeks relief from the automatic stay to liquidate its claims through the completion of state court litigation against Arcon Construction Corporation ("Arcon"), a general contractor owned and jointly managed by Vladimir and Andrey Libov, father and son. 653 also requests confirmation that the automatic stay does not extend to any other cross-defendants that are not bankruptcy debtors.

This dispute arose from a construction project at 653's property located at 653 28th Street, San Francisco, California. Arcon filed suit in San Francisco Superior Court on March 28, 2019, seeking payment for construction services it claimed to have completed. In response, 653 filed a cross-complaint, alleging breach of contract and fraudulent conduct.

1.

After five years of litigation, including extensive discovery, pretrial motions, and a full trial, the Superior Court issued a Statement of Decision on June 24, 2024, finding that Arcon breached the contract and committed fraud through deliberate misrepresentations, concealment of adverse conditions, and invoicing for work that was never performed or was deficient. The court awarded $722,017.46, plus attorneys' fees, in favor of 653.

Arcon responded by filing a motion for a new trial on July 26, 2024, with a hearing set for October 4, 2024. However, on September 13, 2024, before the Superior Court could rule on the motion or finalize the judgment, Arcon filed for Chapter 11 bankruptcy, triggering the automatic stay. Arcon served its Notice of Chapter 11 Bankruptcy on 653, but did not serve notice on the state court or the third parties Cross-Defendants Adept Construction Solutions, Inc. and Modern Technology Resources, Inc. (hereinafter collectively referred to as "Adept/Modern"). Although the Superior Court tentatively denied Arcon's new trial motion on October 4, 2024, further proceedings were stayed pending resolution of the bankruptcy stay.

Financial records filed by Andrey Libov as part of Arcon's bankruptcy disclosures revealed officer wage payments totaling $453,676.62 through 2023. Additionally, between June 12, 2024, and September 12, 2024—the 90 days preceding the bankruptcy filing—Vladimir Libov and Andrey Libov paid themselves $156,923 and $196,154, respectively, in salary. The substantial size and timing of these payments raise serious concerns about Arcon's misuse of corporate funds for personal gain, further justifying lifting the stay to prevent abuse of the bankruptcy process.

653 now moves for relief from the automatic stay under 11 U.S.C. § 362(d)(1) for "cause" to allow the state court litigation to conclude. Arcon's bankruptcy filing, strategically timed just three weeks before the state court was set to enter final judgment, demonstrates bad faith. Arcon's bankruptcy was not filed to reorganize but was a calculated move to avoid liability and delay enforcement of the judgment. With litigation at an advanced stage, with only the new trial motion pending, it would be inequitable to force 653 to restart in bankruptcy court.

Additionally, 653's claims involve fraud, which is non-dischargeable under 11 U.S.C. § 523(a)(2)(A). The fraudulent conduct—documented in the Superior Court's Statement of Decision—includes misrepresentations about project progress, concealment of adverse conditions, and

issuance of false invoices. These non-dischargeable claims provide further grounds to lift the stay to permit 653 to pursue recovery.

653 also requests confirmation that the automatic stay has no bearing on any other parties who are not bankruptcy debtors. 653 was also awarded damages from cross-defendants Adept Construction Solutions, Inc. and Modern Technology Resources, Inc.

For these reasons, 653 seeks prompt relief from the automatic stay to allow the state court litigation to conclude and to prevent further misuse of the bankruptcy process.

## II. FACTUAL BACKGROUND

The dispute between 653, a real estate investment entity, and Arcon, a general contractor, arose from a construction project at 653's property located at 653 28th Street, San Francisco, California. (Declaration of Brian E. Soriano in Support of 653 28th Street LLC's Motion for Relief From Automatic Stay ("Soriano Decl."), ¶¶ 2-4.) Arcon was founded by Vladimir Libov, who formally owns 100% of the corporation's shares. (Soriano Decl., ¶ 5.) However, both Vladimir and his son, Andrey Libov, jointly manage the company and share profits and losses equally. (*Id*.)

On March 28, 2019, Arcon filed a lawsuit in San Francisco Superior Court (Case No. CGC-19-574888) against 653, seeking payment for construction services it claimed to have completed. (*Id., ¶* 2.) In response, 653 filed a cross-complaint, alleging breach of contract and fraudulent conduct, and amended its cross-complaint two more times with the court's permission. (*Id*., ¶ 3.) 653 asserted that Arcon failed to perform in accordance with the contract, engaged in fraudulent invoicing practices, and misrepresented its qualifications and the work it completed. (*Id*.) Both parties later amended their complaints to add third-party defendants. (*Id*., ¶¶ 2-3.)

After five years of litigation—during which the parties engaged in extensive discovery, pretrial motions, and a full trial—the San Francisco Superior Court issued a Statement of Decision on June 24, 2024, ruling in favor of 653. (*Id*., ¶ 6; and Exhibit B (San Francisco Superior Court, Statement of Decision, dated June 24, 2024 ("Statement of Decision")).) The court found that Arcon engaged in fraudulent conduct, including deliberate misrepresentations about the project's progress, concealment of adverse soil conditions, and engaged in fraudulent billing for work that was never performed or was deficient, resulting in overcharges of $205,118. (*Id.*, Exhibit B (Statement of Decision).) The court

3

awarded $722,017.46, plus attorneys' fees, in favor of 653.  (*Id*., ¶¶ 6, 8; *also see* Exhibit C (San Francisco Superior Court, Notice of Entry of Judgment, dated September 26, 2024.)

Before the judgment could be finalized, Arcon filed a motion for a new trial on July 26, 2024, with the hearing set for October 4, 2024.  (*See id*., ¶¶ 6-9.)[1]  However, on September 13, 2024, Arcon filed for Chapter 11 bankruptcy, triggering an automatic stay under 11 U.S.C. § 362 and halting state court proceedings.  (*Id.*, ¶ 9.)  Although the Superior Court issued a tentative ruling denying Arcon's motion for a new trial on October 4, 2024, entry of the order and further proceedings were stayed pending the outcome of the bankruptcy stay.  (*Id.*, ¶ 11; and Exhibit D (San Francisco Superior Court Minutes of October 4, 2024 hearing).)

Financial disclosures submitted to this Court on September 23, 2024, reveal that the Libovs paid themselves $453,676.62 in officer wages through 2023.  (*Id*., ¶ 12; and Exhibit E (Declaration of Andrey Libov, filed in this Court on September 23, 2024 ("Libov Decl."), attaching a Profit & Loss Statement at Exhibit 3, reflecting officer wages through December 2023 at p. 4.)  Additionally, between June 12, 2023, and September 12, 2024, Vladimir and Andrey paid themselves $156,923 and $196,154, respectively, in salary.  (Soriano Decl., ¶ 13; and Exhibit F (Official Form 207, Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy, filed in this Court on October 17, 2024, reflecting the $353,077 wage payments the Libovs made to themselves at p. 7).)  The timing and size of these payments underscore Arcon's misuse of corporate assets during the final stages of litigation.

At trial, the evidence demonstrated that Vladimir and Andrey commingled personal and corporate funds and disregarded corporate formalities.  (*See id*., ¶¶ 12-14; *see also* Exhibit A (Reporter's Transcript of the Trial Proceedings in San Francisco Superior Court, dated September 13, 2023 ("Trial Transcript") at p. 4); *see also* Exhibit E (Libov Decl.); *see also* Exhibit F (Official Form 207, Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy, filed in this Court on October 17, 2024,  ("Statement of Financial Affairs"), reflecting the $353,077 wage payments the Libovs made to themselves at p. 7.)  Although Vladimir is the formal owner of 100% of Arcon's

---

[1] On September 9, 2024, the court entered judgment in 653's favor.  On September 26, 2024, third parties Cross-Defendants Adept Construction Solutions, Inc., and Modern Technology Resources, Inc., (hereinafter collectively referred to as "Adept/Modern") filed and served a Notice of Entry of Judgment.  (Soriano Decl, ¶ 8.; and Exhibit C.)

4

653-28TH STREET, LLC'S MEMO OF P'S & A'S I/S/O MTN FOR RELIEF FROM AUTOMATIC STAY
CASE NO. 24-30679 DM 11

shares, he and Andrey jointly manage the company and treat its finances as their personal funds. (*Id*., ¶ 2; and Exhibit A (Trial Transcript) at p. 4.) Vladimir's testimony at trial that "soon everything will be his [Andrey's]," illustrates the lack of corporate separateness. (*Id*., Exhibit A (Trial Transcript) at p. 4.)

### III. ARGUMENT

**653 IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY FOR "CAUSE" UNDER 11 U.S.C. § 362(d)(1)**

Under 11 U.S.C. § 362(d)(1), the bankruptcy court "shall grant relief from the stay" for "cause" after notice and a hearing. The Bankruptcy Code does not explicitly define "cause," granting courts broad discretion to determine what constitutes sufficient cause. *In re Kronemyer*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009). Courts evaluate "cause" on a case-by-case basis, considering factors such as bad faith, judicial economy, and the status of the litigation. *See Id.* Once a creditor establishes a *prima facie* showing of "cause," the burden shifts to the debtor to demonstrate that cause does not exist. *Gauvin v. Wagner (In re Gauvin)*, 24 B.R. 578, 580 (B.A.P. 9th Cir. 1982).

Here, several factors establish that "cause" exists to lift the stay and permit 653 to liquidate its claims in the state court litigation and pursue alter ego claims against Vladimir and Andrey Libov.

### A. Arcon's Bankruptcy Petition Was Filed in Bad Faith to Avoid Enforcement of An Adverse Judgment

Courts have consistently recognized that a bankruptcy petition filed with an improper purpose—such as frustrating creditors or gaining an unfair advantage in litigation—constitutes bad faith and provides sufficient cause for lifting the stay. *See In re Leavitt*, 171 F.3d 1219, 1224-25 (9th Cir. 1999); *see also In re Marsch,* 36 F.3d 825, 828-29 (9th Cir. 1994). Filing bankruptcy during the pendency of an adverse state court ruling strongly suggests bad faith. *See In re Silberkraus*, 253 B.R. 890, 905-06 (C.D. Cal. 2000); *see also In re Maghanoy*, No. 13-00949, 2013 WL 3936395 (Bankr. D. Haw. July 30, 2013) (finding that a bankruptcy petition filed primarily to delay enforcement of a state court judgment, after the state court had held a four-day trial, was in bad faith and warranted lifting the stay).

Here, Arcon filed its Chapter 11 petition on September 13, 2024, after an adverse trial ruling and while its motion for a new trial was pending in state court. This was not a legitimate attempt to reorganize. Instead, it was a calculated move to delay enforcement and avoid liability. Arcon's recent financial disclosures further confirm this improper motive. Arcon paid Vladimir and Andrey Libov

significant officer wages—$156,923 to Vladimir and $196,154 to Andrey—between June and September 2024, mere months before filing for bankruptcy. These payments, totaling over $350,000, were made during the final stages of litigation, draining corporate assets that should have been available to satisfy the judgment.

Additionally, the Libovs paid themselves a total of $453,676.62 in officer wages through 2023, further highlighting Arcon's misuse of funds. These transfers, made while litigation was pending, demonstrate Arcon's intent to shield assets from creditors. Courts have found such actions indicative of bad faith and cause to lift the stay. *See In re Maghanoy*, No. 13-00949, 2013 WL 3936395 (Bankr. D. Haw. July 30, 2013) (finding bad faith where a bankruptcy petition was filed primarily to delay enforcement of a judgment).

Given the timing of Arcon's bankruptcy filing and the financial misconduct, the Court should find sufficient cause to lift the stay and prevent further abuse of the bankruptcy process.

### B. Judicial Economy and the Advanced Stage Of the State Court Proceedings Justify Lifting the Stay

Courts consistently emphasize that lifting the stay promotes judicial economy, especially when litigation is near completion. *See In re Tucson Estates, Inc.*, 912 F.2d 1162, 1169 (9th Cir. 1990). Where the state court is familiar with the facts and evidence, and substantial progress has already been made, duplicating efforts in bankruptcy court would waste judicial resources. *See In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir. 1986) (holding that judicial economy can justify lifting the stay, especially when the state court litigation is nearly complete); *see also In re S. Kemble*, 776 F.2d 802 (9th Cir. 1985) (affirming that judicial economy alone constitutes sufficient cause to lift the stay); *see also In re Howrey LLP*, 492 B.R. 19, 24 (Bankr. N.D. Cal. 2013) (holding that lifting the stay is appropriate when the state court has already invested significant resources, has the expertise to handle the matter, and is already familiar with the facts); *see* also *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 737 (7th Cir. 1991) (lifting the stay where significant progress had been made in the state court proceedings).

Here, the state court litigation, which only involves state court claims, has progressed through five years of extensive discovery, pretrial motions, and a full trial. The Superior Court issued a detailed

Statement of Decision on June 24, 2024, finding that Arcon had breached the contract and engaged in fraudulent conduct. (Soriano Decl., ¶ 6; and Exhibit B (Statement of Decision).) The only outstanding matter was the ruling on Arcon's motion for a new trial, which the court tentatively denied on October 4, 2024. Restarting the litigation in bankruptcy court would be inefficient, waste judicial resources, and unfairly prejudice 653, which has already invested significant time and resources in state court proceedings.

Duplicating these efforts would not only waste judicial resources but also risk inconsistent outcomes. Courts have held that judicial economy justifies lifting the stay when the court has already invested significant resources and gained expertise in the matter. *See In re Murray Industries, Inc.*, 121 B.R. 635, 637 (Bankr. M.D. Fla. 1990) (lifting stay to avoid duplication of efforts and recognizing that forcing the movant to restart the litigation in bankruptcy court would cause an unfair waste of judicial resources after years of litigation in state court). Lifting the stay here will avoid unnecessary delay, promote consistency in outcomes, and ensure that extensive efforts invested in the state court proceedings are not wasted.

### C. 653's Fraud Claims Are Non-Dischargeable Under 11 U.S.C. § 523(a)(2)(A)

Fraud-based claims are non-dischargeable under 11 U.S.C. § 523(a)(2)(A), which prevents debtors from using bankruptcy to evade liability for fraud. *See Grogan v, Garner*, 498 U.S. 279, 286-87 (1991) (recognizing that debts resulting from fraud are non-dischargeable in bankruptcy). Courts recognize that bankruptcy should not reward fraudulent behavior. *See In re Eashai*, 87 F.3d 1082, 1088 (9th Cir. 1996) (holding that fraudulent misrepresentation claims are non-dischargeable under § 523(a)(2) because fraud inherently involves deceit and misrepresentation). In *Bartenwerfer v. Buckley*, 598 U.S. 69 (2023), the Supreme Court reaffirmed that debts arising from fraud are non-dischargeable, even if the debtor did not personally engage in the fraud.

The Superior Court's Statement of Decision establishes that Arcon engaged in fraudulent conduct, including deliberate misrepresentations, concealment of adverse conditions, and issuance of fraudulent invoices. (*See* Soriano Decl., Exhibit B (Statement of Decision).) These findings fit squarely within the fraud exception to dischargeability under § 523(a)(2)(A). As courts consistently hold, creditors should not be deprived of recovery where fraud has been established. *See Field v. Mans*,

516 U.S. 59, 61 (1995) (highlighting the importance of protecting creditors from fraudulent debtors). This further supports lifting the stay to allow 653 to pursue its claims in state court. Allowing the state court to proceed ensures that the fraud judgment—non-dischargeable under § 523(a)(2)(A)—is enforced promptly and efficiently, without unnecessary delays.

## IV. CONCLUSION

Based on the foregoing, 653 respectfully requests that this Court grant its Motion for Relief from the Automatic Stay under 11 U.S.C. § 362(d)(1). Arcon's bad faith bankruptcy filing, the advanced stage of the state court litigation, and the non-dischargeable nature of 653's fraud claims constitute sufficient cause to lift the stay. Judicial economy also favors relief, as duplicating proceedings in the bankruptcy court would waste resources and prejudice 653.

The Libovs' financial misconduct—paying themselves officer wages of over $350,000 during the final stages of litigation and immediately before filing their Chapter 11 petition—further justifies lifting the stay to prevent abuse of the bankruptcy process.

Dated: October 23, 2024

**GOLDSTEIN, GELLMAN, MELBOSTAD, HARRIS & McSPARRAN, LLP**

*B.S.*

Brian E. Soriano
Nyoki T. Sacramento
Attorney for Defendant/Cross-Complainant
653 28th Street LLC