```
Eric J. Gravel– SBN: 256672
Law Offices of Eric J. Gravel
1390 Market St, Suite 200
San Francisco, CA 94402
Telephone: (650) 931-6000
Facsimile: (650) 931-6424

Attorney for Debtor: ARCON CONSTRUCTION CORPORATION
```

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DISTRICT**

| | |
|---|---|
| In re:<br><br>ARCON CONSTRUCTION CORP.<br><br>Debtor | Chapter 11<br>Case No. 24-30679<br>Date: November 8, 2024<br>Time: 10:00 a.m.<br>Place: Telephone/Video<br>**www.canb.uscourts.gov/calendars**<br>Judge: Hon. Dennis Montali |

**MOTION FOR AUTHORITY TO USE OF CASH COLLATERAL ON ITERIM BASIS**

**I – INTRODUCTORY STATEMENT**

Debtor respectfully represents:

1. Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on 09/13/24.

2. Debtor operates a general construction and development business that includes planning, design, general contracting and construction management. Since 1999, Arcon's strategy has been to provide a one-stop shop for homeowners, investors, and developers. The Debtor continues to manage and operate its businesses as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Debtor has a generally successful construction business, showing gross sales of $5,646,737 in 2022, $5,581,487 in 2023, and $2,424,872 at the time of the filing of this Chapter 11 case in 2024.

Purpose for the use of the Cash Collateral

The purpose for the use of the cash collateral is to pay the Debtor's ordinary operating expenses, including, but not limited to, salaries, vendors, utilities, insurance, maintenance, etc.

Terms of the use of the Cash Collateral

Debtor plans to file a 3-5-year plan, the use of the cash collateral on an interim basis will be for the duration of the case until the earlier of (1) December 12, 2024, or (2) Debtor exits Chapter 11. No motion for authority to obtain credit is contemplated during the interim period.

Background

4. During the COVID pandemic, on or around May 20, 2020, Debtor received an SBA disaster loan for $150,000, secured by the assets of the corporation. The agreed monthly payment on that note is $731. The note has a first priority lien on debtor's business assets. The balance on the loan is $132,748.

5. The other lien on the assets of the corporation is from the Internal Revenue Service. According to their proof of claim no. 7 filed on 10/03/24, the IRS has a secured claim of $110,743.50 against the assets of the corporation. The claim was assessed on 08/21/23.

Treatment of liens

The following are the secured creditors with an interest in the cash collateral, in order of priority, with the proposed Adequate Protection payments for each lienholder.

| LENDER | PRIORITY | APPROXIMATE LIEN AMOUNT | ADEQUATE PROTECTION PAYMENT | APPROXIMATE VALUE OF COLLATERAL |
|---|---|---|---|---|
| A) Small Business Adm. | 1 | $132,748.41 | $1,000.00 | $132,748.41 |
| B) IRS | 2 | $110,743.50 | $500.00 | $110,743.50 |
| Total | | $243,491.91 | $1,500.00 | $243,491.91 |

6. The Debtor had $ 320,902 in cash at the time of filing its case, in addition to work in progress valued at $581,937. As shown in its first operating report and the attached 6-month projections, the Debtor has cash to fund its operations.

7. In addition to its secured debt, the Debtor owes a priority debt of $138,909.05 to the Internal Revenue Service and a priority debt of $900.44 to the Franchise ax Board.

The undersigned Certifying Professional has read the accompanying motion and the Cash Collateral – Post Petition Financing Introductory Statement; to the best of my knowledge, information and belief, formed after reasonable inquiry, the terms of the relief sought in the motion are in conformity with the Court's Guidelines for Cash Collateral and Financing Motions and Stipulations except as set forth above. I understand and have advised the debtor in possession that the court may grant appropriate relief under Rule 9024 if the court determines that a material element of the motion was not adequately disclosed in the introductory statement.

Dated: October 24, 2024        /s/ Eric Gravel
                               Attorney for debtor-in-possession

## II – BUDGET

### ASSETS

At the time of the filing of the Chapter 11 case herein, Debtor had $320,902 in its two bank accounts at American Express Bank and Wells Fargo Bank. Debtor's other principal asset is its work-in-progress in a $14,994,000 project it entitles the "Saratoga Project" because it is located in Saratoga, California. The standard net income for a project of that size is 3-5% and Debtor values the remainder of the project at $581,937. There is one year left to the Saratoga Project. Debtor receives payments of $800,000 every 3 or 4 weeks, with a net profit margin of 3-5%.

### LIABILITIES

Against those assets are the work that remains to be done on the Saratoga Project over a one-year period; a disputed judgment for $722,017 (a recent proof of claim in the amount of $1,561,207.00 was recently filed regarding that lawsuit), other general unsecured claims in the amount of $423,633, which include the Debtor's state court attorney fees of $254,000; and the aforementioned secured claims and priority claims of the SBA, IRS and FTB.

The projections for the 6-month period following the filing of the case are attached herewith as Exhibit 1. These projections will be superseded by the filing of a plan by December 12, 2024.

Exhibit 1 – 6-month projections

Case Name: _____  Case No.: _____

**PROJECTED POST-PETITION CASH RECEIPTS AND CASH DISBURSEMENTS**
**FOR THE FIRST SIX-MONTHS BEGINNING:** _____  *(date of filing MM/DD/YY)*

| | MONTH OF FILING | MONTH 2 | MONTH 3 | MONTH 4 | MONTH 5 | MONTH 6 |
|---|---|---|---|---|---|---|
| **BEGINNING CASH BALANCE** | | | | | | |
| **Cash Receipts:** | | | | | | |
| Cash sales *(ordinary course)* | | | | | | |
| Rents/Leases Collected | | | | | | |
| Accounts Receivable Collected | | | | | | |
| Proceeds from Sale of Asset(s) | | | | | | |
| Borrowings | | | | | | |
| | | | | | | |
| | | | | | | |
| **Total Cash Receipts** | | | | | | |
| **Cash Disbursements:** | | | | | | |
| Payments to Vendors | | | | | | |
| Administrative Expenses | | | | | | |
| Payments on Secured Debt | | | | | | |
| Rent/Lease Payments | | | | | | |
| Pmts to Owner(s)/Officers/Insiders | | | | | | |
| Salaries/Commissions | | | | | | |
| Tax Pmts: | | | | | | |
|    Payroll Taxes - Employee | | | | | | |
|    Payroll Taxes - Employer | | | | | | |
|    Sales Taxes | | | | | | |
|    Real Property Taxes | | | | | | |
|    Other Taxes | | | | | | |
| Payments to Professionals | | | | | | |
| Pmt of United States Trustee Fees | | | | | | |
| | | | | | | |
| | | | | | | |
| **Total Cash Disbursements** | | | | | | |
| **Net Increase/(Decrease) in Cash** | | | | | | |
| **ENDING CASH BALANCE** | | | | | | |