**MEYER LAW GROUP LLP**
 A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone: (415) 765-1588
Facsimile: (415) 762-5277
Email: brent@meyerllp.com

Attorneys for Creditor
653 28TH STREET LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>ARCON CONSTRUCTION CORPORATION,<br><br>        Debtor in Possession. | BK Case No.: 24-30679-DM<br><br>Chapter 11<br><br>**(1) OBJECTION TO DESIGNATION UNDER SUB-CHAPTER V PURSUANT TO 11 U.S.C. § 1182(1); AND (2) MOTION TO EXTEND TIME TO OBJECT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1020(B)**<br><br>Date: May 9, 2025<br>Time: 10:00 a.m.<br>Location: Videoconference / Telephonic<br>Judge: Hon. Dennis Montali |

(1) OBJECTION TO DESIGNATION UNDER SUB-CHAPTER V PURSUANT TO 11 U.S.C. § 1182(1); AND (2) MOTION TO EXTEND TIME TO OBJECT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1020(B)

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

Creditor 653 28th Street, LLC ("Creditor") hereby objects (the "Objection") to the designation made on September 13, 2024 by Debtor in Possession Arcon Construction, Inc. ("Debtor") in the *Voluntary Petition* [Dkt. No. 1] for this Bankruptcy Case to proceed under Sub-Chapter V and also moves (the "Motion") the Court to extend the deadline to object pursuant to Federal Rule of Bankruptcy Procedure 1020(b) in the above-captioned matter.

The Objection and Motion are based upon the Notice of Objection and Motion, the supporting memorandum of points and authorities set forth herein, the supporting *Declaration of Counsel Brian E. Soriano* ("Counsel Decl.") and all exhibits attached thereto, the supporting *Declaration of Ravi Sadarangani* ("Sadarangani Decl."), the supporting *Request for Judicial Notice* ("RJN"), all other pleadings on file herein, and such other and further arguments and authority as may be presented at the hearing on the Objection and the Motion.

## I.     BACKGROUND FACTS

On September 13, 2024 ("Petition Date"), Debtor filed a voluntary petition for relief under Title 11, Chapter 11, Sub-Chapter V, Case No. 24-30679-DM (the "Bankruptcy Case") in the United States Bankruptcy Court, Northern District of California, San Francisco Division (the "Bankruptcy Court").  (Dkt. No. 1).  Christopher Hayes is the duly appointed Sub-Chapter V Trustee in this matter.  (Dkt. No. 11).

As set forth below, as of the Petition Date, Debtor had aggregate noncontingent, liquidated, secured and unsecured claims of at least $4,013,021.36, and as such, Debtor is not eligible to proceed as a debtor under Sub-Chapter V in the Bankruptcy Case.  See Dkt. Nos. 26, 91; Claim Nos. 1-16; Counsel Decl. ¶ 3, Exh. A.

As of the date of this Objection, Debtor has not yet confirmed a *Chapter 11 Plan of Reorganization* in the Bankruptcy Case.  See CM/ECF *generally*.

## II.    LEGAL ARGUMENT

### A.     Debtor is Not Eligible for Sub-Chapter V – 11 U.S.C. § 1182

Section 1182(1) of the Bankruptcy Code provides that "[t]he term 'debtor' means a small business debtor."  11 U.S.C. § 1182(1).

In turn, section 101(51D) provides in relevant part that a "small business debtor" means

(1) OBJECTION TO DESIGNATION UNDER SUB-CHAPTER V PURSUANT TO 11 U.S.C. § 1182(1); AND (2) MOTION TO EXTEND TIME TO OBJECT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1020(B)

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

Case: 24-30679    Doc# 127    Filed: 04/08/25    Entered: 04/08/25 14:23:11    Page 2 of 9

"a person engaged in commercial or business activities … that has aggregate *noncontingent liquidated secured and unsecured debts* as of the date of the filing of the petition or the date of the order for relief in an amount *not more than [$3,024,725]* … not less than 50 percent of which arose from the commercial or business activities of the debtor." 11 U.S.C. § 101(51D) (emphasis added).

"[A] debt is liquidated if the amount of the debt is readily ascertainable." In re Slack, 187 F.3d 1070, 1074 (9th Cir. 1999). Further, "[s]o long as a debt is subject to ready determination and precision in computation of the amount due, then it is considered liquidated and included for eligibility purposes under § 109(e), regardless of any dispute." Id. at 1075.

Further, "[a] debt is noncontingent if all events giving rise to liability occurred prior to the filing of the bankruptcy petition." In re Fostvedt, 823 F.2d 305, 306 (9th Cir. 1987).

As a threshold matter, when a party challenges debtor's eligibility to file under a particular chapter of the United States Bankruptcy Code, *the debtor carries the burden* of establishing such eligibility. See In re Wright, 2020 WL 2193240, at *2 (Bankr. D.S.C. 2020) (*quoting* In re Voelker, 123 B.R. 749, 750 (Bankr E.D. Mich. 1990)). In Wright, the court extended this general rule to apply to objections to a debtor's eligibility to elect to proceed under Sub-Chapter V. Id.

The majority of courts considering the issue have extended this rule when determining a debtor's eligibility to elect Sub-Chapter V. See In re Offer Space, LLC, 2021 WL 1582625, at *2 (Bankr. D. Utah 2021); In re Ikalowych, 2021 WL 1546547, at *7 (Bankr. D. Colo. 2021) (*citing* In re Sullivan, 2021 WL 1250805, at *2 (Bankr. D. Colo. 2021) and Tenth Circuit precedent for the proposition that debtors who file under chapters 9 and 12 bear the burden of proving eligibility); In re Johnson, 2021 WL 825156, at *4 (Bankr. N.D. Tex. 2021); In re Thurmon, 2020 WL 7249555, at *1 n. 4 (Bankr. W.D. Mo. 2020); In re Blanchard, 2020 WL 4032411, at *1-2 (Bankr. E.D. La. 2020) (*citing* Wright); but see In re Body Transit, Inc., 613 B.R. 400, 409 n. 15 (Bankr. E.D. Pa. 2020) (stating that "[i]t is appropriate to place the burden of proof on [the creditor], as it is the *de facto* moving party").

Here, as of the Petition Date, Debtor had noncontingent, liquidated claims well in excess

BK CASE NO. 24-30679-DM

(1) OBJECTION TO DESIGNATION UNDER SUB-CHAPTER V PURSUANT TO 11 U.S.C. § 1182(1); AND (2) MOTION TO EXTEND TIME TO OBJECT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1020(B)

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

of the maximum amount ($3,024,725) set forth in section 109(e) based on the following:

On September 27, 2024, Debtor filed schedules that listed the following claims:

| Claimant | Schedule | Amount | Docket No. |
|---|---|---|---|
| Bank of America | D | $ 37,000.00 | 26 |
| Ford Motor Credit | D | $ 4,106.46 | 26 |
| Ford Motor Credit | D | $ 7,116.13 | 26 |
| Lexus Financial | D | $ 73,923.48 | 26 |
| Mercedes Benz Financial | D | $ 20,916.24 | 26 |
| U.S. Small Business Administration | D | $ 133,611.20 | 26 |
| Internal Revenue Service | D | $ 110,743.50 | 26 |
| Internal Revenue Service | E | $ 138,909.05 | 26 |
| 653 28th Street | F | $ 722,017.46 | 26 |
| CG Appliances | F | $ 5,745.00 | 26 |
| Christoper Hunt | F | $ 225,253.08 | 26 |
| Frontier Pacific | F | $ 2,644.10 | 26 |
| INM Drywall | F | $ 10,496.26 | 26 |
| Law Offices of George Wolff | F | $ 254,188.09 | 26 |
| Master Roofing | F | $ 36,590.00 | 26 |
| Newity LLC | F | $ 80,351.00 | 26 |
| MINFIN-SC-S1 LLC | F | $ 151,003.00 | 26 |
| Tenderloin Neighborhood | F | $ 4,556.27 | 26 |
| **TOTAL** | | **$ 2,019,170.32** | |

None of these claims were listed as contingent or unliquidated. See Dkt. No. 26.

Thereafter, on February 4, 2025, Debtor made certain amendments to its schedules, and added the following 12 previously unscheduled creditors:

| Claimant | Schedule | Amount | Docket No. |
|---|---|---|---|
| Crime Watch Security | F | $ 23,392.30 | 91 |
| Schindler Elevator | F | $ 25,529.80 | 91 |
| United Site Services | F | $ 11,160.97 | 91 |
| De Haan & Associates | F | $ 13,791.00 | 91 |
| West Coast Insulation | F | $ 11,019.70 | 91 |
| L&W Supply | F | $ 4,360.05 | 91 |
| Wells Fargo | F | $ 6,357.32 | 91 |
| JPMorgan Chase Bank | F | $ 89,093.21 | 91 |
| South City Lumber | F | $ 201,132.00 | 91 |
| A & V Drywall | F | $ 39,400.00 | 91 |
| Nick Mejia Painting | F | $ 63,700.00 | 91 |
| American Express | F | $ 68,124.69 | 91 |
| **TOTAL** | | **$ 557,061.04** | 91 |

None of these claims were listed as contingent or unliquidated. See Dkt. No. 91.
However, Debtor made one remarkable change, in which it strategically attempted to remove
the previously admitted claim of MINFIN-SC-S1 LLC in the amount of $151,003 without

BK CASE NO. 24-30679-DM
(1) OBJECTION TO DESIGNATION UNDER SUB-CHAPTER V PURSUANT TO 11 U.S.C. § 1182(1); AND (2) MOTION TO EXTEND TIME TO OBJECT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1020(B).

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

explanation, which was designated as a "Loan." Compare Dkt. No. 26 *with* Dkt. No. 91.

Based on schedules filed under penalty of perjury in the Bankruptcy Case, Debtor has admitted owing noncontingent, liquidated claims in the aggregate amount of at least $2,576,231.36 ($2,019,170.32 + $557,061.04). However, this does not tell the entire picture.

First, there are some large discrepancies between the amount of certain claims listed on the schedules compared to the amount of the filed *Proofs of Claims*, as follows:

| Claimant | Scheduled Amount | Claim Amount | Difference |
|---|---|---|---|
| Internal Revenue Service | $ 138,909.05 | $ 169,692.35 | $ 30,783.30 |
| 653 28th Street | $ 722,017.46 | $ 754,053.29[1] | $ 32,035.83 |
| Law Offices of George Wolff | $ 254,188.09 | $ 254,188.89 | $ 0.80 |
| Nick Mejia Painting | $ 63,700.00 | $ 130,610.00 | $ 66,910.00 |
| **TOTAL** | | | **$ 129,729.93** |

See Claim Nos. 2, 7, 9, 15.

Second, Debtor failed to even list the following claims in its schedules:

| Claimant | Scheduled Amount | Claim Amount | Difference |
|---|---|---|---|
| Franchise Tax Board | - | $ 926.44 | $ 926.44 |
| IRS | - | $ 39,227.32 | $ 39,227.32 |
| Banner Bank | - | $ 400,725.07 | $ 400,725.07 |
| Andy and Shirly Lee | - | $ 9,912,200.50 | -[2] |
| **TOTAL** | | | **$ 440,878.83** |

See Claim Nos. 1, 7, 14, 16.

As the Ninth Circuit has long recognized, eligibility should normally be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith." In re Scovis, 249 F.3d 975, 982 (9th Cir. 2001). Here, given that Debtor undervalued claims by $129,729.93[1] and failed to list claims of at least $440,878.83, it is axiomatic that Debtor did not file its schedules in good faith, and the Court can look beyond the filed schedules and review the filed *Proofs of Claims* to determine eligibility in this matter. Id.

As such, Debtor has previously admitted owing claims in the aggregate amount of at least $2,576,231.36 ($2,019,170.32 + $557,061.04), and in addition, Debtor has unvalued claims by at

---

[1] This amount solely refers to the amount of the judgment.

[2] For purposes of this Objection, Creditor assumes that this claim is not liquidated given that it is based on pending litigation predicated on tort claims. See Claim No. 16-1.

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

BK CASE NO. 24-30679-DM

- 5 -

(1) OBJECTION TO DESIGNATION UNDER SUB-CHAPTER V PURSUANT TO 11 U.S.C. § 1182(1); AND (2) MOTION TO EXTEND TIME TO OBJECT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1020(B)

Case: 24-30679   Doc# 127   Filed: 04/08/25   Entered: 04/08/25 14:23:11   Page 5 of 9

$129,729.93 and failed to account for claims of at least $440,878.83, which brings the aggregate amount of noncontingent, liquidated claims to $3,146,840.12.

Third, Creditor obtained a judgment against Debtor pre-petition, and in that judgment, Creditor was deemed the prevailing party and entitled to recover all of its fees and costs, including but not limited to, attorney's fees. See RJN ¶ 1(A), Exh. A. As such, Creditor is entitled to recover $773,374.08 in attorneys' fees and $92,807.16 in costs, for an aggregate total of $866,181.24. See Counsel Decl. ¶ 3, Exh. A.

It is axiomatic that these attorney's fees and costs are liquidated for purposes of eligibility because "the amount of the debt is readily ascertainable" and "is subject to ready determination and precision in computation of the amount due." See In re Slack, 187 F.3d at 1074-75. As such, for purposes of eligibility, Debtor has additional liquidated claims of at least $866,181.24, which when added to previously identified amount ($3,146,840.12), brings Debtor's aggregate noncontingent, liquidated claims to at least $4,013,021.36.

Based on the foregoing, the aggregate amount of Debtor's noncontingent, liquidated claims as of the Petition Date was at least $4,013,021.36, which is significantly more than the statutory maximum ($3,024,725) set forth in section 101(51D), and Debtor is not eligible to proceed in Sub-Chapter V in this Bankruptcy Case. See 11 U.S.C. § 101(51D).

## B. Extension of Time to Object to Sub-Chapter V Designation

Federal Rule of Bankruptcy Procedure 1020(b) provides in relevant part that "[t]he United States trustee or a party in interest may file an objection to the debtor's statement under subdivision (a) no later than 30 days after the conclusion of the meeting of creditors held under § 341(a) of the Code, or within 30 days after any amendment to the statement, whichever is later." Fed. R. Bankr. P. 1020(b).

Here, the section 341(a) First Meeting of Creditors concluded on October 21, 2024, and the original deadline to object to the Sub-Chapter V designation was November 20, 2024. See CM/ECF generally. Creditor did not timely object to Debtor's original Sub-Chapter V designation by November 20, 2024, but as set forth below, Creditor's neglect should be excused pursuant to Federal Rule of Civil Procedure 60(b) as set forth below.

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

BK CASE NO. 24-30679-DM

(1) OBJECTION TO DESIGNATION UNDER SUB-CHAPTER V PURSUANT TO 11 U.S.C. § 1182(1); AND (2) MOTION TO EXTEND TIME TO OBJECT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1020(B).

Pursuant to Federal Rule of Civil Procedure 60(b)(1), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons … mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Further, Federal Rule of Civil Procedure 60(b)(6) also provides the Court with authority to relieve a party from a final judgment, order, or proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

For purposes of Federal Rule of Civil Procedure 60(b)(1), the test for determining "excusable neglect" is well established: it is "at bottom, an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Such an analysis requires the weighing or balancing of relevant factors, including the following four: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Id. at 395; Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004).

As previously recognized by this Court, "[i]n Pincay an *en banc* panel of the Ninth Circuit rejected the concept that certain types of culpable conduct (such as an attorney relying on a paralegal to interpret and abide by a court rule instead of reading and complying with the rule himself) are 'per se' not excusable neglect. In so holding, the panel noted that the 'real question' is 'whether there [is] enough in the context of [the] case to bring a determination of excusable neglect within the [trial] court's discretion.'" In re Pac. Gas & Elec. Co., 331 B.R. 915, 918 (Bankr. N.D. Cal. 2005) *citing* (Pincay, 389 F.3d at 859)).

Here, undoubtedly Creditor's excusable neglect should be excused under the circumstances and the deadline to object to the Sub-Chapter V designation pursuant to Federal Rule of Bankruptcy Procedure 1020(b) should be extended. See Sadarangani Decl.

First, there is simply no danger of prejudice to Debtor. As set forth in Section II.A. above, Debtor: (a) has noncontingent, liquidated claims as of the Petition Date was at least $4,013,021.36, which is significantly more than the statutory maximum ($3,024,725) set forth in

(1) OBJECTION TO DESIGNATION UNDER SUB-CHAPTER V PURSUANT TO 11 U.S.C. § 1182(1); AND (2) MOTION TO EXTEND TIME TO OBJECT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1020(B)

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

section 101(51D); (b) originally failed to schedule at least 12 non-disputed creditors, and was required to file amended schedules to list these creditors nearly 5 months *after* the Petition Date (see Dkt. No. 91); (c) failed to list at least 4 creditors on its schedules with filed noncontingent, liquidated claims in the aggregate amount of $440,878.83 (see Claim Nos. 1, 7, 14, 16); and (d) undervalued 4 claims in the aggregate amount of $129,729.93 less than the actual noncontingent, liquidated amount of the claims (see Claim Nos. 2, 7, 9, 15).

Under these circumstances, the quick deadline set forth in Federal Rule of Bankruptcy Procedure 1020(b) should not act as a shield to deny this Court the ability to adjudicate the propriety of pleadings filed by Debtor *under penalty of perjury* and determine whether Debtor is eligible to proceed under Sub-Chapter V.

Second, the original deadline for Creditor to object pursuant to Federal Rule of Bankruptcy Procedure 1020(b) was November 20, 2025, and Creditor filed this Motion just over 4 months (April 7, 2025) after expiration of this deadline. As of the date of this Motion, Debtor filed an amended Chapter 11 Plan (Dated March 21, 2025) (the "Proposed Plan"), but given the significant substantive and procedural defects with the Proposed Plan, it is anticipated that the Court will simply deny confirmation and require Debtor to file an amended Chapter 11 plan consistent with the actual facts and the Bankruptcy Code. See Dkt. Nos. 115, 126.

As such, extending the deadline pursuant to Federal Rule of Bankruptcy Procedure 1020(b) will have no material impact or delay on administration of this Bankruptcy Case, as there are no material deadlines or other hearings currently scheduled before this Court.

Third, the primary reason for the delay was that Creditor concentrated its resources on diligently seeking to obtain discovery related to the veracity of pleadings filed by Debtor in the Bankruptcy Case, including attempting to uncover undisclosed estate assets and determining the nature and extent of avoidance actions against insiders, and did not adequately calendar the deadline to object pursuant to Federal Rule of Bankruptcy Procedure 1020(b).

Thereafter, Creditor obtained new counsel to represent it in this Bankruptcy Case, and promptly filed this Motion detailing the significant improprieties with Debtor's schedules and the aggregate amount of noncontingent, liquidated claims as of the Petition Date.



MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

BK CASE NO. 24-30679-DM

- 8 -

(1) OBJECTION TO DESIGNATION UNDER SUB-CHAPTER V PURSUANT TO 11 U.S.C. § 1182(1); AND (2) MOTION TO EXTEND TIME TO OBJECT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1020(B)

Case: 24-30679    Doc# 127    Filed: 04/08/25    Entered: 04/08/25 14:23:11    Page 8 of 9

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

Fourth, Creditor has acted in good faith under the circumstances and did not delay filing the Objection or the Motion for any nefarious or improper purpose. Rather, as set forth above, since the beginning of this case, Creditor has taken an active role and the laboring oar in attempting to locate non-disclosed assets of the estate, with limited assistance from other parties in interest with similar motivations, and under the circumstances, Creditor has acted in good faith in this Bankruptcy Case and in filing the Motion.

Balancing these factors, Creditor has established that its neglect is excusable under the standard set forth for Federal Rule of Civil Procedure 60(b)(1), and this Court should exercise its discretion to grant the Motion and extend the deadline to challenge eligibility for Sub-Chapter V pursuant to Federal Rule of Bankruptcy Procedure 1020(b). See In re Pac. Gas & Elec. Co., 331 B.R. at 919 ("[b]alancing these factors is not a mathematical test, and the court is not obligated to give equal weight to them. Rather, it is to balance the factors together and to determine whether the neglect should be excused").

## III.   CONCLUSION

Based on the foregoing, Creditor respectfully requests that the Court enter an order granting the Motion in its entirety, sustaining the Objection in its entirety, extending the deadline pursuant to Federal Rule of Bankruptcy Procedure 1020(b) until the date of the hearing (May 9, 2025), denying Debtor's attempt to designate the Bankruptcy Case under Sub-Chapter V pursuant to Federal Rule of Bankruptcy Procedure 1020(b), requiring that the Bankruptcy Case be designated as a regular Chapter 11 case, and granting such other and further relief that is just and appropriate under the circumstances.

Dated: April 8, 2025

**MEYER LAW GROUP, LLP**

By: /s/ BRENT D. MEYER
    Brent D. Meyer, Esq.
    Attorneys for Creditor
    653 28TH STREET, LLC

BK CASE NO. 24-30679-DM

(1) OBJECTION TO DESIGNATION UNDER SUB-CHAPTER V PURSUANT TO 11 U.S.C. § 1182(1); AND (2) MOTION TO EXTEND TIME TO OBJECT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1020(B)