**Signed and Filed: May 27, 2025**



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 24-30679 |
| ARCON CONSTRUCTION CORPORATION, | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) HEARING HELD: |
| | ) Date: May 16, 2025 |
| | ) Time: 10:00 AM |
| | ) Via Video/Teleconference |
| | ) |

### ORDER SUSTAINING OBJECTION TO DESIGNATION UNDER SUBCHAPTER V

The court held a hearing on Creditor 653 28th Street, LLC's ("Creditor") *(1) Objection to Designation Under Sub-Chapter V Pursuant to 11 U.S.C. § 1181(1); and (2) Motion to Extend Time to Object Pursuant to Federal Rule of Bankruptcy Procedure 1020(B)* ("Objection") (Dkt. 127) on the above-captioned date and time. Appearances were noted on the record. At the conclusion of the hearing, the court took the matter under submission.

Upon due consideration and for the reasons set forth below, the court HEREBY SUSTAINS the Objection.[1] Debtor is ineligible

---

[1] It also finds extension of time to object unnecessary for the reasons stated in the text.

-1-

to proceed as a debtor under Subchapter V of the Bankruptcy Code.[2]

I. **Relevant Background**

Debtor filed bankruptcy on September 13, 2024 (Dkt. 1) and elected to proceed under Subchapter V. Debtor filed its required schedules on September 27, 2024, listing noncontingent, liquidated liabilities totaling $2,151,316.73, which at the time was far below the debt threshold of noncontingent, liquidated debt in the amount of $3,024,725 for Subchapter V debtors. See §§ 1182(a), 101(51D). These scheduled liabilities included damages owed to Creditor arising out of a state court case, but did not include attorneys' fees owed to Creditor. On October 21, 2024, Creditor timely filed Proof of Claim 9-1, for damages and attorneys' fees owed to it based on a judgment in favor of Creditor in San Francisco Superior Court case CGC-19-574888. The proof of claim reflects damages and accruing interest in the amount of $736,207.60 and attorneys' fees in the amount of $825,000.[3]

---

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and all Rule references are to the Federal Rules of Bankruptcy Procedure.

[3] As reflected both on this court's docket and the state court docket, Debtor failed to inform any party involved in the state court proceeding that it had filed bankruptcy until October 2024. Consequently, a judgment on the statement of decision was entered on September 26, 2024. The court granted relief from the automatic stay on November 21, 2024 to allow parties to take any steps needed to finalize the state court judgment. An order granting relief from stay was not entered until December 9, 2024 (Dkt. 74) as counsel for Debtor refused to sign off on the form of order as originally directed by the court. The judgment,

The meeting of creditors was held and concluded on October 21, 2024. The deadline to object to Debtor's Subchapter V designation was November 20, 2024. Rule 1020(b). Over four months later, Debtor amended its schedules, adding twelve previously unscheduled creditors with noncontingent, liquidated liabilities totaling $557,061.04. These February 4, 2025 amendments also reclassified a previously allowed claim of MINFIN-SC-S1 LLC in the amount of $151,003, so that it was no longer a debt but a "loan" that Debtor alleged did not count toward the Subchapter V debt limit, and later clarified that the loan had been paid off pre-bankruptcy.

Debtor also apparently failed to schedule three other debts in either the original schedules or the later amendments. The unscheduled proofs of claims reflect noncontingent, liquidated debts totaling $440,878.83.

In all, had the September 2024 schedules included the debts later listed in the February 2025 amendments and the attorneys' fees owed to Creditor, let alone the debts reflected in the unscheduled proofs of claim, it would have been obvious to the court and any interested party that Debtor was ineligible to proceed under Subchapter V.

//

---

including the exact amount damages and a statement that Creditor is entitled to recover attorneys' fees "in an amount to be determined by post-trial motion" is final. Debtor has not disputed the finality of that order, nor does Debtor dispute that the damages owed pursuant to that judgment are a noncontingent liquidated liability. Debtor only disputes whether the attorneys' fees owed pursuant to the judgment count toward the Subchapter V debt limit.

-3-

Case: 24-30679    Doc# 170    Filed: 05/27/25    Entered: 05/27/25 16:11:23    Page 3 of 8

**II. <u>Analysis and Discussion</u>**

Generally, any objection to a debtor's designation as a small business debtor electing to file Subchapter V must be filed within 30 days of the completion of the meeting of creditors. Rule 1020(b). Failure to file an objection to the designation in this timeframe may result in a waiver of a party's ability to object. *See In re Village Oaks Senior Care, LLC*, 664 B.R. 170, 175 (Bankr. E.D. Cal 2024) (citing *Resource Funding, Inc. v. Pacific Continental Bank (In re Washington Coast I, LLC)*, 485 B.R. 393, 407 n.12 (9th Cir. BAP 2012)). Waiver is an equitable doctrine and should not be applied where an inequitable result would occur. *In re Village Oaks*, 664 B.R. at 177. Ultimately, the Debtor bears the burden of proving that it is eligible to remain in Subchapter V. *Id.* at 179 (citing *NetJets Aviation, Inc. v. RS Air, LLC (In re RS Air, LLC)*, 638 B.R. 403, 413 (9th Cir. BAP 2022)).

Debtor argues that the Objection is untimely and thus any objection to the Subchapter V designation has been waived, and that the attorneys' fees owed to Creditor do not count toward the Subchapter V debt limit because the attorneys' fees owed to Creditor represented a contingent, unliquidated, and "illusory" debt.

First, the court addresses the timeliness of the Objection. Creditors must be able to rely on the schedules presented as well as the information provided in the meeting of creditors. Otherwise, a debtor would be incentivized to file misleading schedules to manufacture Subchapter V eligibility, only to amend those schedules without challenge to that eligibility later. *In*

*re Village Oaks*, 664 B.R. at 178 ("Applying the waiver doctrine under these circumstances would encourage-if not reward-the knowing and intentional use of false schedules in which debt is manipulated to achieve Subchapter V eligibility or at least make it more likely.").

While Creditor seeks to have its Objection heard despite the passing of the deadline under 1020(b) under an excusable neglect theory pursuant to Rule 9006, application of an excusable neglect theory in this instance is not necessary. In this case, the neglect, excusable or otherwise, is on the part of the Debtor. Whether by design, inadvertence, or carelessness, Debtor's initial schedule of creditors and liabilities was incomplete to the tune of over $557,000. Debtor has belatedly explained that it initially believed that it needn't schedule debts or creditors that were not expected to pursue repayment and amended its schedules when Debtor realized that all debts must be accounted for (Dkt. 167). While this explanation is unconvincing, it is also irrelevant. The burden is not on the Debtor to explain its beliefs at the time of filing, its burden is to show that it was eligible to proceed under Subchapter V on the date of filing its bankruptcy petition.

Debtor argues that the attorneys' fees are a contingent, unliquidated, and "illusory" debt. The court notes that Debtor's contention that the attorneys' fees are unliquidated was raised for the first time in its belated post-hearing declaration but will address the argument for the purpose of a complete record.

The term "illusory" is of no legal consequence. The Code does not account for "illusory" debts anywhere, let alone in Subchapter V. "It is also settled that a debt is noncontingent if all events giving rise to liability occurred prior to the filing of the bankruptcy petition." *Nicholes v. Johnny Appleseed (In re Nicholes)*, 184 B.R. 82, 88 (9th Cir. BAP 1995) (citing *In re* Fostvedt, 823 F.2d 305, 306 (9th Cir. 1987). There is no question that the right to recover attorney's fees was awarded in the state court's now final judgment. All actions giving rise to that liability had taken place—the debt was noncontingent at the time of filing, even if the precise amount of the debt was meant to be finalized in a post-trial motion and even though the Debtor had the right to dispute them. Even the call for a post-trial motion does not mean the debt was unliquidated. A debt is liquidated if "it is subject to ready determination and precision in computation of the amount due." *In re Fostvedt*, 823 F.2d at 306. The fees were already computed and rendered down to a number in Creditor's Proof of Claim, and any court is readily able to determine with precision a request for attorneys' fees. The attorneys' fees were thus a liquidated debt at the time of the bankruptcy petition. Debtor knew of the attorney's fees claim at the time of filing, and could have scheduled the fees as disputed, which would have at least put creditors, in addition to Creditor, on notice that such a large claim existed and may affect Debtor's Subchapter V eligibility.

After the February 4, 2025 amendments, the numbers compel the conclusion that Subchapter V was not an option for the Debtor, and the Debtor knew this to be the case. Especially

Case: 24-30679    Doc# 170    Filed: 05/27/25    Entered: 05/27/25 16:11:23    Page 6 of 8

telling is Debtor's complete non-response to Creditor's assertion that its original schedules and February 4 amendments were tailored to remain under the Subchapter V threshold. Debtor's Opposition does not explain why its original schedules were accurate, or why its February 4, 2025 amendments were so substantial.

Debtor's conduct plainly waived its right to complain that Creditor's later challenge to eligibility came after the Rule 1020 deadline.

## III. Conclusion

For the reasons set forth above, Creditor's Objection is SUSTAINED. Debtor is ineligible to proceed as a debtor under Subchapter V of the Bankruptcy Code. Debtor shall, on or before **June 6, 2025,** file a Declaration stating its intent to proceed as a debtor under Chapter 11 or as a debtor under Chapter 7 and upload an order reflecting its decision. By that deadline it may also file and set for hearing under normal procedures a motion to dismiss this case.

If Debtor's declaration indicates an intent to proceed as a Debtor under Chapter 11, the court will set a status conference on June 27, 2025 at 10:00 A.M.

*** END OF ORDER ***

## COURT SERVICE LIST

George William Wolff
P.O. Box 26749
San Francisco, CA 94126-6749