**MEYER LAW GROUP LLP**
  A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone:   (415) 765-1588
Facsimile:   (415) 762-5277
Email:       brent@meyerllp.com

Attorneys for Creditor
653 28TH STREET LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | BK Case No.: 24-30679-DM |
| ARCON CONSTRUCTION CORPORATION, | Chapter 11 |
| Debtor in Possession. | **MOTION: (1) TO CONFIRM THAT THE AUTOMATIC STAY IS NOT APPLICABLE, OR ALTERNATIVELY, (2) FOR AUTHORITY TO COMMENCE, PROSECUTE, AND SETTLE CAUSES OF ACTION ON BEHALF OF DEBTOR'S BANKRUPTCY ESTATE** |

Date:      January 29, 2026
Time:      9:30 a.m.
Location:  450 Golden Gate Avenue
           Courtroom 17 (16th Floor)
           San Francisco, California 94102
Judge:     Hon. Dennis Montali

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

Creditor 653 28th Street, LLC ("Creditor") hereby moves (the "Motion") this Court to confirm that the automatic stay (11 U.S.C. § 362(a)) does not prohibit commencement of an action against Andrey Libov (Debtor's responsible individual) and Vladimir Libov (Debtor's alleged sole shareholder) pursuant to California Code of Civil Procedure section 187 to add them as additional judgment debtors to the State-Court Judgment along with Debtor.

Alternatively, to the extent that Court determines that the automatic stay (11 U.S.C. § 362(a)) in this Bankruptcy Case is applicable to Andrey Libov and Vladimir Libov or should not be lifted to authorize such litigation, then Creditor requests that the Court provide standing and authority for Creditor to commence, prosecute, and (if the Court approves) settle certain causes of action against Andrey Libov and/or Vladimir Libov on behalf of Debtor's bankruptcy estate.

## I.       BACKGROUND FACTS

Following completion of trial, the California Superior Court awarded damages to Creditor from Debtor in the total amount of $690,096, plus prejudgment interest from June 19, 2018 until entry of judgment on the sum of $99,207, with an offset to Debtor in the amount of $30,083.20 (the "State-Court Action").  Additionally, the California Superior Court found Creditor to be "the prevailing party against [Debtor]… entitled to recover its costs under [California] Code of Civil Procedure section 1032 et seq., and/or under the Contract, reasonable attorney's fees, costs, and expenses in an amount to be determined…."  (Counsel Decl. ¶ 3).

After the California Superior Court issued its *Statement of Decision*, on September 13, 2024 ("Petition Date"), debtor Arcon Construction Corporation ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 11, Sub-Chapter V, Case No. 24-30679-DM (the "Bankruptcy Case") in the United States Bankruptcy Court, Northern District of California, San Francisco Division (the "Bankruptcy Court"), in which this Court subsequently determined that Debtor was ineligible to proceed under Sub-Chapter V.  (Dkt. Nos. 1, 170).

On August 18, 2025, the California Superior Court entered an award of fees and costs to [Creditor], including an award of $780,612.76 in attorneys' fees.  As of the date of this Motion, the total amount awarded to Creditor in the State-Court Action is in excess of $1,539,832.56, which is a fully liquidated claim in the Bankruptcy Case (the "State-Court Judgment").

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

(Counsel Decl. ¶ 4).

In early November 2025, Creditor drafted a *Motion to Amend Judgment to Add Vladimir Libov and Andrey Libov as Alter Ego Judgment Debtors* (the "Motion to Amend Judgment") and supporting pleadings, which it anticipated filing in the State-Court Action to add Andrey Libov and Vladimir Libov as additional judgment debtors in the State-Court Judgment. (Counsel Decl. ¶ 5, Exh. A). Unfortunately, however, when meeting and conferring regrading a mutually agreeable date for a hearing, Debtor initially took the position that the automatic stay (11 U.S.C. § 362(a)) prohibited Creditor from filing the motion, and then subsequently, Debtor took the position that the Motion to Amend Judgment constitutes Creditor asserting claims of the estate (11 U.S.C. § 541(a)) without authority. Id.

Creditor disputes both assertions and hereby seeks authority to prosecute the Motion to Amend Judgment in the State-Court Action against Andrey Libov and Vladimir Libov.

## II. LEGAL ARGUMENT

### A. The Automatic Stay is Not Applicable to Claims Against the Libovs

Section 362(a)(4) of the Bankruptcy Code provides in relevant part that "a petition filed under section 301, 302, or 303 of this title … operates as a stay, applicable to all entities, of— (4) any act to create, perfect, or enforce any lien *against property of the estate*." 11 U.S.C. § 362(a)(4) (emphasis added).

In turn, section 541(a)(1) of the Bankruptcy Code defines property of the estate and provides that "[t]he commencement of a case under section 301, 302, or 303 of this title creates an estate … [and] [s]uch estate is comprised of all the following property, wherever located and by whomever held … all *legal or equitable interests of the debtor in property* as of the commencement of the case." 11 U.S.C. § 541(a)(1) (emphasis added).

"Although the scope of the automatic stay is broad, the clear language of section 362(a) stays actions only against a 'debtor.'" McCartney v. Integra Nat. Bank N., 106 F.3d 506, 509 (3d Cir. 1997) (*citing* Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446, 448 (3d Cir. 1982)). As a consequence, "[i]t is universally acknowledged that an automatic stay of proceedings accorded by [section] 362 may not be invoked by entities such as

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

BK CASE NO. 24-30679-DM

MOTION: (1) TO CONFIRM THAT THE AUTOMATIC STAY IS NOT APPLICABLE, OR ALTERNATIVELY, (2) FOR AUTHORITY TO COMMENCE, PROSECUTE, AND SETTLE CAUSES OF ACTION ON BEHALF OF DEBTOR'S BANKRUPTCY ESTATE

sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the ... debtor." Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1205 (3d Cir. 1991) (*quoting* Lynch v. Johns–Manville Sales Corp., 710 F.2d 1194, 1196–97 (6th Cir. 1983)); see also United States v. Dos Cabezas Corp., 995 F.2d 1486, 1491-93 (9th Cir. 1993) (holding that stay does not preclude government from pursuing deficiency judgment against nondebtor cosignors of promissory note); Croyden Associates v. Alleco, Inc., 969 F.2d 675, 677 (8th Cir. 1992) (refusing to extend stay to claims against solvent codefendants), *cert. denied sub nom*, Harry and Jeanette Weinberg Foundation, Inc. v. Croyden Associates, 507 U.S. 908 (1993); Credit Alliance Corp. v. Williams, 851 F.2d 119, 121-22 (4th Cir. 1988) (enforcing a default judgment entered against a nondebtor guarantor of a note during the pendency of the corporate obligor's bankruptcy).

Further, California Code of Civil Procedure section 187 provides that "[w]hen jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code." Cal. Code. Civ. P. § 187.

California Code of Civil Procedure section 187 provides authority for the Court to add a judgment debtor under the alter ego theory. See JPV I L.P. v. Koetting, 88 Cal.App.5th 172, 184 (2003) ("Section 187 provides for 'any suitable process' in the exercise of a the trial court's jurisdiction, 'including an amendment adding a judgment debtor on an alter ego theory'") (*quoting* Oyakawa v. Gillett, 8 Cal.App.4th 628, 631 (1992)). As the Court noted in Koetting, "'[i]t is an equitable procedure based on the theory that the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant.'" Koeeting, 88 Cal.App.5th at 172 (*quoting* Relentless Air Racing, LLC v. Airborne Turbine Ltd. Partnership, 222 Cal.App.4th 811, 815 (2013). California Code of Civil Procedure section 187 does not require the Court to hold an evidentiary hearing before making an alter ego determination, rather "[e]vidence in the form of declaration or deposition testimony is

BK CASE NO. 24-30679-DM
MOTION: (1) TO CONFIRM THAT THE AUTOMATIC STAY IS NOT APPLICABLE, OR ALTERNATIVELY, (2) FOR AUTHORITY TO COMMENCE, PROSECUTE, AND SETTLE CAUSES OF ACTION ON BEHALF OF DEBTOR'S BANKRUPTCY ESTATE

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

sufficient." <u>Wells Fargo Bank, N.A. v. Weinberg</u>, 224 Cal.App.4th 1, 9 (2014).

Here, Creditor drafted the Motion to Amend Judgment (<u>see</u> Counsel Decl. ¶ 5, Exhibit A) in early November 2025, and when conferring with Debtor on a mutually agreeable date for a hearing before the California Superior Court, Debtor originally took the remarkable position that the automatic stay prohibits Creditor from taking any action against Andrey Libov and Vladimir Libov, including filing and prosecuting the Motion to Amended Judgment, although neither of the Libovs are debtors in the Bankruptcy Case.  (Counsel Decl. ¶¶ 5-6).

Further, although under very limited and unusual circumstances the Court may extend the automatic stay to non-debtor third parties (<u>see</u> <u>McCartney</u>, 106 F.3d at 510 (listing unusual circumstances)), as of the date of this Motion, Debtor has not sought and this Court has not extended the automatic stay under section 362(a) to protect Andrey Libov or Vladimir Libov from any actions or litigation.  <u>See</u> CM/ECF *generally*.

As such, the automatic stay under section 362(a)(1) does not extend to non-debtor third parties Andrey Libov or Vladimir Libov, and pursuant to B.L.R. 4001-1(a), Creditors respectfully request that the Court enter an order determining that the automatic stay is not applicable to enforcement of all rights and remedies under applicable non-bankruptcy law.

**B.**      **Creditor Should be Granted Authority to Assert Claims Against the Libovs**

Once Debtor realized that its argument the automatic stay (11 U.S.C. § 362(a)) prohibited Creditor from filing the Motion to Amend Judgment was untenable, it quickly pivoted and then asserted that utilizing California Code of Civil Procedure section 187 to amend the State-Court Judgment to add Andrey Libov and Vladimir Libov as additional judgment debtors was akin to usurping rights of Debtor that are property of the estate.  Remarkably, however, when pressed on the issue, Debtor could not provide any legal authority to support this position.

Assuming *argumentum* that Debtor is correct, and that claims asserted against Andrey Libov and/or Vladimir Libov pursuant to California Code of Civil Procedure section 187 are property of the bankruptcy estate pursuant to section 541(a) (which Creditor disputes), then Creditor requests authority to prosecute these claims on behalf of the estate because Debtor has failed to list any such claims in its bankruptcy schedules or *5 different versions* of Chapter 11

BK CASE NO. 24-30679-DM

MOTION: (1) TO CONFIRM THAT THE AUTOMATIC STAY IS NOT APPLICABLE, OR ALTERNATIVELY, (2) FOR AUTHORITY TO COMMENCE, PROSECUTE, AND SETTLE CAUSES OF ACTION ON BEHALF OF DEBTOR'S BANKRUPTCY ESTATE

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

plans of reorganization, and because Debtor has failed to take any action against Andrey Libov or Vladimir Libov for nearly 2 years in the Bankruptcy Case to prosecute these claims. See Dkt Nos. 26, 89, 98, 115, 129, 215, 240.

The Bankruptcy Appellate Panel for the Ninth Circuit has explained that "[a] creditor dissatisfied with the lack of action on the part of the debtor-in-possession may petition the court to compel the debtor-in-possession to act or gain court permission to institute the action itself." In re Spaulding Composites Co., Inc., 207 B.R. 899, 903 (B.A.P. 9th Cir. 1997); see also In re Curry & Sorensen, Inc., 57 B.R. 824, 828 (B.A.P. 9th Cir. 1986) ("[I]f an aggrieved creditor believes that the debtor-in-possession has failed to fulfill its duty to prosecute actions, then the creditor must bring this to the attention of the court by an appropriate motion. This promotes the fair and orderly administration of the bankruptcy estate by providing judicial supervision over the litigation to be undertaken.").

More recently, the Ninth Circuit itself recognized that while "the Bankruptcy Code contains no explicit authorization for the initiation of an adversary proceeding by a creditors' committee, a qualified implied authorization exists under 11 U.S.C. § 1103(c)(5) … [s]o long as the bankruptcy court exercises its judicial oversight and verifies that the litigation is indeed necessary and beneficial, allowing a creditors' committee to represent the estate presents no undue concerns." Issa v. Royal Metal Indus. (In re X-Treme Bullets, Inc.), 2024 U.S. App. LEXIS 4641, 2-3 (9th Cir. 2024).

Courts exercising this oversight ask a simple question: whether granting a creditor's request for derivative standing "would forward the reorganization effort, or to the contrary, might be a detriment." In re Curry & Sorensen, Inc., 57 B.R. at 828.

In addition to obtaining permission from the bankruptcy court, a creditor must demonstrate two things in order to have standing to pursue a claim on behalf of the debtor's estate: first, the claim is colorable; and second, the debtor unjustifiably refused the creditor's demand that the debtor pursue the claim. See In re first Capital Holdings Corp., 146 B.R. 7, 11 (Bankr. C.D. Cal. 1992); see also In re Roman Cath. Bishop of Great Falls, Montana, 584 B.R. 335, 338-39 (Bankr. D. Mont. 2018); In re Valley Park, 217 B.R. 864, 866 (Bankr. D. Mont.

BK CASE NO. 24-30679-DM

MOTION: (1) TO CONFIRM THAT THE AUTOMATIC STAY IS NOT APPLICABLE, OR ALTERNATIVELY, (2) FOR AUTHORITY TO COMMENCE, PROSECUTE, AND SETTLE CAUSES OF ACTION ON BEHALF OF DEBTOR'S BANKRUPTCY ESTATE

MEYER LAW GROUP LLP

268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

1998); <u>Louisiana World Exposition v. Fed. Ins. Co.</u>, 858 F.2d 233, 247 (5th Cir. 1988) ("While the circumstances under which a creditors' committee may sue are not explicitly spelled out in the Code, the bankruptcy courts have generally required that the claim be colorable, that the debtor-in-possession have refused unjustifiably to pursue the claim, and that the committee first receive leave to sue from the bankruptcy court.").

As set forth in detail below, Creditor's proposed litigation against Andrey Libov and Vladimir Libov carry a minimal cost, but has the potential to recover the entire amount of the State-Court Judgment (in excess of $1,500,000) and advance efforts to reach consensual confirmation of a Chapter 11 Plan. Further, the proposed Motion to Amend Judgment states colorable causes of action that Debtor unjustifiably refuses to pursue despite a written demand from Creditor.

### 1. Motion to Amend Judgment is Necessary to Debtor's Reorganization

The Motion to Amend Judgment is the only mechanism by which to recover the hundreds of thousands of dollars that Debtor placed beyond the reach of its creditors in the four years preceding the Petition Date. The Motion to Amend Judgment is necessary to maximize the value of Debtor's bankruptcy estate. Further, pursuing the Motion to Amend Judgment would help progress Debtor's reorganization proceedings in other ways as well.

While Creditor is fully committed to prosecuting these Motion to Amend Judgment, it would also propose to stay the litigation once the motion is filed and served, to allow for mediation with Debtor, in hopes of reaching a consensual resolution to this chapter 11 case. If mediation breaks down, then Creditor would be fully prepared to see the Motion to Amend Judgment through to its conclusion and enforcement of all lawful remedies against Andrey Libov and Vladimir Libov for the benefit of the estate and its creditors.

While litigation of the Motion to Amend Judgment does not come without typical litigation expense, the amount at issue, in excess of $1,500,000, will fully justify litigation through finality of the motion practice. Ultimately, the cost to litigate the Motion to Amend Judgment is no more than that of any other claims brought under chapter 5 of the Bankruptcy Code—proceedings that this Court routinely oversees and awards reasonable attorneys' fees to

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

trustees and debtors who choose to pursue such claims. More importantly, the development of facts and law during litigation might also illuminate other disputed issues in the case.

Because the Motion to Amend Judgment seeks to recover a substantial amount for the benefit of creditors, as well as develop important factual and legal issues integral to this Bankruptcy Case, the Court should permit Creditor to pursue these actions.

### 2. The Motion to Amend Judgment States Colorable Claims

In the context of a creditor's request for derivative standing, the creditor's proposed action is "colorable" if it would survive a motion to dismiss. See In re Roman Cath. Bishop of Great Falls, Montana, 584 B.R. at 339 ("[T]he Diocese does not dispute that the Committee's claims challenging the affiliates' interests are indeed colorable, *i.e.*, that they could surely survive a motion to dismiss."). Establishing a colorable claim is a low standard that is easily met. See Adelphia Comm'ncs Corp. v. Bank of America NA (In re Adelphia Commc'ns Corp.), 330 B.R. 364, 376 (Bankr. S.D.N.Y. 2005) (holding that the requisite standard for presenting a "colorable" claim is not a difficult one to meet); Official Comm. of Unsecured Creditors v. Hudson United Bank (In re America's Hobby Ctr.), 223 B.R. 275, 288 (Bankr. S.D.N.Y. 1998) (observing that only if the claim is "facially defective" should standing be denied). To meet this standard, the Creditor need only show that, if the alleged facts were taken as true, it would have a plausible claim or cause of action." *E.g.*, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (citations omitted).

Here, as set forth in great detail in the Motion to Amend Judgment and all supporting pleadings, Creditor has alleged colorful (and extremely meritorious) claims against Andrey Libov and Vladimir Libov, that undoubtedly satisfy the standard set forth in Iqbal for asserting a plausible claim or cause of action. (Counsel Decl. ¶ 5, Exh. A). As such, Creditor can (and has) stated colorable claims against both Andrey Libov and Vladimir Libov.

### 3. Debtor Has Refused to Prosecute Claims Against the Libovs

On multiple occasions, and most recently on November 11, 2025, Creditor requested that Debtor prosecute actions against Andrey Libov and Vladimir Libov on behalf of claims held by

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

BK CASE NO. 24-30679-DM

MOTION: (1) TO CONFIRM THAT THE AUTOMATIC STAY IS NOT APPLICABLE, OR ALTERNATIVELY, (2) FOR AUTHORITY TO COMMENCE, PROSECUTE, AND SETTLE CAUSES OF ACTION ON BEHALF OF DEBTOR'S BANKRUPTCY ESTATE

Case: 24-30679   Doc# 254   Filed: 12/30/25   Entered: 12/30/25 20:47:05   Page 8 of 10

the estate, and Debtor has refused to list these claims in _any version of its 5 proposed Chapter 11 Plans_ and Debtor has refused to bring any action against the Libovs. As this Court is well aware, Debtor's refusal to pursue these claims is not only unjustified, it is also a violation of Debtor's fiduciary duty—as debtor-in-possession—to creditors of the estate.

A debtor-in-possession owes fiduciary duties to its creditors and must act with diligence to preserve the assets of the bankruptcy estate. See In re Curry & Sorensen, Inc., 57 B.R. at 828 ("the debtor's directors bear essentially the same fiduciary obligation to creditors and shareholders as would a trustee for a debtor out of possession …"); see also Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 355 (1985) ("[t]he fiduciary duty of the trustee runs to shareholders as well as to creditors."). In light of those duties, analyzing a debtor's refusal to take action with respect to estate assets "focuses on whether a clear benefit to the estate can be identified or whether only insignificant benefits would be realized." In re Foster, 516 B.R. 537, 542-43 (B.A.P. 8th Cir. 2014), _aff'd_, 602 Fed. Appx. 356 (8th Cir. 2015). Rather than conduct a mini-trial to evaluate a request for derivative standing, a court must weigh the potential costs against the plausible benefits of the action. See, _e.g._, In re Adelphia Comm'ns. Corp., 330 B.R. 364, 386 (Bankr. S.D.N.Y. 2005); In re Roman Cath. Bishop of Great Falls, Montana, 584 B.R. 335, 338-39 (Bankr. D. Mont. 2018) (_citing_ In re Yellowstone Mountain Club, LLC, 2009 WL 982207 *6 (Bankr. D. Mont. 2009).

Here, Debtor obviously feels uncomfortable admitting that transfers to its principals imprudently were made at a time when Debtor was acutely aware that its mounting debt structure would lead to this chapter 11 case. Likewise, Debtor is of course concerned about litigating against Andrey Libov, whom is Debtor's responsible individual, and Vladimir Libov, whom is Debtor's alleged sole shareholder. But, Debtor elected to put aside that discomfort and concern when it invoked the protections offer by the Bankruptcy Code.

Creditor has worked in good faith with Debtor to illustrate the colorable claims that it has against Andrey Libov and Vladimir Libov with the potential to return significant funds to the estate. Further, Debtor has no valid justification for refusing to take-up these claims against Andrey Libov and Vladimir Libov, and as such, the Court should permit Creditor to step in and

BK CASE NO. 24-30679-DM

MOTION: (1) TO CONFIRM THAT THE AUTOMATIC STAY IS NOT APPLICABLE, OR ALTERNATIVELY, (2) FOR AUTHORITY TO COMMENCE, PROSECUTE, AND SETTLE CAUSES OF ACTION ON BEHALF OF DEBTOR'S BANKRUPTCY ESTATE

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

recover assets when Debtor will not, especially when a creditor's committee has not been formed in this Bankruptcy Case.

## III.    CONCLUSION

Based on the foregoing, Creditor respectfully requests that the Court enter an order granting the Motion in its entirety, determining that the automatic stay pursuant to 11 U.S.C. § 362(a) does enjoin Creditor from seeking to amend the State-Court judgment to add Andrey Libov and Vladimir Libov as additional judgment debtors pursuant to California Civil Code § 187, and granting such other and further relief that appropriate under the circumstances.

Alternatively, to the extent that Court determines that the automatic stay (11 U.S.C. § 362(a)) in this Bankruptcy Case is applicable to Andrey Libov and Vladimir Libov or should not be lifted to authorize such litigation, then Creditor respectfully requests that the Court enter an order granting Creditor derivative standing to commence, prosecute, and (if this Court approves any eventual settlement) settle claims against Andrey Libov and Vladimir Libov on behalf of Debtor's bankruptcy estate.

Dated: December 30, 2025

**MEYER LAW GROUP, LLP**

By: /s/ BRENT D. MEYER
   Brent D. Meyer, Esq.
   Attorneys for Creditor
   653 28TH STREET, LLC

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

BK CASE NO. 24-30679-DM

MOTION: (1) TO CONFIRM THAT THE AUTOMATIC STAY IS NOT APPLICABLE, OR ALTERNATIVELY, (2) FOR AUTHORITY TO COMMENCE, PROSECUTE, AND SETTLE CAUSES OF ACTION ON BEHALF OF DEBTOR'S BANKRUPTCY ESTATE