Sheila Gropper Nelson, SBN 85031
Resolution Law Firm P. C.
50 Osgood Place, 5th Fl.
San Francisco CA 94133
Email: Shedoesbklaw@aol.com
415-362-2221
Attorneys for Arcon Construction Corporation
Debtor-in-possession

| | |
|---|---|
| In re | Case No. 24-30679 |
| | Response & Objection to 653's |
| | Motion to Confirm That the |
| Arcon Construction Corporation, | Automatic Stay is Not Applicable |
| | or Alternatively, For Authority |
| Debtor & Debtor-in-possession | to Commence Prosecute, & |
| | Settle Causes of Action on Behalf |
| | Of Debtor's Bankruptcy Estate |
| | Date:   Jan. 29, 2026 |
| | Time:   9:30 a.m. |
| | Location:  450 Golden Gate Ave. |
| | San Francisco CA 94102 |
| | Courtroom 17 (16th Fl) Via zoom |
| | Hon. Dennis Montali |

Summary:

1.     Automatic Stay:

On December 9, 2024 this Court issued its order lifting the automatic stay for a limited purpose, (Dkt. No. 74), in favor of 653 28th Street LLC, ("653") to pursue a fee motion in state court in Case No.. CGC 19-574888 against debtor and debtor-in-possession, Arcon Construction Corporation ("Arcon"). The Court's Order reserved the stay as to all actions against Arcon, but established that it did not apply to any other named defendant in the state court case. (RJN)

The judgment in that matter was entered following extensive discovery and amendment of pleadings.  653's Third Amended Cross-complaint, (TACC), and its fee entries all identify its intent and effort to establish alter ego liability throughout the pendency of that case. It failed to

Response & Opposition to 653's Motion To Confirm That Automatic Stay Is Not
Applicable, Or Alternatively, & For Authority To Commence Prosecute,
& Settle Causes Of Action On Behalf Of Debtor's Bankruptcy Estate/24-30679  - 1

obtain such a finding and nothing in the state court judgment supports its current efforts. That it continues to do so in this motion does not, by itself, provide a basis for such a determination. Its continued efforts undermines the purpose of bankruptcy and is a continuing burden to the detriment of the estate.

2. Ex Parte Communication with State Court:

On or about November 10, 2025 Suzanne Alves 653's state court counsel communicated to Arcon that she had communicated ex parte with the State Court to calendar a motion to seek alter ego determination. Response was provided on behalf of Arcon only and it was pointed out that the automatic stay remained in effect. Copy of the Court's order was provided. Ms. Alves responded that the stay did not apply to "other defendants". Arcon never asserted that it did. No defense, on behalf of either Vladimir Libov or Andrey Libov, as individuals, was ever identified or asserted. (SGN dcl ISO) However because they were not named as "other defendants" the reasonable deduction was that that portion of this Court's order did not apply. Rather than waste state court effort to determine what was correct it was proposed that this Court was the proper arbiter of whether the stay was in effect. Arcon filed a notice of stay with the state court, (RJN), and only after more assertions by 653 did it file a withdrawal with the state court. (RJN & SGN dcl ISO) Arcon did not act inappropriately or in an obstructionist manner. 653 never sought a stipulation to proceed as to the individuals. (SGN Dcl ISO of opposition)

Arcon had produced both Vladimir and Andrey in response to 2004 exams directed to them in their respective capacities as representatives of Arcon, together with document production, in that same capacity. 653's mischaracterizes that testimony and those documents. There has been no bad conduct and no commingling of assets or control. None of it supports the imposition of alter ego as to the identified assets of the corporation or the alleged individuals as identified. (RJN & Declarations ISO opposition) This argument is made on behalf of Arcon alone.

3. Treatment of 653's claim in the proposed plan is equitable:

653's has an amended claim, (Claim No.9), for 1,561,207.60. Arcon's prior plans and what it will be filing all treat 653's claim to the same rate of recovery as every other large claim over $10,000.00 that is not an administrative convenience claim. 653 is treated in the same

Response & Opposition to 653's Motion To Confirm That Automatic Stay Is Not
Applicable, Or Alternatively, & For Authority To Commence Prosecute,
& Settle Causes Of Action On Behalf Of Debtor's Bankruptcy Estate/24-30679 - 2

Case: 24-30679    Doc# 256    Filed: 01/15/26    Entered: 01/15/26 23:28:30    Page 2 of 9

manner as other large allowed claims and is therefore treated equitably.  Nothing in the plan is inequitable.

653 is correct that there have been multiple efforts to craft a plan for circulation and vote, including a plan when Arcon held a Sub Chapter V designation which 653 successfully challenged. That challenge contributed to the passage of time and plans proposed.  653's hyperbole, in its motion including the claim that it is 2 years since the petition date, is as inaccurate as its claims regarding the alleged basis to disregard Arcon's corporate entity.

4.	History Between These Parties:

The foundation for the debt owed to 653 by Arcon was an arm's length construction contract that both parties claimed the other had breached.  Complaints and cross-complaints were filed and amended by both sides.  The state court entered judgment and issued its statement of decision during the summer and early fall of 2024. It found in favor of 653 as against Arcon and other professionals, and determined 653 to be the prevailing party as to Arcon. Though 653 pled alter ego in its Third Amended Cross-complaint, (TACC), it did not name Vladimir Libov or Andrey Libov as named cross-defendants. Neither of them were guarantors or sureties to 653.

653 pled fraud, fraudulent conduct, bad faith and alter ego in its TACC and it did not obtain a judgment in its favor on any of those allegations. It was a single assignment case and the state court judge was deeply aware of the claims and counter-claims in the case.  653's effort to re-litigate issues in this case may reasonably be subject to issue and claim preclusion.  The state court's "statement of decision" did identify the issue of fraud as to a different cross-defendant and did not find in favor of 653 demonstrating that it was not overlooked. (RJN) The underlying judgment was entered as against Arcon, the corporation, alone. There are no grounds to expand that liability. Arcon has been faithful to its corporate structure.  It has not breached its fiduciary duties to the bankruptcy estate and 653 cannot prove a colorable claim to support a derivative claim against Arcon or its principal.  Arcon has not violated its fiduciary obligations in this case and has not violated any duty under the laws of the state of California. Regardless of the vigor of 653' advocacy, or even the sympathies of the court, the relief sought is not supported by the facts or law in this case.  Arcon had not mishandled its assets with an intent to hinder, delay or defraud creditors. (Declarations ISO opposition)

Response & Opposition to 653's Motion To Confirm That Automatic Stay Is Not
Applicable, Or Alternatively, & For Authority To Commence Prosecute,
& Settle Causes Of Action On Behalf Of Debtor's Bankruptcy Estate/24-30679  - 3

Case: 24-30679    Doc# 256    Filed: 01/15/26    Entered: 01/15/26 23:28:30    Page 3 of 9

LEGAL ARGUMENT:

THE AUTOMATIC STAY HAS NOT BEEN LIFTED AS TO ARCON:

This Court's order was clear that the automatic stay was to remain in effect as to debtor, Arcon. Since by its own state court pleadings, neither Vladimir Libov nor Andrey Libov, were named as "other" defendants the court's identification that there was no stay in that regard could not apply. (RJN)

The communication from Suzanne Alves, 653's state court attorney on November 6, 2025 was address to Arcon. Counsel responded on behalf of Arcon. (SGN Dcl ISO) Nothing in any of the communications was intended to or was directed to the individuals except to identify that they were not "other defendants". Statements intending to imply otherwise by 653 are inaccurate. Indeed as identified by 653's citation to JPV I L.P. v. Koetting. 88 Cal.App.5th 172, 184 (2003) finding of "alter ego" "' [i]t is an equitable procedure based on the theory that the court is not amending the judgment to add a *new defendant* but is merely inserting the correct name of the real defendant.'". The stay was still in effect when Ms. Alves communicated with the state court and Arcon's counsel. Asserting that it was for this Court to make that determination was not obstructionist and was not a refusal to pursue a recovery action. (SGN Dcl ISO)

EQUITABLE RELIEF REQUIRES MORE THAN MERE INABILITY TO COLLECT:

Alter ego is "a limited doctrine," and "[t]he injustice that allows a corporate veil to be pierced is not a general notion of injustice; rather, it is the injustice that results only when corporate separateness is illusory." *Katzir's Floor & Home Design, Inc.*, (9th 2004) 394 F.3d 1143, 1149. Merely facing difficulty in collecting has been "…[r]ejected the view that the potential difficulty a plaintiff faces collecting a judgment is an inequitable result that warrants application of the alter ego doctrine." *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1117 (C.D. Cal. 2003). That a defendant cannot pay in full does not satisfy the second element to find alter ego liability. ( *Sonora Diamond Corp. v. Superior Ct.*, 83 Cal. App. 4th 523, 539, (2000) ("Difficulty in enforcing a judgment or collecting a debt does not satisfy this standard."); *Mid–Century Ins. Co. v. Gardner*, 9 Cal. App. 4th 1205, 1213 (1992) (" 'Certainly, it is not sufficient to merely show that a creditor will remain unsatisfied if the corporate veil is not pierced,' and thus set up such an unhappy circumstance as proof of an 'inequitable result.' "

Response & Opposition to 653's Motion To Confirm That Automatic Stay Is Not
Applicable, Or Alternatively, & For Authority To Commence Prosecute,
& Settle Causes Of Action On Behalf Of Debtor's Bankruptcy Estate/24-30679  - 4

(quoting *Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825, 842 (1962))). To find otherwise would eliminate the protections afforded by bankruptcy laws and undermine this Court's jurisdiction. 653 has not demonstrated that such injustice exists.

FRAUD & BAD FAITH REMAIN ELEMENTS FOR A FINDING ALTER EGO LIABILITY

The underlying principal for imposition of alter ego liability in California, in both state and federal courts, though broad does not eliminate findings relating to "fraud" and bad faith. There must be a showing that there was a commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other. Nothing identified by 653 establishes the existence of any of those elements. These were identified in Wechsler v. Macke Intern. Trade Inc. (CA CD 2004) 327 F.Supp.2d 1139, where personal liability for patent infringement was not imposed and they remain controlling principles in both state and federal court. Nothing in the state court judgment supports findings of fraud as required by bankruptcy code to deny dischargeability and there were no findings of bad faith or misrepresentations to support either alter ego or the bringing of a derivative action in this bankruptcy.

653 efforts to impose personal liability based on illusory claims does not support a finding of injustice in its favor. Maintaining Arcon's right to proceed as a corporate debtor and adherence to that status of a separate existence of the corporation is not a sanction of a "fraud" despite 653's efforts to claim otherwise and which an element identified in multiple cases remains. Rather it will allow the reorganization process to proceed with 653 being treated in the same manner as other general unsecured creditors and retaining the rights afforded to it in that capacity. The cases cited by 653 are each distinguishable, (*Firstmark Captl.l Corp. v. Hempel Fin. Corp.,* 859 F.2d 92, 94 (9 th 1988), Wood v. Elling Corp. (1977) 20 Cal 3d 353 n.9) and do not support its conclusions.

653 cannot demonstrate that, "The fraud or inequity sought to be eliminated must be that of the party against whom the alter ego doctrine is invoked, and 'such party must have been an actor in the course of conduct constituting the "abuse of the corporate privilege"....' " (See In re Castiglione unreported ED BR 2010 WL 9474767; *American Home Insurance Co. v. Travelers Indemnity Co.,* 122 Cal.App.3d 951 (1981). There must be actual showings of commingling,

Response & Opposition to 653's Motion To Confirm That Automatic Stay Is Not
Applicable, Or Alternatively, & For Authority To Commence Prosecute,
& Settle Causes Of Action On Behalf Of Debtor's Bankruptcy Estate/24-30679 - 5

Case: 24-30679   Doc# 256   Filed: 01/15/26   Entered: 01/15/26 23:28:30   Page 5 of 9

dissipation, overreach and bad faith. As demonstrate in the supporting declarations the conclusions alleged by 653 are not supported by the facts in any degree. Those facts distinguish Arcon from each of the cases cited to by 653, including but not limited to Wells Fargo Bank, N.A. v. Weinberg. 224 Cal.App.4th 1, 9 (2014) where alter ego was allowed because there was material evidence that the attorney had siphoned off corporate assets. That is not present in this case. Nothing in 653's moving papers support imposition alter ego or a derivative action against Arcon.[1]

653 ALLEGATIONS ARE NOT FACTS:

The avoidance of injustice intended by the imposition of alter ego liability, (CCP §187), rests on findings sounding in fraud, whether personal or corporate. No such conduct exists in this matter. Nothing identified by 653, including the 4 specific projects it identified in its supporting declaration, amount to a dissipation or hiding of assets as in Weinberg. (Meyer's Dcl pg. 18 & 19, 19 & 20, 21, & 22; Dcl ISO Opposition)

As testified by Arcon's responsible party Arcon maintained its corporate structure in each of those projects. There is nothing to support a contrary determination. Arcon has adhered to reasonable business practices. In each instance all of the participants were fully informed of the relationships involved including that Arcon was owned by Andrey's father. (Andrey Libov Dcl ISO Opposition) All of the transactions identified by 653 were arms-length, had full documentations, including but not limited to adequate insurance funding, initial capitalization and record keeping for the distinct entities including the 3rd party contract entities. There was no inappropriate under funding or use of Arcon's corporate assets or skills; branding was not commingled or intertwined, record keeping was separate, the corporate existence of each entity was maintained with different officers and directors where appropriate books insurance and taxes paid and maintained. Full disclosure and consent was provided and received. Each corporation or

---

[1] Arcon is aware that it does not represent the individuals. 653 is correct that Arcon has not sought to impose the automatic stay as to either but the authority for the court to do so is broad. Fantastia v. Diodato (9th 2025) 153 Fed 4th 1123; Arcon here moves for such imposition to avoid the continued harassment by 653. (See *Riddle* )

Response & Opposition to 653's Motion To Confirm That Automatic Stay Is Not
Applicable, Or Alternatively, & For Authority To Commence Prosecute,
& Settle Causes Of Action On Behalf Of Debtor's Bankruptcy Estate/24-30679  - 6

LLC was adequately capitalized and Arcon received fair market compensation. (Andrey Libov Dcl ISO Opposition)

653 CANNOT SUPPORT IMPOSING PERSONAL LIABILITY

More than 75 years ago in Carlesimo v. Schwebel 87 Cal App 2d 482 (1948) California found that imposition of personal liability was not appropriate absent showing of intentional conduct to hinder, delay, and defraud the judgment creditor. In 2007 that principal was again confirmed in Wechsler v. Macke Intern. Trade, Inc. (2007) 486 F.3d 1286, 1292 where the judgment creditor sought to impose personal liability for patent infringement. The Court in Wechsler stated that the district court's determination would result in imposing personal liability on any person who "incorporated" him or herself. The Court clarified that was not consistent with case law unless there was an affirmative showing that the corporate structure was a sham to impose personal liability. Though in a very specific context that need to demonstrate personal "culpability" is still an element for alter ego. Here though 653 pled misrepresentation, both intentional and negligent, none was found by the state court. There was no finding of personal culpability. There was no finding that Vladimir as president or Andrey as COO possessed a specific intent to harm 653, similar to the need to find that an officer intended to aid or abet a patent infringement. Absent such a showing 653 has not demonstrated a colorable claim in its favor as to Vladimir or Andrey. (Andrey Libov Dcl ISO Opposition)

ARCON HAS FULFILLED ALL OF ITS RESPONSIBILITIES:

Contrary to every effort by 653 to mischaracterize Arcon's actions it has acted to fulfill all of its responsibilities imposed by law to the fullest extent possible. That fulfillment was known to Arcon in its determination that recovery as preference actions were not justified. That business judgment, based on actual knowledge, is entitled to be weighed under the business judgment rule and as such demonstrates that there is no colorable claim regardless of 653's heated fictions. The allegations and the effort to pursue wasteful litigation does not serve the best interests of the estate. Arcon did not refuse anything, it did not act arbitrarily, capriciously, or "in bad faith" and there can be no showing of futility. (In re Curry v. Sorensen Id.)

653 effort to mischaracterize Arcon's business judgment decision to not pursue baseless claims against its principal or an employee do not support a finding for a derivative claim. There are no grounds to support its effort to commence, prosecute, or "settle" claims as no such claims

Response & Opposition to 653's Motion To Confirm That Automatic Stay Is Not
Applicable, Or Alternatively, & For Authority To Commence Prosecute,
& Settle Causes Of Action On Behalf Of Debtor's Bankruptcy Estate/24-30679  - 7

Case: 24-30679    Doc# 256    Filed: 01/15/26    Entered: 01/15/26 23:28:30    Page 7 of 9

exist in favor of Debtor's bankruptcy estate. Its allegations rest on false conclusions and does not present a colorable claim required to pursue a claim on behalf of the estate. 653's conclusions are demonstrably inaccurate. (Andrey Libov Dcl ISO Opposition) Nothing in Arcon's records support the imposition of a derivative claim or recovery of preference. The facts identified in the supporting declaration demonstrates that there is no support for those allegations. All of the transactions were at arm's length, provided for full disclosure and did not result in any diminution of assets for the corporation. 653's motion is not supported by 11 U.S.C. §541(a) (l) or any other ground.

There were no imprudent transfers by Arcon and there was nothing for Arcon to "admit" to, and all of 653's allegations are refuted by actual facts. Arcon fulfilled its fiduciary obligations in each of the undertakings identified by 653 and has reasonably exercised its business judgment in its capacity as debtor-in-possession.

No action by Arcon in the years preceding its bankruptcy support a derivative action for recoupment of corporate assets. As in In re Foster, 516 B.R. 537, 542-43 (B.A.P. 8th Cir. 2014), *aff'd*, 602 Fed. Appx. 356 (8th Cir. 2015), a chapter 7 case, 653 is not entitled to pursue a derivative action. 653's other case citations are not dispositive. (See In re Curry & Sorensen, Inc., 57 B.R. at 828 Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 355 (1985))

653 HAS NOT IDENTIFIED ANY COLORABLE CLAIM:

653's Motion to seek alter ego determination or to allow for a derivative claim does not state a colorable claim. In the context of a creditor's request for derivative standing, the creditor's proposed action must be "colorable". Here the facts demonstrate that there is no basis for 653's claims unlike the cases where derivative matters are permitted. (In re Roman Cath. Bishop of Great Falls. Montana, 584 B.R. at 339) Unlike the committees in those matters 653 "claims" would not be able to survive a motion to dismiss. Actual admissible facts are presented to demonstrate the fallacy of 653's claims. (Declarations ISO opposition) That the defense of claim and issue preclusion may exist also undermines the allegation of a colorable claim... That 653 calls its allegations facts does not withstand scrutiny, regardless of how low the pleading standard maybe. The fair and orderly administration of this bankruptcy case is to move forward to proceed to confirmation without further litigation by 653. Arcon is endeavoring to do just that

Response & Opposition to 653's Motion To Confirm That Automatic Stay Is Not
Applicable, Or Alternatively, & For Authority To Commence Prosecute,
& Settle Causes Of Action On Behalf Of Debtor's Bankruptcy Estate/24-30679  - 8

Case: 24-30679    Doc# 256    Filed: 01/15/26    Entered: 01/15/26 23:28:30    Page 8 of 9

and further litigation, and even mediation, will unduly burden that effort. Nothing in In re Spaulding Composites Co... Inc., 207 B.R. 899, 903 (B.A.P. 9th Cir. 1997) supports the relief sought by 653; and Issa v. Royal Metal Indus. (In re X-Treme Bullets. Inc.). 2024 U.S. App. LEXIS 4641, 2-3 (9th Cir. 2024) is distinguishable as the Debtor stipulated to the derivative claim. That stipulation, in Issa, like Arcon's evaluation that there is no claim are both grounded in reasonable business judgment that is subject to an abuse of discretion determination. No abuse can be demonstrated in this case and nothing supports a claim of futility either. (Declarations ISO opposition) Arcon has demonstrated that there was no diminution of corporate assets and no conduct intended to hinder delay or defraud. Granting this creditor's request for derivative standing will not "forward the re-organization effort, or to the contrary, might be a detriment." In re Curry & Sorensen. Inc., 57 B.R. at 828

By its own citation 653 cannot meet the requirements it identified to pursue alter ego or a derivative claim; [a] there are no colorable claims; [b] it did not make an unqualified demand for Arcon to pursue such claims & there was no evidence of futility; and [c] pursuit of illusory claims will not forward the reorganization efforts by Arcon. (See In re first Capital Holdings Corp  ... 146 B.R. 7, 11 (Bankr. C.D. Cal. 1992))

CONCLUSION:

For all of the foregoing reasons, and such other and further argument and evidence, as the Court allows Arcon Construction Corporation respectfully moves for the Court to deny the entirety of 653 28th Street LLC's motion, with prejudice, and to enter a finding that the automatic stay remains in place, and to extend such stay to the principal of Arcon, to wit, Vladimir Libov, and to Arcon's responsible party, to wit, Andrey Libov through to confirmation of a plan of reorganization.

Dated: Jan. 15, 2026          Respectfully submitted
By: __/s/Sheila Gropper Nelson__
Sheila Gropper Nelson
Attorney for Arcon Construction Corporation

Response & Opposition to 653's Motion To Confirm That Automatic Stay Is Not Applicable, Or Alternatively, & For Authority To Commence Prosecute, & Settle Causes Of Action On Behalf Of Debtor's Bankruptcy Estate/24-30679  - 9

Case: 24-30679   Doc# 256   Filed: 01/15/26   Entered: 01/15/26 23:28:30   Page 9 of 9