**MEYER LAW GROUP LLP**
A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone: (415) 765-1588
Facsimile: (415) 762-5277
Email: brent@meyerllp.com

Attorneys for Creditor
653 28TH STREET LLC

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

In re

ARCON CONSTRUCTION CORPORATION,

Debtor in Possession.

BK Case No.: 24-30679-DM

Chapter 11

**REPLY IN SUPPORT OF MOTION: (1) TO CONFIRM THAT THE AUTOMATIC STAY IS NOT APPLICABLE, OR ALTERNATIVELY, (2) FOR AUTHORITY TO COMMENCE, PROSECUTE, AND SETTLE CAUSES OF ACTION ON BEHALF OF DEBTOR'S BANKRUPTCY ESTATE**

Date: January 29, 2026
Time: 9:30 a.m.
Location: 450 Golden Gate Avenue
Courtroom 17 (16th Floor)
San Francisco, California 94102
Judge: Hon. Dennis Montali

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

- 1 -

BK CASE NO. 24-30679-DM

REPLY IN SUPPORT OF MOTION: (1) TO CONFIRM THAT THE AUTOMATIC STAY IS NOT APPLICABLE, OR ALTERNATIVELY, (2) FOR AUTHORITY TO COMMENCE, PROSECUTE, AND SETTLE CAUSES OF ACTION ON BEHALF OF DEBTOR'S BANKRUPTCY ESTATE

Case: 24-30679 Doc# 262 Filed: 01/22/26 Entered: 01/22/26 22:20:18 Page 1 of 5

Creditor 653 28th Street, LLC ("Creditor") hereby submits this reply (the "Reply") in support of *the Motion: (1) to Confirm that the Automatic Stay Is Not Applicable, or Alternatively, (2) For Authority to Commence, Prosecute, and Settle Causes of Action on Behalf of Debtor's Bankruptcy Estate* (the "Motion") [Dkt. No. 254] filed in the above-captioned matter.

## I. LEGAL ARGUMENT

### A. The Automatic Stay is Not Applicable to Claims Against the Libovs

As set forth in detail in the Motion, the automatic stay pursuant to section 362(a) of the Bankruptcy Code does not operate to stay actions against non-debtor parties. McCartney v. Integra Nat. Bank N., 106 F.3d 506, 509 (3d Cir. 1997) (*citing* Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446, 448 (3d Cir. 1982)) ("[a]lthough the scope of the automatic stay is broad, the clear language of section 362(a) stays actions only against a 'debtor'"). Further, California Code of Civil Procedure section 187 "is an equitable procedure based on the theory that the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant.'" JPV I L.P. v. Koetting, 88 Cal.App.5th 172, 184 (2003) (citations omitted).

Remarkably, however, in the Opposition, Debtor completely avoids addressing these issues, and as such, admits that the automatic stay pursuant to section 362(a) does not extend to non-debtor third parties Andrey Libov or Vladimir Libov. See Powers v. McDonough, 732 F. Supp. 3d 1184, 1197 (C.D. Cal. 2024), *aff'd*, 2025 WL 3718737 (9th Cir. 2025) ("failure to address an argument in opposition briefing constitutes a concession of that argument").

Further, although under very limited and unusual circumstances the Court may extend the automatic stay to non-debtor third parties (see McCartney, 106 F.3d at 510 (listing unusual circumstances)), as of the date of this Reply, Debtor *has not* sought and this Court has not extended the automatic stay under section 362(a) to protect Andrey Libov or Vladimir Libov from any actions or litigation. See CM/ECF *generally*. Moreover, this Court should summarily reject Debtor's request in the Opposition "to extend such stay to the principal of Arcon, to wit, Vladimir Libov, and to Arcon's responsible party, to wit, Andrey Libov through to confirmation of a plan of reorganization" (9:19-21) because Debtor has failed to demonstrate that it can even

- 2 -

BK CASE NO. 24-30679-DM

REPLY IN SUPPORT OF MOTION: (1) TO CONFIRM THAT THE AUTOMATIC STAY IS NOT APPLICABLE, OR ALTERNATIVELY, (2) FOR AUTHORITY TO COMMENCE, PROSECUTE, AND SETTLE CAUSES OF ACTION ON BEHALF OF DEBTOR'S BANKRUPTCY ESTATE

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

obtain approval of a disclosure statement (let alone confirm a plan of reorganization), because Debtor is nowhere close to confirmation of a plan of reorganization, because such a broad injunction and release for third-party non-debtor parties is wholly inconsistent with applicable and binding Ninth Circuit law, see Resorts Int'l, Inc. v. Lowenschuss, 67 F.3d 1394, 1401-02 (9th Cir. 1995), and because it is improper for Debtor to "move" for such affirmative relief in an opposition brief that does not comply with B.L.R. 9013-1 and 9014-1 and without any analysis demonstrating the "unusual circumstances" to justify such extraordinary relief.

As such, the automatic stay under section 362(a)(1) does not extend to non-debtor third parties Andrey Libov or Vladimir Libov, and pursuant to B.L.R. 4001-1(a), Creditors respectfully request that the Court enter an order determining that the automatic stay is not applicable to enforcement of all rights and remedies under applicable non-bankruptcy law against Andrey Libov or Vladimir Libov.

**B. Creditor Should be Granted Authority to Assert Claims Against the Libovs**

As set forth in detail in the Motion (filed in the Bankruptcy Case) and the proposed Motion to Amend Judgment (to be filed in California Superior Court), Creditor unequivocally demonstrated that this Court should provide Creditor derivative standing to pursue claims against Andrey Libov and Vladimir Libov, as there are significant meritorious claims against these insiders that Debtor has repeatedly failed to acknowledge (let alone prosecute) in the Bankruptcy Case for the last 2 years. See Dkt Nos. 26, 89, 98, 115, 129, 215, 240.

In addition to obtaining permission from this Court, Creditor must demonstrate only two things in order to have standing to pursue a claim on behalf of the debtor's estate: first, the claim is colorable; and second, the debtor unjustifiably refused the creditor's demand that the debtor pursue the claim. See In re first Capital Holdings Corp., 146 B.R. 7, 11 (Bankr. C.D. Cal. 1992); see also In re Roman Cath. Bishop of Great Falls, Montana, 584 B.R. 335, 338-39 (Bankr. D. Mont. 2018); In re Valley Park, 217 B.R. 864, 866 (Bankr. D. Mont. 1998); Louisiana World Exposition v. Fed. Ins. Co., 858 F.2d 233, 247 (5th Cir. 1988) ("While the circumstances under which a creditors' committee may sue are not explicitly spelled out in the Code, the bankruptcy courts have generally required that the claim be colorable, that the debtor-in-possession have

- 3 -

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

BK CASE NO. 24-30679-DM
REPLY IN SUPPORT OF MOTION: (1) TO CONFIRM THAT THE AUTOMATIC STAY IS NOT APPLICABLE, OR ALTERNATIVELY, (2) FOR AUTHORITY TO COMMENCE, PROSECUTE, AND SETTLE CAUSES OF ACTION ON BEHALF OF DEBTOR'S BANKRUPTCY ESTATE

Case: 24-30679 Doc# 262 Filed: 01/22/26 Entered: 01/22/26 22:20:18 Page 3 of 5

refused unjustifiably to pursue the claim, and that the committee first receive leave to sue from the bankruptcy court.").

In the Opposition, which is largely incomprehensible and non-responsive to the specific and discrete requests set forth in the Motion, Debtor fails to address any of the elements of derivate standing. Rather, Debtor side-steps and strategically ignores addressing the requirements for derivate standing by attempting to disprove the merits of the potential claims against Andrey Libov and Vladimir Libov. Although Creditor strongly opposes Debtor's inaccurate "recitation" of the facts, such conjecture is irrelevant because Creditor's proposed Motion to Amend Judgment presents a "colorable" if it would survive a motion to dismiss. See In re Roman Cath. Bishop of Great Falls, Montana, 584 B.R. 335, 339 (Bankr. D. Mont. 2018). Establishing a colorable claim is a low standard that is easily met. See Adelphia Comm'ncs Corp. v. Bank of America NA (In re Adelphia Commc'ns Corp.), 330 B.R. 364, 376 (Bankr. S.D.N.Y. 2005). To meet this standard, the Creditor need only show that, if the alleged facts were taken as true, it would have a plausible claim or cause of action." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (citations omitted).

Under this low standard that is easily met, it is difficult to comprehend how Debtor could argue in good faith that the extraordinarily detailed Motion to Amend Judgment (and supporting pleadings) does not present a "colorable" claim under the standard set forth in Iqbal. Further, and more troubling, when faced with allegations of serious misconduct by its insiders, Debtor summarily dismissed these allegations and steadfastly refuses to take any action to investigate (or prosecute) these claims in clear violation of its duties as a fiduciary to the Bankruptcy Estate. Andrey Libov, as responsible individual for Debtor, and Vladimir Libov, as ostensibly the sole shareholder of Debtor, cannot hide behind Debtor's corporate shell to avoid personal liability, and it is axiomatic that these two individuals will *never* truthfully and impartially "invest" claims against themselves that could benefit the estate no matter how many times Creditor requests Debtor to take action. The Bankruptcy Code does not sanction such abhorrent misconduct.

Creditor has worked in good faith with Debtor to illustrate colorable claims that it has

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com
Case: 24-30679 Doc# 262 Filed: 01/22/26 Entered: 01/22/26 22:20:18 Page 4 of 5

against Andrey Libov and Vladimir Libov with the potential to return significant funds to the estate, and Debtor has no valid justification for refusing to take-up these claims against Andrey Libov and Vladimir Libov. As such, the Court should permit Creditor to step in and recover assets for the benefit of the estate when Debtor refuses to act, especially when a creditor's committee has not been formed in this Bankruptcy Case.

## II. CONCLUSION

Based on the foregoing, Creditor respectfully requests that the Court enter an order granting the Motion in its entirety, determining that the automatic stay pursuant to 11 U.S.C. § 362(a) does enjoin Creditor from seeking to amend the State-Court judgment to add Andrey Libov and Vladimir Libov as additional judgment debtors pursuant to California Civil Code § 187, and granting such other and further relief that appropriate under the circumstances.

Alternatively, to the extent that Court determines that the automatic stay (11 U.S.C. § 362(a)) in this Bankruptcy Case is applicable to Andrey Libov and Vladimir Libov or should not be lifted to authorize such litigation, then Creditor respectfully requests that the Court enter an order granting Creditor derivative standing to commence, prosecute, and (if this Court approves any eventual settlement) settle claims against Andrey Libov and Vladimir Libov on behalf of Debtor's bankruptcy estate.

Dated: January 22, 2026

**MEYER LAW GROUP, LLP**

By: /s/ BRENT D. MEYER
Brent D. Meyer, Esq.
Attorneys for Creditor
653 28TH STREET, LLC

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

- 5 -

BK CASE NO. 24-30679-DM

REPLY IN SUPPORT OF MOTION: (1) TO CONFIRM THAT THE AUTOMATIC STAY IS NOT APPLICABLE, OR ALTERNATIVELY, (2) FOR AUTHORITY TO COMMENCE, PROSECUTE, AND SETTLE CAUSES OF ACTION ON BEHALF OF DEBTOR'S BANKRUPTCY ESTATE

Case: 24-30679 Doc# 262 Filed: 01/22/26 Entered: 01/22/26 22:20:18 Page 5 of 5