PETER C. ANDERSON
UNITED STATES TRUSTEE
CAMERON M. GULDEN (MN SBN 310931)
ASSISTANT UNITED STATES TRUSTEE
PAUL G. LEAHY (CA SBN 320775)
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
450 Golden Gate Avenue, Fifth Floor
San Francisco, California 94102
Telephone: (415) 705-3333
Email: paul.leahy@usdoj.gov

Attorneys for Peter C. Anderson,
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>ARCON CONSTRUCTION CORP,<br><br><br><br><br><br>Debtor. | Case No: 24-30679-DM<br><br>Chapter 11<br><br>Date: March 20, 2026<br>Time: 10:00 a.m. Pacific Standard Time<br>Place: In Person/Zoom Videoconference<br>450 Golden Gate Avenue, 16th Floor<br>Courtroom 17<br>San Francisco, California 94102<br>Judge: Hon. Dennis Montali |

**MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO DISMISS, CONVERT, OR APPOINT CHAPTER 11 TRUSTEE OR EXAMINER**

Peter C. Anderson, United States Trustee for Region 17 ("U.S. Trustee"), by and through the undersigned counsel, hereby files this *Motion of the United States Trustee, Pursuant to 11 U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Dismiss, Convert, or Appoint Chapter 11 Trustee or Examiner* ("Motion").[1]

---

[1] Hereafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.*, unless otherwise indicated. All references to "Fed. R. Bankr. P." are to the Federal Rules of Bankruptcy Procedure.

*Arcon Construction Corp*, Case No. 24-30679-DM: Motion to Dismiss/Convert/Appoint Trustee

# INTRODUCTION

"Cause" exists to dismiss this chapter 11 case or convert it to chapter 7 because Arcon Construction Corp (the "Debtor") has failed to pay U.S. Trustee Quarterly Fees or confirm a chapter 11 plan in the 15 months this case has been pending. However, appointment of a chapter 11 trustee or examiner, not dismissal or conversion, is in the best interests of creditors and the estate because the Debtor and creditor 653 28th Street, LLC have reached an impasse on plan confirmation over whether the Debtor has claims against insiders Andre Libov and Vladimir Libov warranting prosecution. Appointment of a chapter 11 trustee or examiner may resolve this impasse by appointing an impartial and independent fiduciary to investigate and evaluate claims against the Debtor's insiders. Because the Debtor has failed to confirm a chapter 11 plan, faces allegations that it has breached its fiduciary duties in failing to investigate and litigate claims against insiders, and has failed to pay U.S. Trustee quarterly fees, the U.S. Trustee has established cause to dismiss, convert, or appoint a chapter 11 trustee or examiner in this case under Sections 1112(b)(4)(J) & (K) and 1104(a)(2) & (c)(1). The U.S. Trustee requests appointment of a chapter 11 trustee or examiner or conversion to chapter 7.

The Motion is supported by the following Memorandum of Points and Authorities, the Declaration of U.S. Trustee Bankruptcy Analyst Nychelle Rivera (the "Rivera Decl."), and the record of this case.[2]

///

///

---

[2] The United States Trustee respectfully requests that the Court take judicial notice of the Debtor's Petition, Schedules, SOFA, and other documents filed therewith, and any amendments thereto which are in the Court's file in this case pursuant to Fed. R. Evid. 201, as made applicable by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by Reorganized Debtor, are admissions of Reorganized Debtor pursuant to Fed. R. Evid. 801(d).

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND FACTS AND PROCEDURAL POSTURE

1. On September 13, 2024 (the "Petition Date"), the Debtor filed a voluntary chapter 11 bankruptcy petition ("Petition"), designating itself a subchapter V small business debtor. ECF No. 1.[3]

2. Attorney Eric Gravel originally represented the Debtor, though Sheila Gropper Nelson thereafter substituted into the case as the Debtor's counsel. *See* ECF Nos. 1 at 5, 10, 34, 38, 69, 81, 82, 106 & 111.

3. The Debtor filed the required financial statements and tax returns 10 days after the Petition Date. *See* ECF No. 18. The Debtor filed the Summary of Assets and Liabilities for Non-Individuals (the "Summary"), Schedules A through H (the "Schedules"), and the Statement of Financial Affairs ("SOFA") within 14 days of the Petition. *See* ECF No. 26 & 28.

4. A few days before the meeting of creditors was scheduled to be held, the Debtor filed an amended SOFA reporting for the first time certain payments or transfers, predominantly to vendors, within 90 days before the Petition Date. *See* ECF No. 36 at 1-2.

5. The Debtor also for the first time reported payments or other transfers to insiders Vladimir Libov in the total amount of $172,689, Andrey Libov in the total amount of $196,154, and Nadrey Libov in the total amount of $45,839 for salary and expense reimbursements in the year before filing. *See* ECF No. 36 at 7.

---

[3] Unless otherwise noted, "ECF No." refers to the main bankruptcy docket for the above-captioned chapter 11 case.

6. A meeting of creditors was held and concluded on October 21, 2024. *See* Docket *generally*.

7. Only after the meeting of creditors did the Debtor file further amended Schedules, SOFA, and other required documents. *See* ECF Nos. 57, 89, 90, 91, 92, 93, 94, 95, 96 & 97. The amended SOFA reported the payments and transfers to Vladimir Libov as $140,381, to Andrey Libov as $155,769, and to Nadrey Libov as $36,219. *See* ECF No. 94 at 2-7.

8. Although the Debtor filed a Subchapter V plan of reorganization on February 7, 2025, and an order thereafter was entered scheduling a confirmation hearing for March 28, 2025, creditor 653 28th Street, LLC filed an objection to plan confirmation on March 17, 2025, which Debtor responded to by thereafter filing an amended Subchapter V plan. *See* ECF Nos. 98, 99, 112 & 115.

9. Although the Court thereafter continued the confirmation hearing on the amended Subchapter V plan to April 11, 2025, creditor 653 28th Street, LLC once again objected to plan confirmation and filed an objection to the Debtor's Subchapter V designation. *See* ECF Nos. 116, 126 & 127.

10. The Debtor then filed a third amended Subchapter V plan immediately before the April 11, 2025 hearing on plan confirmation. *See* ECF No. 129.

11. On May 27, 2025, the Court entered an order sustaining creditor 653 28th Street, LLC's objection to the Debtor's Subchapter V designation and found the Debtor ineligible to be a debtor under Subchapter V. *See* ECF No. 170. The Court's order required the Debtor to file a statement of its intention on or before June 6, 2025 as to whether it would proceed as a debtor in chapter 11 or as a debtor under chapter 7. *See id.*

12. Instead of filing the required statement of intention, the Debtor filed a "Motion to Reconsider," seeking relief from the judgment or order pursuant to Rule 9024 on June 5, 2025. *See* ECF No. 172.

13. On June 10, 2025, an Order Regarding Motion for Reconsideration entered, which clarified that "no stay of the court's prior Order is in place during the pendency of Debtor's Motion," and that "[t]his case is currently proceeding under Chapter 11 and not under Subchapter V." *See* ECF No. 177 at 1-2. An Order and Notice of Chapter 11 Status Conference entered the same day. *See* ECF No. 178.

14. The next day, the Debtor filed what it styled as an ex parte application to shorten time and to stay the Court's orders of May 27, 2025 and June 10, 2025, which the Court thereafter denied. *See* ECF Nos. 179, 180, 181 & 184. The Court denied the Motion to Reconsider on June 27, 2025. *See* ECF No. 188.

15. The Court thereafter entered an Order Establishing Procedures for Disclosure Statement Hearing and Confirmation Hearing. *See* ECF No. 192.

16. On September 3, 2025, the U.S. Trustee contacted Debtor's counsel to request that the Debtor pay the then delinquent U.S. Trustee quarterly fees for the second quarter of 2025. *See* Rivera Decl. at ¶10. Although the Debtor thereafter paid a portion of the then delinquent U.S. Trustee quarterly fees, it remained delinquent on a portion of its U.S. Trustee fees. *See id.*

17. The Debtor then filed a combined chapter 11 plan and disclosure statement dated September 19, 2025. *See* ECF No. 207.

18. The Debtor next filed another combined chapter 11 plan and disclosure statement dated October 30, 2025 to which creditors Andy and Shirley Lee objected. *See* ECF Nos. 215 & 219.

19. The Debtor thereafter filed an amended combined chapter 11 plan and disclosure statement dated December 1, 2025. *See* ECF No. 240.

20. On December 30, 2025, creditor 653 28th Street, LLC filed a motion to confirm that the automatic stay is not applicable or, alternatively, for authority to commence, prosecute, and settle causes of action on behalf of Debtor's bankruptcy estate (the "Motion to Bring Derivative Suit"). *See* ECF No. 254.

21. The Motion to Bring Derivative Suit alleges in relevant part that "Creditor requested that Debtor prosecute actions against Andrey Libov and Vladimir Libov on behalf of claims held by the estate, and Debor has refused to list these claims in any version of its 5 proposed Chapter 11 Plans and Debtor has refused to bring any action against the Libovs." *Id.* at 9. The Motion to Bring Derivative Suit then further alleges that this "is also a violation of Debtor's fiduciary duty—as debtor-in-possession—to creditors of the estate." *Id.*

22. According to the Motion to Bring Derivative Suit, "Debtor obviously feels uncomfortable admitting that transfers to its principals imprudently were made at a time when Debtor was acutely aware of its mounting debt structure would lead to this chapter 11 case." *Id.*

23. The Debtor filed an opposition to the Motion to Bring Derivative Suit. *See* ECF Nos. 256, 257, & 258. 653 28th Street, LLC responded to that opposition. *See* ECF No. 262.

24. On January 15, 2026, the U.S. Trustee again requested the Debtor pay outstanding U.S. Trustee quarterly fees in the amount of $5,177.95. *See* Rivera Decl. at ¶11.

25. During a hearing held on January 29, 2026, the Court heard extensive argument on creditor 653 28th Street, LLC's motion and the Debtor's opposition, before continuing the hearing to February 13, 2026. *See* ECF No. 269.

Case: 24-30679    Doc# 275    Filed: 02/12/26    Entered: 02/12/26 15:37:31    Page 6 of 15

26. As of the filing of this Motion, the Debtor owes estimated U.S. Trustee quarterly fees in the amount of $7,958.77. *See* Rivera Decl. at ¶8 & 12.

**II. JURISDICTION AND VENUE**

27. The Bankruptcy Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 1334(a), 1334(b), and 157(b).

28. The United States Trustee brings this Motion pursuant to his statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

29. The United States Trustee has standing to prosecute the Motion pursuant to Sections 307 and 1112 and Fed. R. Bankr. P. 1017 and 9014.

30. Venue of this case and the contested matter presented by the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**III. ARGUMENT & DISCUSSION**

**A. Cause Exists Under 11 U.S.C. § 1112(b)(1), and the Court Must Determine If Conversion, Dismissal, or Appointment of a Chapter 11 Trustee or Examiner Is in the Best Interests of Creditors and the Estate.**

31. 11 U.S.C. § 1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

32. Section 1112(b) includes a non-exclusive list of what constitutes "cause;" however, the court should "consider other factors as they arise, and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities),* 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) *aff'd,* 264

Page -7-

Case: 24-30679    Doc# 275    Filed: 02/12/26    Entered: 02/12/26 15:37:31    Page 7 of 15

F.3d 803 (9th Cir. 2001). The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for dismissal or conversion under Section 1112(b). *Id.*

33. As movant, the United States Trustee bears the burden of establishing by a preponderance of the evidence that cause exists. *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted). And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether conversion or dismissal is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate. *In re Sullivan*, 522 B.R. at 612.

**B. Cause Exists Under 11 U.S.C. §§ 1112(b)(1) and (b)(4)(H) & (K) Because the Debtor Has Failed to Pay U.S. Trustee Quarterly Fees.**

34. Under Section 1112(b)(4)(K), "cause" includes the "failure to pay any fees or charges required under chapter 123 of title 28." Section 1112(b)(4)(H) further provides that a case may be dismissed or converted based on the "failure timely to provide information … reasonably requested by the United States trustee[.]" Section 1930(a)(6) of title 28 requires in relevant part that "a quarterly fee shall be paid to the United States trustee, . . ., in each case under chapter 11 of title 11 other than subchapter V for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first." Those fees are based on disbursements reported in monthly operating reports ("MORs"). *See Sanders v. United States Trustee (In re Sanders),* 2013 Bankr. LEXIS 4681, at *27 (B.A.P. 9th Cir. April 11, 2013) *citing Tighe v. Celebrity Home Entm't, Inc. (In re Celebrity Home Entm't, Inc.)*, 210 F.3d 995, 998 (9th Cir. 2000).

35. The Debtor currently owes estimated U.S. Trustee fees of $7,958.77. *See* Rivera Decl. at ¶8 & 12. Those fees have been calculated based on all disbursements reported after the

Court entered its order sustaining 653 28th Street, LLC's objection to the Subchapter V designation, which had the practical effect of converting the Debtor's Subchapter V case to a regular chapter 11 case, absent a statement of intention converting the case to chapter 7. *See* ECF Nos. 170 & 177 at 1-2. Although the U.S. Trustee has repeatedly requested the Debtor pay the delinquent U.S. Trustee fees, the Debtor has declined to do so. *See* Rivera Decl. at ¶10-12.

36. Accordingly, the Debtor's failure to pay U.S. Trustee fees is cause pursuant to 11 U.S.C. §§ 1112(b)(4)(K) and (H).

### C. Cause Also Exists Under 11 U.S.C. §§ 1112(b)(1) and (b)(4) Because There Has Been Unreasonable and Undue Delay Prejudicial to Creditors.

37. A debtor cannot wallow in chapter 11. *In re Babayoff*, 445 B.R. 64, 79 (Bankr. E.D.N.Y. 2011) (citing *In re Tornheim*, 181 B.R. 161, 165 (Bankr. S.D.N.Y. 1995)). Unreasonable and undue delay is nearly always prejudicial toward creditors and is itself adequate justification for dismissal of a Chapter 11 case. *In re Brooks*, 488 B.R. 483, 490 (Bankr. N.D. Ga. 2013) (citing *Babayoff*, 445 B.R. at 79); *In re Van Eck*, 425 B.R. 54, 65 (Bankr. D. Conn. 2010) (dismissing with prejudice and a two-year bar a case in which 18 months had elapsed "without much action"); *In re Tornheim*, 181 B.R. at 165 (dismissing a "not complex" individual debtor's case where the Debtor failed to timely file monthly operating reports and citing caselaw supporting the proposition that the failure to file a plan after sixteen months constituted cause for dismissal).

38. This case has now been pending for 15 months without a confirmed plan of reorganization. *See* Docket *generally*. The Debtor initially improperly designated this case a subchapter V case and has not confirmed a plan in the 180-day exclusivity period following conversion. *See* ECF No. 170; Docket *generally*. Section 1112(b)(4)(J) provides that the failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by Title 11 or by order of the court is "cause" that may warrant conversion, dismissal, or the appointment of a

chapter 11 trustee. As the Debtor has still not confirmed a chapter 11 plan 15 months into this case, cause exists.

### D. Once Cause is Established, the Debtor has the Burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C. § 1112(b)(2).

39. Once "cause" is established, the burden then shifts to the debtor to demonstrate that § 1112(b)(2) precludes relief under Section 1112(b)(1). *In re Sanders,* 2013 Bankr. LEXIS 4681 at *18-19. As noted, the debtor bears the burden of proving unusual circumstances. *Id.*

40. The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C. § 1112(b)(1). For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time. *See Warren v. Young (In re Warren),* 2015 Bankr. LEXIS 1775 at *11-12 (B.A.P. 9th Cir. May 28, 2015). Under section 1112(b)(2), unusual circumstances exist where the debtor or any other party in interest establishes that—

> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) of this title, or if such sections do not apply, within a reasonable period of time; and
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
> > (i) for which there exists a reasonable justification for the act or omission; and
> > (ii) that will be cured within a reasonable period of time fixed by the court.

41. Unusual circumstances "contemplates conditions that are not common in chapter 11 cases." *In re Baroni*, 36 F.4th 958, 968 (9th Cir. 2022). Difficulty making plan payments, the

Page -10-

Case: 24-30679    Doc# 275    Filed: 02/12/26    Entered: 02/12/26 15:37:31    Page 10 of 15

validity and amount of claims, extant default judgments, and pending dischargeability actions or claim objections are not unusual circumstances. *See id.* Unusual circumstances may exist where a plan provides for a significant capital infusion that would pay all creditors in full as of the plan effective date, where plan provides unsecured creditors with more protection than other options, or where a debtor's assets are three times more valuable than its secured debts and prevailing economic conditions establish creditors are more likely to recover more through a reorganization than a liquidation. *See id.* at 969.

42. The record does not disclose any unusual circumstances that would establish justification against granting the relief requested in the Motion. *See* ECF Docket *generally*. The Debtor has not proposed a chapter 11 plan that provides that the Debtor's insiders or some other entity will make a significant capital infusion, has not demonstrated that a chapter 11 plan would provide creditors with more protection than other options, and its assets are wholly encumbered. *See* ECF Nos. 89, 90, 92, 98, 115, 129, 207, 215 & 240. Instead, non-payment of U.S. Trustee quarterly fees and unreasonable and undue delay confirming a chapter 11 plan are common conditions in chapter 11 cases and warrant dismissal, conversion, or the appointment of a chapter 11 trustee or examiner.

43. Based on the foregoing, the U.S. Trustee has established cause under Section 1112(b)(4). As such, Debtor or a party in interest must now demonstrate that conversion or dismissal is not warranted. *In re Hassen Imports P'ship,* 2013 Bankr. LEXIS 3870, *45 (B.A.P. 9th Cir. Aug. 19, 2013).

E. **The Appointment of a Chapter 11 Trustee or Examiner—in The Interests of Creditors, Equity Security Holders, and Other Interests of the Estate—is in the Best Interests of Creditors and the Estate.**

44. Section 1104(a)(1) provides that the court shall order the appointment of a trustee—for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the

affairs of the debtor by current management, either before or after the commencement of the case. The U.S. Trustee is not presently requesting a trustee be appointed "for cause."

45. Section 1104(a)(2) provides an alternative to "cause" as grounds for the Court to order the appointment of a trustee: "(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate." 11 U.S.C. § 1104(a)(2). If the Court "does not order the appointment of a trustee under this section, then at any time before the confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate, … if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate." 11 U.S.C. § 1104(c)(1).

46. Under Section 1104(a)(2), courts "'eschew rigid absolutes and look to the practical realities and necessities.'" *See In re Taub*, 427 B.R. 208, 227 (Bankr. E.D.N.Y. 2010) (quoting *In re Adelphia Communication Corp.*, 336 B.R. 610, 658 (Bankr. S.D.N.Y. 2006)). In determining whether the appointment of a trustee is in the best interests of creditors, a bankruptcy court must necessarily resort to its broad equity powers. Moreover, equitable remedies are a special blend of what is necessary, what is fair and what is workable. *Schuster v. Dragone*, 266 B.R. 268, 272–73 (D. Conn. 2001) (quotations omitted).

47. The factors considered by the courts in assessing motions brought under this section include: (1) the trustworthiness of the debtor; (2) the debtor's past and present performance and prospects for rehabilitation; (3) the confidence - or lack thereof - of the business community and of creditors in present management; and (4) the benefits derived from the appointment of a trustee, balanced against the cost of the appointment. *See In re Euro-American Lodging Corp.*, 365 B.R. 421, 427 (Bankr. S.D.N.Y. 2007).

48. The appointment of a trustee or examiner is in the best interest of creditors and the estate under Section 1104(a)(2). Creditor 653 28th Street, LLC's Motion to Bring Derivative Suit alleges the Debtor "has refused to bring any actions against the Libovs," and that the Debtor has breached its fiduciary duties to creditors. *See* ECF No. 254 at 8-9. Along with the repeated objections to plan confirmation by 653 28th St LLC and Andy and Shirley Lee, these allegations show creditors lack confidence in present management and cast doubt on the Debtor's prospects for reorganization. *See* ECF Nos. 112, 126, 141, 219 & 254.

49. Here, the appointment of an independent third party like a chapter 11 trustee or examiner to investigate claims against the Debtor's insiders may hasten the resolution of this case one way or the other. The appointment of an examiner, in particular, is the form of relief that has traditionally been used to investigate legal claims against insiders where conflicts of interest are alleged. *See* Barry L. Zaretsky, *Trustees and Examiners in Chapter 11*, 44 S. C. L. REV. 907, 950 (Summer 1993).

50. Because the appointment of an independent fiduciary allows the Court to resolve the concerns raised by a creditor like 653 28th Street, LLC while hewing closer to the well-trod path contemplated by the Code, the U.S. Trustee requests the Court appoint a chapter 11 trustee, since such relief is more efficient and neither the Debtor nor creditors are precluded from filing a plan. In the alternative, the U.S. Trustee requests the Court appoint an examiner.

F. **Alternatively, Conversion, Rather Than Dismissal, Is in the Best Interests of Creditors.**

51. In determining whether to convert a case from chapter 11 to chapter 7 or dismiss it, the bankruptcy court must consider the interests of all creditors. *In re Owens*, 552 F.3d 958, 961 (9th Cir. 2009). Courts generally look to and apply a series of factors in determining which form of relief under section 1112(b)(1) is appropriate once cause for relief has been established:

(1) Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal.

(2) Whether there would be a loss of rights granted in the case if it were dismissed rather than converted.

(3) Whether the debtor would simply file a further case upon dismissal.

(4) The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.

(5) In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise.

(6) Whether any remaining issues would be better resolved outside the bankruptcy forum.

(7) Whether the estate consists of a "single asset."

(8) Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests.

(9) Whether a plan has been confirmed and whether any property remains in the estate to be administered.

(10) Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*See In re Rand*, 2010 WL 6259960, at *10 n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (citing 7 Collier on Bankruptcy ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010)).

52. Here, the U.S. Trustee has requested the appointment of a chapter 11 trustee or examiner in the first instance, since the confirmation of a plan of reorganization that would repay creditors from future earnings would generate the maximum recovery for creditors. However, if neither a chapter 11 trustee or examiner is appointed, such that confirmation of a plan is unlikely, *Rand* factors one, two, four through six, and eight through ten weigh in favor of conversion. The Debtor reported making payments to insiders and certain vendors within one year of filing. *See* ECF No. 94 at 2-7. The appointment of a chapter 7 trustee with the ability to more readily reach assets for the benefit of creditors through turnover, avoidance, and fraudulent transfer actions may maximize the recovery from litigation claims available to creditors while minimizing collection costs and ensuring equality of distribution.

53. In the alternative, the U.S. Trustee does not object to the Court dismissing the case, if the Court ultimately determines that such relief is in the best interests of the Debtor's creditors.

### F. CONCLUSION

WHEREFORE, the United States Trustee requests that the Court enter an order (a) granting the Motion; (b) authorizing the appointment of a chapter 11 trustee, or in the alternative, an examiner, if the Court ultimately determines that such relief is in the interests of the Debtor's creditors; and (c) granting such other relief as is just under the circumstances.

Date: February 12, 2026

Respectfully Submitted,

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: /s/ Paul G. Leahy
Paul G. Leahy
Trial Attorney for the
United States Trustee