**MEYER LAW GROUP LLP**
  A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone:  (415) 765-1588
Facsimile:  (415) 762-5277
Email:      brent@meyerllp.com

Attorneys for Creditor
653 28TH STREET LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | BK Case No.: 24-30679-DM |
| ARCON CONSTRUCTION CORPORATION, | Chapter 11 |
| Debtor in Possession. | **OBJECTION TO TENTATIVE APPROVAL OF DISCLOSURE STATEMENT IN ARCON CONSTRUCTION CORPORATION'S PLAN OF REORGANIZATION, DATED JUNE 12, 2026** |
| | Date:        July 10, 2026<br>Time:        10:00 a.m.<br>Location:   450 Golden Gate Avenue<br>            Courtroom 17 (Floor 16)<br>            San Francisco, California 94101<br>Judge:       Hon. Dennis Montali |

BK CASE NO. 24-30679-DM

OBJECTION TO TENTATIVE APPROVAL OF DISCLOSURE STATEMENT IN ARCON CONSTRUCTION CORPORATION'S PLAN OF REORGANIZATION, DATED JUNE 12, 2026

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

Case: 24-30679   Doc# 308   Filed: 07/06/26   Entered: 07/06/26 22:56:57   Page 1 of 9

Creditor 653 28th Street, LLC ("Creditor") hereby objects (the "Objection") to tentative approval of the Disclosure Statement set forth in *Arcon Construction Corporation's Plan of Reorganization, Dated June 12, 2026* (the "Proposed Plan") [Dkt. No. 302] filed by Debtor Arcon Construction Corporation ("Debtor") in the above-captioned matter.

## II.     LEGAL ARGUMENT

### A.     The Notice of Hearing is Patently Defective

The *Notice of Hearing on [Proposed] Combined Plan of Reorganization and [Approved] [Tentatively Approved] Disclosure Statement (June 12 2026)* (the "Notice") provides as follows:

> Copies of Document No. 302 can be obtained from the undersigned attorney for Debtor or viewed on the Court's PACER website and is attached hereto and incorporated herein by this reference. Written objections to the Joint Disclosure Statement & Plan of Reorganization dated and filed on June 12, 2026 should be filed with the Clerk of the Court and served upon the undersigned counsel for the Debtor no later than July 6, 2026 and should be accompanied by memoranda of law and supporting declarations.
>
> Dated: June 22, 2026
>
> Respectfully submitted
> By: /s/ Sheila Gropper Nelson
> Resolution Law Firm P. C.
> Attorney for Debtor

(Dkt. No. 303) (emphasis added).

Unfortunately, the Notice is patently inconsistent with this Court's *Order Establishing Procedures for Disclosure Statement Hearing and Confirmation Hearing* (the "Procedure Order"), which does not set a deadline for Trustee or any other party in interest (including Creditor) to file opposition to approval of a disclosure statement on a tentative basis.

As such, given that Debtor failed to comply with the Procedure Order and impermissibly seeks to limit the time for all parties in interest to object, the Court should summarily decline to approve the disclosure statement set forth in the Proposed Plan and take the matter off calendar.

### B.     The Disclosure Statement Does Not Contain Adequate Information

The disclosure statement set forth in the Proposed Plan cannot be approved because it does not contain adequate information. Specifically, section 1125 of the Bankruptcy Code requires a disclosure statement to provide "adequate information" to the creditors in order for

MEYER LAW GROUP LLP

268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

BK CASE NO. 24-30679-DM

Case: 24-30679   Doc# 308   Filed: 07/06/26   Entered: 07/06/26 22:56:57   Page 2 of 9

them to make an "informed judgment about the plan." 11 U.S.C. § 1125(a)(1). Disclosure is the means that Congress has chosen to ensure that confirmation is achieved fairly in a manner that protects the parties in interest. The disclosure statement hearing is intended to be "one of, if not the major procedural hearing in a reorganization case" because "[i]f adequate disclosure is provided to all creditors and stockholders whose rights are to be affected, then they should be able to make an informed judgment of their own, rather than having the court … inform them in advance of whether the proposed plan is a good plan." H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 226-227 (1977). Therefore, the disclosure statement must set forth "all those factors presently known to the plan proponent that bear upon the success or failure of the proposals contained in the plan." In re Jeppson, 66 B.R. 269, 292 (Bankr. D. Utah 1986).

The adequacy of disclosure statement information is subjective and made on a case-by-case basis. In re Brotby, 303 B.R. 177, 193 (B.A.P. 9th Cir. 2003). In making such a determination, courts have considered relevant factors such as: (1) a description of the available assets and their value; (2) the scheduled claims; (3) the estimated return to creditors under a Chapter 7 liquidation; (4) the collectability of accounts receivable; (5) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (6) litigation likely to arise in a nonbankruptcy context; (7) tax attributes of the debtor; and (8) the relationship of the debtor with affiliates. In re Reilly, 71 B.R. 132, 134-35 (Bankr. D. Mont. 1987) (*citing* In re Metrocraft Publishing Svcs. Inc., 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984)); In re Neutgens, 87 B.R. 128, 129 (Bankr. D. Mont. 1987) (*also citing* Metrocraft); see also In re Diversified Investors Fund XVII, 91 B.R. 559, 561 (Bankr. C.D. Cal. 1988). The plan proponent has the burden to show that its proposed disclosure statement provides "full disclosure" of adequate information. Off. Comm. of Unsecured Creditors v. Michelson (In re Michelson), 141 B.R. 715, 719 (Bankr. E.D. Cal. 1992); In re McGee, 2010 WL 9463258, at *1 (Bankr. N.D. Ind. 2010).

First, as set forth in the *Objection to Confirmation* [Dkt. No. 306], remarkably, Debtor failed and refused to cooperate with Nathan F. Smith, Chapter 11 Trustee (the "Trustee") or coordinate the filing of a joint Chapter 11 Plan, and without prior notice, Debtor unilaterally filed the patently unconfirmable Proposed Plan. Under the circumstances, there is no legitimate

MEYER LAW GROUP LLP

268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

BK CASE NO. 24-30679-DM

Case: 24-30679   Doc# 308   Filed: 07/06/26   Entered: 07/06/26 22:56:57   Page 3 of 9

reason for Debtor, unilaterally, to seek approval of the disclosure statement set forth in the Proposed Plan when: (a) Trustee objects to approval of such disclosures; (b) Trustee is attempting to coordinate with all major stakeholders on a consensual resolution; and (c) Debtor is attempting to confirm a substantially similar plan that has been rejected by this Court and continues to be rejected by Creditor (the largest allowed general unsecured claim).

Second, as this Court previously explained in great length when appointing the Trustee (and removing Debtor from possession), there has been gross mismanagement by Debtor and its principals throughout this Bankruptcy Case, which warranted removal of Debtor from possession and appointment of the Trustee. However, in the Proposed Plan, Debtor *again* does not provide any information or disclosures related to material avoidance claims that the Estate has against Andrey Libov and Vladimir Libov, and remarkably, Debtor even removed such potential claims from the Liquidation Analysis in **Exhibit B** without explanation was follows:

| Net Proceeds of Real Property and Personal Property | $165,716.80 |
| --- | --- |
| Chapter 7 Administrative Claims | $15,000.00 |
| Chapter 11 Administrative Claims | $69,545.76 |
| Priority Claims | $170,592.79 |
| Chapter 7 Trustee Fees | TBD |
| Chapter 7 Trustee's Professionals | TBD |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | ($89,420.75) |

| Net Proceeds of Real Property and Personal Property | | |
| --- | --- | --- |
| Recovery from Preferences / Fraudulent Conveyances | [ADD] | |
| Chapter 7 Administrative Claims | [SUBTRACT] | |
| Chapter 11 Administrative Claims | [SUBTRACT] | |
| Priority Claims | [SUBTRACT] | |
| Chapter 7 Trustee Fees | [SUBTRACT] | |
| Chapter 7 Trustee's Professionals | [SUBTRACT] | |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | | |

*Compare* Dkt. No. 302, Exhibit B with *Combined Chapter 11 Plan and Disclosure Statement*, Exhibit B (emphasis added).

These omissions are not accidental. Time and again, Creditor has advised this Court of the significant claims that the Estate has against Andrey Libov and Vladimir, but Debtor continues to disregard the concerns raised by the Court to either disclose the potential claims or

- 4 -

MEYER LAW GROUP LLP

268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

BK CASE NO. 24-30679-DM

OBJECTION TO TENTATIVE APPROVAL OF DISCLOSURE STATEMENT IN ARCON CONSTRUCTION CORPORATION'S PLAN OF REORGANIZATION, DATED JUNE 12, 2026

Case: 24-30679   Doc# 308   Filed: 07/06/26   Entered: 07/06/26 22:56:57   Page 4 of 9

file a certification that counsel has investigated the claims and that no such claims exist. Creditor has repeatedly advised this Court that it will prosecute claims against Andrey Libov and Vladimir Libov in a derivative capacity for the benefit of the Estate, and the Proposed Plan fails to even acknowledge the existence and legitimacy of these claims.

Third, the Trustee was appointed to investigate all of the business affairs of Debtor, but without explanation or input, Debtor unilaterally filed the Proposed Plan, which is remarkably similar to prior iterations, which were summarily rejected by the Court.  At a minimum, and before this Court approves any Disclosure Statement proposed by Debtor, this Court should require Debtor to either: (i) meet-and-confer with Trustee and coordinate a joint filing; or (ii) include all edits, changes, objections, and other material information that Trustee determines is reasonably necessary to comply with the requirements of section 1125(a)(1).

It is a colossal waste of time and judicial resources for Debtor to seek tentative approval of the disclosure statement set forth in the Proposed Plan, when this Court has summarily rejected similar plans proposed by Debtor, and when Debtor has failed and refused to cooperate with Trustee in the preparation and filing of the Proposed Plan.

### C.    The Disclosure Statement Cannot Be Approved Because the Proposed Plan is Patently Unconfirmable

In addition to the inadequate disclosures, the Disclosure Statement should not be approved because the Plan is patently unconfirmable on its face.  "It is now well accepted that a court may disapprove of a disclosure statement, even if it provides adequate information about a proposed plan, if the plan could not possibly be confirmed."  In re Main St. AC, Inc., 234 B.R. 771, 775 (Bankr. N.D. Cal. 1999); see also In re American Capital Equip., LLC, 688 F.3d 145, 154-155 (3rd Cir. 2012) (the court may disapprove a disclosure statement where the plan is patently unconfirmable without regard to creditor voting results and based on facts that are not in dispute).

First, Section 1129(a)(7)(A)(ii) of the Bankruptcy Code provides that "[w]ith respect to each impaired class of claims or interests— each holder of a claim or interest of such class—will receive or retain under the plan on account of such claim or interest property of a value, as of the

MEYER LAW GROUP LLP

268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

BK CASE NO. 24-30679-DM

Case: 24-30679   Doc# 308   Filed: 07/06/26   Entered: 07/06/26 22:56:57   Page 5 of 9

effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date." 11 U.S.C. § 1129(a)(7)(A)(ii).

Here, Creditor's claim is provided for in Class 2(b) of the Proposed Plan, which is impaired, and Creditor does not accept the Proposed Plan, and will affirmatively vote to reject the Proposed Plan. Further, as set forth below, **Exhibit 2** to the Proposed Plan fails to accurately account for or properly disclose for all of Debtor's assets, including but not limited to, each of the following:

First, as set forth in a prior objection filed by Debtor's former counsel, George W. Wolff objected to confirmation of substantially similar Proposed Plan asserting that "[t]he liquidation analysis in the plan and the recently revised schedules A and B ***omit or fail to disclose and account for significant asset of [Debtor]***, including but not limited to the receivables, billings, work in progress and retention payments owed to [Debtor] on three multi-million dollar construction [projects]." See Dkt. No. 119, ¶ 1 (emphasis added).

Mr. Wolff recently represented Debtor in state-court litigation against Creditor, and undoubtedly Mr. Wolff has valuable personal knowledge of the interworking and financials of Debtor, and his acknowledgement that Debtor has failed to disclose significant assets of the estate is very, very troubling.

Second, **Exhibit 2** does not indicates that Debtor has any outstanding Accounts Receivables (AR), although the latest filed *Monthly Operating Report* indicates that Debtor has Accounts Receivables (AR) of $501,331 as follows:

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $501,331 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory (Book ○ Market ○ Other ⦿ (attach explanation)) | $0 |
| d. Total current assets | $576,085 |

See Dkt. No. 305, p. 2 (emphasis added).

Third, Debtor has made significant distributions and payments for the benefit of insiders, specifically Andrey Libov and Vladimir Libov, but on **Exhibit 2**, however in the section for

BK CASE NO. 24-30679-DM

OBJECTION TO TENTATIVE APPROVAL OF DISCLOSURE STATEMENT IN ARCON CONSTRUCTION CORPORATION'S PLAN OF REORGANIZATION, DATED JUNE 12, 2026

MEYER LAW GROUP LLP

268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

Case: 24-30679    Doc# 308    Filed: 07/06/26    Entered: 07/06/26 22:56:57    Page 6 of 9

"*Recovery from Preferences and Fraudulent Conveyances*" was purposefully removed and the Proposed Plan does not provide any recovery for potential avoidable preferences (11 U.S.C. § 548) and/or fraudulent conveyances (11 U.S.C. § 549) against these insiders.

Fourth, Debtor operates a general contracting business that has generated average monthly post-petition revenue of $1,218,473.08 for October 1, 2024 through February 28, 2025, but remarkably, on **Exhibit 2**, Debtor has failed to disclose any accounts receivable (AR) or other amounts due and owing for its construction services. It defies logic that a general contractor (such as Debtor) with this level of monthly revenue would not have *any* collectable AR from its customers as of the date the Proposed Plan was filed (March 21, 2025) or the date of the hearing on confirmation.

Fifth, Debtor has provided general contracting services for MinFin, LLC related to construction of a large residential property in Tiburon, California (the Vistazio Project), in which it appears that significant assets of Debtor have been diverted. Further, instead of generating disposable income and/or AR from this project, Debtor's insiders (Andrey Libov and Vladimir Libov) have *personally* acquired a membership interest in MinFin, LLC for their own benefit. **Exhibit 2** (and the Proposed Plan) fails to disclose any information related to the Vistazio Project and/or any membership interest acquired by Debtor's insiders through the use of estate assets.

Sixth, Debtor's projected monthly revenue ($512,575.59), projected cost of goods sold ($417,749.08), and operating expenses ($71,052.42) in **Exhibit 5** are woefully inconsistent with the *Monthly Operating Reports* filed in this case. Specifically, the revenue and expenses in the *Monthly Operating Reports* for the 4 months since the Petition Date are as follows:

| Month | Deposits | Withdrawals | Net Income |
|---|---|---|---|
| October 2024 | $ 1,713,811.82 | $ 1,595,145.59 | $ 118.666.23 |
| November 2024 | $ 614,670.93 | $ 722,474.20 | -$ 107,803.27 |
| December 2024 | $ 1,088,316.04 | $ 998,310.53 | $ 90,005.51 |
| January 2025 | $ 1,051,722.16 | $ 789,390.80 | $ 262,331.36 |
| February 2025 | $ 1,623,844.44 | $ 1,579,754.71 | $ 44,089.73 |
| **TOTAL** | **$ 6,092,365.39** | **$ 5,685,075.83** | **$ 288,623.33** |
| AVERAGE | $ 1,218,473.08 | $ 1,137,015.17 | $ 57,724.67 |

MEYER LAW GROUP LLP

268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

BK CASE NO. 24-30679-DM

OBJECTION TO TENTATIVE APPROVAL OF DISCLOSURE STATEMENT IN ARCON CONSTRUCTION CORPORATION'S PLAN OF REORGANIZATION, DATED JUNE 12, 2026

Case: 24-30679    Doc# 308    Filed: 07/06/26    Entered: 07/06/26 22:56:57    Page 7 of 9

See Dkt. Nos. 73, 86, 87, 105, 118.

Given that the average monthly deposits ($1,218,473.08) are nearly 3 times higher than projected revenue ($512,575.59) and the average monthly withdrawals ($1,137,015.17) are also nearly 3 times higher than projected expenses ($488,801.50), Debtor's feasibility income analysis in **Exhibit 5** is patently inconsistent with the *Monthly Operating Reports* filed in the Bankruptcy Case. At a minimum, Debtor's feasibility analysis should summarize the actual revenue and expenses reflected in the *Monthly Operating Reports* and detail with specificity why there are material changes to the actual amounts incurred during this Bankruptcy Case.

Seventh, Section 1129(a)(3) of the Bankruptcy Code provides that "[t]he court shall confirm a plan only if all of the following requirements are met … [t]he plan has been proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1129(a)(3).

Here, there are significant issues with the conduct of Debtor's in this Bankruptcy Case, which demonstrate that the Bankruptcy Case and the Proposed Plan were not filed in good faith, including but not limited to, the following:

Although Debtor operates a general contracting business, Debtor continues to pay for luxurious and expensive automobiles (2024 Lexus GX550, 2022 Rivian R1T, and 2020 Mercedes Benz GLA), with monthly payments in excess of $3,648.41, presumably for the sole use and benefit of Debtor's insiders, while the Proposed Plan only providing for a *de minimis* dividend (22.1%) to general unsecured creditors.

As set forth above and in the Objection filed by George W. Wolff, Debtor has failed to schedule certain valuable assets of the estate, including but not limited to, avoidance actions against insiders, accounts receivables (AR) for its construction projects, retention from construction projects, and its membership interest in the MinFin, LLC and/or interest in the Vistazio Project in Tiburon, California. See Dkt. No. 119.

At the examination of Vladimir Libov pursuant to Federal Rule of Bankruptcy Procedure 2004, Mr. Libov admitted that Debtor paid significant monthly expenditures for the benefit of Andrey Libov, including but not limited to, *ad valorem* property taxes for his personal residence in San Francisco and for the Vistazio Project in Tiburon, California, along with other personal

MEYER LAW GROUP LLP

268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

BK CASE NO. 24-30679-DM

OBJECTION TO TENTATIVE APPROVAL OF DISCLOSURE STATEMENT IN ARCON CONSTRUCTION CORPORATION'S PLAN OF REORGANIZATION, DATED JUNE 12, 2026

Case: 24-30679    Doc# 308    Filed: 07/06/26    Entered: 07/06/26 22:56:57    Page 8 of 9

necessities of life. However, none of these avoidance actions are identified in the Bankruptcy Schedules, the *Statement of Financial Affairs*, or the Proposed Plan.

Creditor is informed and believes that Debtor has used post-petition income to pay certain pre-petition creditors and vendors *without* approval of the Court or disclosure in the *Monthly Operating Reports* or the Proposed Plan.

Based on the foregoing, Creditor will continue to object to confirmation of the Proposed Plan, and as the single largest creditor of the estate, Debtor cannot obtain sufficient votes to obtain acceptance of Class 2(b). As such, Debtor's sole basis to seek confirmation of the Proposed Plan is through: (i) acceptance by an impaired class in either Class 1(a) or Class 1(b) (in which Debtor will pay the entire secured claim in full) or by Class 2(a) (a convenience class); and (ii) avoidance of the limitations of the Absolute Priority Rule through a "new value" contribution ($100,000) from Debtor's principal (the same one that the estate has avoidance claims against) without disclosing any financial information about Vladamir Libov or how such "new value" satisfy the requirements of Bank of Am. Nat'l Tr. and Sav. Ass'n v. 203 N. LaSalle St. P'ship, 526 U.S. 434 (1999). See In re Castleton Plaza, LP, 707 F.3d 821, 822 (7th Cir. 2013) (reversing the bankruptcy court's plan confirmation because a debtor must expose the new equity to some type of competitive bidding process).

## III. CONCLUSION

Based upon the foregoing, Creditor respectfully requests that the Court enter an order declining to approve the disclosure statement set forth in the Proposed Plan, instructing Debtor not to re-file any subsequent Chapter 11 Plan until such time that Debtor and Trustee meet-and-confer regarding a joint Chapter 11 Plan, and granting such other and further relief that is just and appropriate under the circumstances.

Dated: July 6, 2026

**MEYER LAW GROUP, LLP**

By: /s/ BRENT D. MEYER

Brent D. Meyer, Esq.
Attorneys for Creditor
653 28TH STREET, LLC

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

BK CASE NO. 24-30679-DM

OBJECTION TO TENTATIVE APPROVAL OF DISCLOSURE STATEMENT IN ARCON CONSTRUCTION CORPORATION'S PLAN OF REORGANIZATION, DATED JUNE 12, 2026