Miller Nash LLP
Bernie Kornberg (SBN 252006)
bernie.kornberg@millernash.com
340 Golden Shore, Suite 450
Long Beach, California 90802
Telephone: 562.435.8002
Facsimile: 562.435.7967

Geoffrey Murry Real Estate Litigation, P.C.
Geoffrey Murry (SBN 238046)
geoffrey@gmrel.com
582 Market Street, Suite 607
San Francisco, California 94104
Telephone: 415.805.7158

Attorneys for Creditors
Andy C. Lee and Shirley S. Lee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Arcon Construction Corporation,<br><br>Debtor | Case No. 24-30679<br><br>Chapter 11<br><br>**MOTION TO SET ASIDE ORDER SUSTAINING ARCON CONSTRUCTION CORPORATION'S OBJECTION TO PROOF OF CLAIM NO. 16 [ECF No. 314]; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: September 11, 2026<br>Time: 11:00 a.m.<br>Place: Courtroom 17<br>Court: Hon. Dennis Montali |

**PLEASE TAKE NOTICE** that on September 11, 2026, at 11:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 17 of the United States Bankruptcy Court for the Northern District of California, San Francisco Division, before the Honorable Dennis Montali, creditors Andy C. Lee and Shirley S. Lee (the "Lees") will and hereby do move this Court for an order setting aside and vacating the Order Sustaining Arcon Construction Corporation's Objection to Proof of Claim No. 16 [ECF No. 314], entered July 20, 2026 (the "Order").

This Motion is made pursuant to 11 U.S.C. §§ 105(a), 502(a), and 502(j), Rules 3007, 3008, and 9024 of the Federal Rules of Bankruptcy Procedure, and Rule 60(b) of the Federal Rules of Civil Procedure, on the grounds set forth in the Memorandum of Points and Authorities.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Bernie Kornberg and the exhibits thereto filed concurrently herewith, Creditors Andy C. Lee And Shirley S. Lee's Opposition To Debtor's Opposition To Amended Claim No. 16-2 filed concurrently herewith, the pleadings and records on file in this case, and such further evidence and argument as may be presented at or before the hearing.

Dated: August 14, 2026

MILLER NASH LLP

By: /s/ Bernie Kornberg
Bernie Kornberg

Attorneys for Creditors
Andy C. Lee and Shirley S. Lee

## TABLE OF CONTENTS

I. INTRODUCTION ........ 6

II. STATEMENT OF FACTS ........ 7

- A. The Claim and the Objection. ........ 7
- B. The Parties Negotiated a Settlement and the Objection Was Held in Abeyance. ........ 7
- C. The Chapter 11 Trustee's Appointment Displaced Arcon. ........ 7
- D. The April 30 Email, the Unanswered May 3 Response, and the Order. ........ 8

III. ARGUMENT ........ 9

- A. The Order Is Void Because the Objection Presented No Case or Controversy. ........ 9
  - 1. Arcon Lacks Standing to Bring a Claim Objection on Behalf of the Trustee ........ 9
  - 2. Arcon Lacks Standing to Bring the Objection as the Debtor Because the Estate Lacks Equity ........ 11
- B. In the Alternative, Cause Exists to Set Aside the Order Even If It Is Not Void. ........ 12
- C. The Lees Have a Meritorious Opposition. ........ 14

IV. CONCLUSION ........ 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Ahcom, Ltd. v. Smeding*,
623 F.3d 1248 (9th Cir. 2010) .......... 10

*In re An-Tze Cheng*,
308 B.R. 448 (B.A.P. 9th Cir. 2004), *aff'd*, 160 F. App'x 644 (9th Cir. 2005) .......... 9

*In re Bakke*,
243 B.R. 753 (Bankr. D. Ariz. 1999) .......... 10

*In re Baroni*,
643 B.R. 253 (Bankr. C.D. Cal. 2022) .......... 9, 11

*In re Becker*,
393 B.R. 233 (Bankr. D. Idaho 2008) .......... 13, 14

*Brandt v. Am. Bankers Ins. Co. of Fla.*,
653 F.3d 1108 (9th Cir. 2011) .......... 14

*In re Cherne*,
514 B.R. 616 (Bankr. D. Idaho 2014) .......... 11

*In re Cleanmaster Indus., Inc.*,
106 B.R. 628 (B.A.P. 9th Cir. 1989) .......... 12

*In re Ctr. Wholesale, Inc.*,
759 F.2d 1440 (9th Cir. 1985) .......... 12

*In re Eisen*,
31 F.3d 1447 (9th Cir. 1994) .......... 10

*Fondiller v. Robertson (In re Fondiller)*,
707 F.2d 441 (9th Cir. 1983) .......... 11

*In re Gilman*,
887 F.3d 956 (9th Cir. 2018) .......... 13, 14

*Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*,
331 B.R. 424 (B.A.P. 9th Cir. 2005) .......... 11

*Koshkalda v. Schoenmann (In re Koshkalda)*,
*622 B.R. 749* (B.A.P. 9th Cir. 2020) .......... 11

*In re La Sierra Fin. Servs., Inc.*,
290 B.R. 718 (B.A.P. 9th Cir. 2002) .......... 12

*In re McCorhill Pub., Inc.*,
89 B.R. 393 (Bankr. S.D.N.Y. 1988) .... 11

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
507 U.S. 380 (1993) .... 13

*In re Sun Ok Kim*,
89 B.R. 116 (D. Haw. 1987) .... 10

*In re Taub*,
439 B.R. 261 (Bankr. E.D.N.Y. 2010) .... 10

*United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*,
615 F.3d 1085 (9th Cir. 2010) .... 14

*In re Van Meter*,
175 B.R. 64 (B.A.P. 9th Cir. 1994) .... 14

*Variable-Parameter Fixture Dev't Corp. v. Comerica Bank-California (In re Morpheus Lights, Inc.)*,
*228 B.R. 449* (Bankr. N.D. Cal. 1998) .... 10

**Statutes**

11 U.S.C. § 323(a) .... 10

11 U.S.C. § 502 .... 6, 12, 15

11 U.S.C. § 1101(1) .... 9

11 U.S.C. § 1107(a) .... 9

**Other Authorities**

Federal Rule of Bankruptcy Procedure 3008 .... 12

Federal Rule of Civil Procedure 60 .... 12, 13

U.S. Const. art. III, § 2 .... 9

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Andy C. Lee and Shirley S. Lee (the "Lees") hold the largest claim in this case in the form of an amended Proof of Claim No. 16-2 for $9,912,200.50 (the "Claim"), arising from the loss of their real property following construction defects and foreclosure. Debtor Arcon Construction Corporation ("Arcon") objected to the Claim (the "Objection"). After the Objection was filed, the Debtor and the Lees agreed on a settlement resolving the Objection and fixing Claim 16-2. However, before the settlement could be consummated and approved by the Court, a Chapter 11 Trustee (the "Trustee") was appointed. The Lees then immediately sought to determine if the Trustee would agree to the pre-negotiated settlement.

While negotiations were ongoing, and while the Lees legitimately thought the agreed-upon stay of litigation was still in place, Arcon submitted a proposed order on the Objection. On July 20, 2026, this Court entered an order disallowing the Claim (the "Order") in its entirety by default, without a hearing and without any determination on the merits. The Lees now move to set aside the resulting Order.

The Order should be vacated on either of two independent grounds. First, the Order is void. Arcon is an out-of-the-money Debtor that was displaced by the Trustee; it holds neither the Trustee's authority to object to claims nor any pecuniary stake of its own in the claim's disallowance. Arcon therefore invoked no Article III case or controversy, and the Court lacked jurisdiction to adjudicate its Objection. Thus the Order is void and must be set aside.

Second, and in the alternative, cause exists under 11 U.S.C. § 502(j) and Rules 3008 and 9024 to vacate the default Order and permit the Objection to be decided on the merits. Concurrently with this Motion, the Lees are filing an opposition to the Objection (the "Opposition"). As set forth in the Opposition and summarized below, Arcon's claim objection is entirely without merit. It makes no challenge to the substantive claims raised by the Lees, but raises only procedural defenses. These procedural defenses lack any merit whatsoever and can readily be overruled.

Given the legitimate confusion created by Arcon's counsel regarding what the Lees

reasonably believed was an ongoing, indefinite extension of time to respond to the Objection, together with the well-grounded belief that Arcon lacked standing to object to the Lees' Claim, it would be a travesty of justice for this Court to allow disallowance of the Lees' Claim by default. The Court need not decide any of the merits issues now, including standing; those can be decided at a hearing on the merits. The Court should thus set aside the Order and set a hearing on the claim objection.

## II. STATEMENT OF FACTS

### A. The Claim and the Objection.

The Lees filed Proof of Claim No. 16, later amended as Claim No. 16-2, in the amount of $9,912,200.50, arising from the loss of their real property at 255 Shipley Street, San Francisco, following construction defects and foreclosure. Amended Claim No. 16-2; ECF No. 314 at p.2. The amended claim is supported by the Lees' proposed amended complaint against Arcon and related parties, which sets out the factual and legal bases for the claim. Amended Claim No. 16-2. On December 18, 2025, Arcon, then a debtor in possession, served its Objection to the Claim together with a Notice of Opportunity for Hearing, setting a 21-day period to respond. ECF No. 311 at p.2.

### B. The Parties Negotiated a Settlement and the Objection Was Held in Abeyance.

Beginning in January 2026, counsel for the Lees and Arcon engaged in documented settlement negotiations. Kornberg Decl. ¶ 2; Ex. A. On January 13, 2026, the parties entered into a settlement in principle. Arcon's counsel told the Lees' counsel: "You do not have to file the response tomorrow." Kornberg Decl. ¶ 3; Ex. A at p. 10. At Arcon's suggestion, the Lees filed a statement with the Court on January 28, 2026 advising that the parties were in settlement discussions and that "[t]he Debtor has, in turn, extended the deadline to respond to the pending claim objection." Kornberg Decl. ¶ 4; Ex. A at p. 8; Lees' Jan. 28, 2026 Statement [ECF No. 267] at p.1. Arcon's counsel did not correct that representation.

### C. The Chapter 11 Trustee's Appointment Displaced Arcon.

On March 6, 2026, the Court entered its Order Approving Appointment of Nathan F.

Smith as Chapter 11 Trustee. ECF No. 291 at p.1. Arcon has acknowledged the consequences to this Court. Its Combined Plan and Disclosure Statement states that "Debtor is no longer Debtor-in-possession," and that "[w]ith the appointment of a trustee the determination of whether to or if lawsuits or claims are to be pursued is no longer the exclusive decision of Debtor Arcon." ECF No. 302 at pp.14, 19. Both the Certification of No Objection and the lodged Order identify Arcon's counsel as attorney for "Arcon Construction Corporation, Debtor-out of possession." ECF No. 311 at p.1; ECF No. 314 at p.1.

After the appointment, the Lees advised Arcon that, with the Trustee in place, any settlement would have to be agreed to by the Trustee, and pursued a resolution with the Trustee. Kornberg Decl. ¶¶ 5–6; Ex. A at p. 2; Ex. B. The Lees' last email to the Trustee was sent on July 12, 2026, in which the Lees provided the Trustee further facts regarding their claim and requested a call to discuss settlement. Kornberg Decl. ¶ 7; Ex. B at p. 1. The Lees have not received a response from the Trustee to that email. Kornberg Decl. ¶ 7.

**D. <u>The April 30 Email, the Unanswered May 3 Response, and the Order.</u>**

On April 30, 2026, Arcon's counsel asked the Lees to "file something by next week Wednesday so that the matter can move forward." Kornberg Decl. ¶ 8; Ex. A at p. 1. On May 3, 2026, the Lees' counsel responded that he had "repeatedly reached out to the Trustee," and that "[p]ushing forward a claim objection, to which your standing is debatable, is highly questionable while I am trying to negotiate a resolution with the Trustee." Kornberg Decl. ¶ 9; Ex. A at p. 1. Arcon never responded. It did not dispute the ongoing negotiations and did not answer the standing objection.

On July 14, 2026, Arcon filed a Certification of No Objection, and on July 20, 2026, the Court entered the Order sustaining the Objection and disallowing the Claim in its entirety, without a hearing. ECF No. 311 at p.1; ECF No. 314 at pp.1, 2. The Lees' counsel did not see the Certification in time to respond and learned of the Order on July 21, 2026, one day after entry. That same day, counsel emailed Arcon's counsel, explaining that the out-of-the-money Debtor lacked standing to object and that settlement negotiations with the Trustee remained ongoing, and asked Arcon to stipulate to set the Order aside so that the Lees could file their opposition within

fourteen days. Kornberg Decl. ¶ 11; Ex. C. Arcon's counsel refused, stating that she was not authorized to enter into any stipulation regarding the Lees' claim, leaving the Lees no choice but to bring this Motion. Kornberg Decl. ¶ 12; Ex. C at p. 1.

## III. <u>ARGUMENT</u>

### A. <u>The Order Is Void Because the Objection Presented No Case or Controversy.</u>

A federal court's power extends only to actual "cases" and "controversies." U.S. Const. art. III, § 2. To invoke that power, a litigant must have constitutional standing, that is, "an injury in fact that is caused by or fairly traceable to some conduct, and which the requested relief will likely redress." *In re Baroni*, 643 B.R. 253, 285 (Bankr. C.D. Cal. 2022). Constitutional standing "concerns whether the plaintiff's personal stake in the lawsuit is sufficient to make out a concrete 'case' or 'controversy' to which the federal judicial power may extend under Article III." *Id.*

In a chapter 11 case, a debtor may prosecute a claim objection in only one of two capacities. First, while it remains a debtor in possession, the debtor exercises the rights and performs the duties of a trustee, 11 U.S.C. § 1107(a), including the trustee's fiduciary duty to "examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. §§ 704(a)(5), 1106(a)(1), 1107(a). Second, a debtor may object in its individual capacity, but only upon a showing of its own concrete stake: "A debtor, in its individual capacity, lacks standing to object unless it demonstrates that it would be 'injured in fact' by the allowance of the claim." *In re An-Tze Cheng*, 308 B.R. 448, 454 (B.A.P. 9th Cir. 2004), *aff'd*, 160 F. App'x 644 (9th Cir. 2005). In *Cheng*, the Bankruptcy Appellate Panel upheld a chapter 11 debtor's claim objection precisely and only because the debtors were "acting in their capacity as debtors in possession performing the trustee's fiduciary duty to object to claims." *Id.* at 454. Arcon can satisfy neither capacity.

#### 1. Arcon Lacks Standing to Bring a Claim Objection on Behalf of the Trustee

Arcon is no longer a debtor in possession. On March 6, 2026, the Court appointed Nathan F. Smith as Chapter 11 Trustee. ECF No. 291 at p.1. Upon that appointment, Arcon ceased to be a debtor in possession, 11 U.S.C. § 1101(1), and the trustee-derived powers conferred by section

1107(a), including the power to object to claims, terminated with that status. The Bankruptcy Code assigns the claim-objection function to the Trustee: section 704(a)(5) makes the examination of claims and the objection to improper claims a duty of the trustee, and section 1106(a)(1) expressly imposes that section 704(a)(5) duty on a chapter 11 trustee. The Trustee is now the sole "representative of the estate." 11 U.S.C. § 323(a); *In re Eisen*, 31 F.3d 1447, 1450 n.2 (9th Cir. 1994). Arcon has conceded the point to this Court: it "is no longer Debtor-in-possession," and the decision whether to pursue claims "is no longer the exclusive decision of Debtor Arcon." ECF No. 302 at pp.14, 19. Both the Certification of No Objection and the lodged Order identify Arcon's counsel as attorney for the "Debtor-out of possession." ECF No. 311 at p.1; ECF No. 314 at p.1.

Courts uniformly hold that once a trustee is appointed, the debtor may not prosecute claim objections in the trustee's stead absent leave of court. "[W]hen a Trustee has been appointed, the debtor or other creditors do not have standing to object to the claims of another creditor unless specifically granted by the Bankruptcy Court." *In re Bakke*, 243 B.R. 753, 755 (Bankr. D. Ariz. 1999); *accord Variable-Parameter Fixture Dev't Corp. v. Comerica Bank-California (In re Morpheus Lights, Inc.), 228 B.R. 449, 453* (Bankr. N.D. Cal. 1998) (chapter 11). The reason is structural: "the trustee acts as the spokesperson for all general creditors in order to efficiently administer the estate," and the displaced debtor's "role is limited to advising the trustee of the validity or invalidity of the claim." *In re Sun Ok Kim*, 89 B.R. 116, 118 (D. Haw. 1987). The Ninth Circuit applies the same exclusivity principle to a chapter 11 trustee's control of estate litigation: "When the trustee does have standing to assert a debtor's claim, that standing is exclusive and divests all creditors of the power to bring the claim." *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1250 (9th Cir. 2010); *see also In re Taub*, 439 B.R. 261, 272 (Bankr. E.D.N.Y. 2010) (upon appointment of a chapter 11 trustee, the debtor lacks standing to litigate on the estate's behalf).

Arcon never sought or obtained authorization from this Court to prosecute the Objection, never demanded that the Trustee act, and never suggested that the Trustee had refused to act. To the contrary, the Lees were in negotiation with the Chapter 11 Trustee regarding potential

allowance of the claim when Arcon duplicitously pulled the rug out and filed a proposed order with the Court. Arcon thus cannot assert it has the right to assert the Trustee's power to object to the claim.

**2. Arcon Lacks Standing to Bring the Objection as the Debtor Because the Estate Lacks Equity**

Nor can Arcon object in its individual capacity, because it has no pecuniary interest in the outcome. In the Ninth Circuit, a debtor has a cognizable stake in the size of the estate only if it is "directly and adversely affected pecuniarily," which for an insolvent debtor it is not. *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442 (9th Cir. 1983). Applying that principle, courts in this Circuit hold that a debtor lacks standing to object to a claim absent a pecuniary interest in the estate or the debt at issue. *In re Baroni*, 643 B.R. 253, 285 (Bankr. C.D. Cal. 2022); *Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 429 (B.A.P. 9th Cir. 2005). Where "the bankruptcy estate cannot pay all creditors in full and no surplus will be returned to the chapter 7 debtor, that debtor cannot generally demonstrate injury in fact to object to the trustee's administration of the estate and lacks standing." *Koshkalda v. Schoenmann (In re Koshkalda), 622 B.R. 749, 766 n.7* (B.A.P. 9th Cir. 2020).

The recognized exceptions, a realistic prospect of surplus or a debt that would survive discharge, have no application here. *See In re Cherne*, 514 B.R. 616, 621 (Bankr. D. Idaho 2014). Arcon is a corporation with no dischargeability exposure, and it has never contended that this is or could become a surplus estate. Courts addressing this precise posture, a chapter 11 debtor displaced by a trustee, reach the same result: the ousted debtor retains standing to object to a claim only where it has equity in the estate. *In re McCorhill Pub., Inc.*, 89 B.R. 393, 396 (Bankr. S.D.N.Y. 1988).

Arcon has admitted it is out of the money. Its proposed Plan pays unsecured creditors 22.1 cents on the dollar. ECF No. 302 at p.5. Its liquidation analysis reports negative funds available to unsecured creditors. ECF No. 302 at p.20. Its balance sheet shows negative equity of nearly $4 million. ECF No. 320-3 at p.2. And its shareholder must buy back his equity for $100,000 in new value, an admission that the equity is otherwise worthless. ECF No. 302 at p.9. A debtor in that

position gains nothing from disallowing the Lees' Claim. The reserve for the disputed Claim is simply "returned to the Debtor" if the Objection succeeds, a benefit that runs to the reorganized enterprise and its shareholder, not a legally cognizable injury that confers Article III standing on the Debtor out of possession. ECF No. 302 at p.13.

Because Arcon acted in no capacity in which it could invoke the judicial power, neither as estate fiduciary nor as a party with its own injury in fact, the Objection presented no case or controversy, and the Court lacked jurisdiction to adjudicate it. An order entered without jurisdiction is void. *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985). Relief from a void order is available under Rule 60(b)(4), made applicable by Bankruptcy Rule 9024. A court should not permit a jurisdictionally void order, here one extinguishing the largest claim in the case, to stand on its docket. The Order should be vacated.

Alternatively, this Court may decline to reach the jurisdictional issue raised above and instead conclude that the specter of a jurisdictionally void order is itself cause. As noted, the Lees' forthcoming Opposition equally raises the jurisdictional argument presented here. This Court may, under section 502(j), simply set aside the default Order and consider the standing issue along with the other defenses raised in the Opposition. This Court is empowered to do so, as a bankruptcy court has the inherent power to "reconsider, modify or vacate its previous orders so long as no intervening rights have become vested in reliance on the orders." *In re La Sierra Fin. Servs., Inc.*, 290 B.R. 718, 731 (B.A.P. 9th Cir. 2002).

**B. <u>In the Alternative, Cause Exists to Set Aside the Order Even If It Is Not Void.</u>**

Alternatively, Section 502(j) provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause," and "may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502. Rule 3008 implements the statute, and the Ninth Circuit BAP looks to Rule 60(b), incorporated by Rule 9024, for what constitutes "cause." *In re Cleanmaster Indus., Inc.*, 106 B.R. 628, 630–31 (B.A.P. 9th Cir. 1989).

Alternatively, even if Arcon had standing, the equities strongly favor relief. Under Rule 60(b)(1), a court may relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect," and "excusable neglect" is "a somewhat elastic concept" that reaches even an

attorney's unreasonable mistake. Fed. R. Civ. P. 60; *In re Gilman*, 887 F.3d 956, 964 (9th Cir. 2018). The inquiry is equitable, weighing prejudice, the length of and reason for the delay, and good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Each factor favors the Lees.

First, there is no prejudice. The delay was minimal. Counsel requested that the Order be set aside the day after it was entered. Kornberg Decl. ¶ 11; Ex. C. The only reason this Motion was not filed immediately afterward was a family emergency that caused the Lees' principal bankruptcy counsel, Bernie Kornberg, to take an unexpected leave from work for most of the week of July 22, which caused further delay as he managed his workload after the unexpected absence. Kornberg Decl. ¶ 13. Further, no distributions have been made, no plan has been confirmed, and the Objection can simply be set for hearing.[1] Finally, Arcon's proposed plan always envisioned the objection to the Lees' claim occurring post-confirmation by treating it as a disputed claim: if Arcon's claim objection is unsuccessful, the disputed claim is to be paid at the rate of 22.1% as if it were a Class 2B convenience-class general unsecured claim. ECF No. 302 at pp.12–13. If the claim cannot be settled, the Lees do not object to such treatment so long as the plan provides funds to pay the claim on equal footing with other unsecured creditors.

Second, the reason for the delay is substantial: the response deadline had been extended in connection with settlement, Arcon's April 30 request that the Lees "file something" did not

---

[1] As set forth in one case where a Court set aside a claim objection order by default, setting aside the default was justified by a lack of prejudice.

> Debtor did not significantly delay in filing her motion. Only six days elapsed between entry of the Court's order sustaining Creditor's objection and disallowing the exemption, and the filing of Debtor's motion to set aside that order. Few resources have been consumed in reliance upon the order disallowing the exemption claim, and in this case, the Court can quite simply "rewind" the proceedings to a point prior to entry of the order sustaining Creditor's objection to Debtor's exemption. Since that order was entered by default, there will be no duplication in the proceedings. Thus, this factor weighs in favor of granting Debtor relief from the order.

*In re Becker*, 393 B.R. 233, 238 (Bankr. D. Idaho 2008).


Case: 24-30679 Doc# 321 Filed: 08/14/26 Entered: 08/14/26 17:51:28 Page 13 of 15

clearly revoke that accommodation, and Arcon never answered the Lees' May 3 statement that negotiations with the Trustee were ongoing and Arcon's standing was doubtful. Kornberg Decl. ¶¶ 8–9; Ex. A at p. 1. And the Lees acted in good faith throughout; their conduct reflects no "bad faith … intention to take advantage of the opposing party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010). The Lees thus reasonably believed that the claim objection was still on hold, not that they would be met with a request for entry of a default order months after the April 30 request.

Finally, and perhaps most important, the Order was a default. The Ninth Circuit has "repeatedly held that judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091. Where there has been no decision on the merits, "considerations favoring finality of judgments should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *Becker*, 393 B.R. at 239. The Ninth Circuit has affirmed the setting aside of an order that sustained an objection precisely because the claimant failed to respond. *Gilman*, 887 F.3d at 963–64. The same result is warranted here.

### C. The Lees Have a Meritorious Opposition.

Relief from a default is particularly appropriate where the movant has a meritorious position. *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011); *see also In re Van Meter*, 175 B.R. 64, 68 (B.A.P. 9th Cir. 1994) ("A default judgment can be vacated if there exists a meritorious defense"). The Lees' amended Claim was executed and filed in accordance with the Bankruptcy Rules and constitutes prima facie evidence of the validity and amount of the Claim, and the Order contains no finding that Arcon overcame that presumption on any element. ECF No. 314 at p.2.

The Lees' Opposition, filed concurrently, establishes that the Objection provides no basis to disallow the Claim. At the threshold, Arcon lacks standing to prosecute the Objection at all for the reasons set forth in this brief.

On the merits, the Objection does not challenge the substance of the Lees' negligence claim at all. It raises only procedural and evidentiary objections, each of which fails as a matter of

law: (i) the Claim is supported by the complaint attached to it, and in any event a documentation deficiency is not a ground for disallowance under the exclusive grounds set out in 11 U.S.C. § 502(b); (ii) the Claim is timely, because the limitations period is measured as of the petition date and is tolled by the automatic stay, and because the Lees' damages did not accrue until the 2024 foreclosure; (iii) Arcon's release defense fails because Arcon never placed the settlement agreement in evidence and no release runs between Arcon and the Lees; (iv) the Lees have standing to assert both their direct claim, as third-party beneficiaries, and their derivative claims on behalf of 255 Shipley, where demand is excused as futile; and (v) the Claim is not contingent but merely unliquidated, and section 502(e)(1)(B) does not apply. Arcon has established no statutory ground for disallowance. It does not even contest the substantive merits of the Lees' $9,912,200.50 negligence claim. The Claim must be allowed.

## IV. CONCLUSION

For the foregoing reasons, the Lees respectfully request that the Court set aside and vacate the Order in its entirety as void for lack of jurisdiction. Alternatively, the Lees request that the Court set aside and vacate the Order and set a briefing schedule on the Objection.

Dated: August 14, 2026

MILLER NASH LLP

By: /s/ Bernie Kornberg
Bernie Kornberg

Attorneys for Creditors
Andy C. Lee and Shirley S. Lee


Case: 24-30679 Doc# 321 Filed: 08/14/26 Entered: 08/14/26 17:51:28 Page 15 of 15