Miller Nash LLP
Bernie Kornberg (SBN 252006)
bernie.kornberg@millernash.com
340 Golden Shore, Suite 450
Long Beach, California 90802
Telephone: 562.435.8002
Facsimile: 562.435.7967

Geoffrey Murry Real Estate Litigation, P.C.
Geoffrey Murry (SBN 238046)
geoffrey@gmrel.com
582 Market Street, Suite 607
San Francisco, California 94104
Telephone: 415.805.7158

Attorneys for Creditors
Andy C. Lee and Shirley S. Lee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Arcon Construction Corporation,<br><br>Debtor | Case No. 24-30679<br><br>Chapter 11<br><br>**CREDITORS ANDY C. LEE AND SHIRLEY S. LEE'S OPPOSITION TO DEBTOR'S OBJECTION TO AMENDED CLAIM NO. 16-2 [ECF Nos. 250, 251]**<br><br>Date: T.B.D.<br>Time: T.B.D.<br>Place: Courtroom 17<br>Court: Hon. Dennis Montali |

**TABLE OF CONTENTS**


I. INTRODUCTION ........ 6

II. STATEMENT OF FACTS ........ 7

A. Factual History ........ 7

B. Procedural History ........ 8

III. ARGUMENT ........ 9

A. Arcon Lacks Standing to Object Because a Chapter 11 Trustee Has Been Appointed ........ 9

1. Arcon Lacks Authority to Object on Behalf of the Trustee ........ 9

2. Arcon Lacks Standing to Object in Its Individual Capacity Because the Estate Has No Equity ........ 10

B. Each of the Procedural Grounds Enumerated in the Objection Fails ........ 11

1. The Claim Is Supported by a Writing, Which Is All the Rule Requires ........ 11

2. The Claims Are Within the Statute of Limitations ........ 12

3. Arcon Fails to Provide Any Evidence of the Terms of the Settlement Agreement ........ 13

4. The Lees Assert Both Direct and Derivative Claims ........ 13

5. Section 502(e)(1) Does Not Apply Because the Claim Is Not Contingent ........ 15

IV. CONCLUSION ........ 15





Case 24-30679 Doc# 323 Filed: 08/14/26 Entered: 08/14/26 17:54:59 Page 2 of 16

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ahcom, Ltd. v. Smeding*,
623 F.3d 1248 (9th Cir. 2010)........................................................................................ 10

*In re An-Tze Cheng*,
308 B.R. 448 (B.A.P. 9th Cir. 2004), *aff'd*, 160 F. App'x 644 (9th Cir. 2005)........................ 9

*In re Andrade-Garcia*,
635 B.R. 509 (B.A.P. 9th Cir. 2022)................................................................................ 12

*Bader v. Anderson*,
179 Cal. App. 4th 775 (2009)........................................................................................ 14

*In re Bakke*,
243 B.R. 753 (Bankr. D. Ariz. 1999)................................................................................ 10

*In re Baroni*,
643 B.R. 253 (Bankr. C.D. Cal. 2022)................................................................................ 9

*Bennett v. Ohio Nat'l Life Assurance Corp.*,
92 Cal. App. 5th 723 (2023)........................................................................................ 13

*In re Brown*,
606 B.R. 40 (B.A.P. 9th Cir. 2019)................................................................................ 12

*In re Cherne*,
514 B.R. 616 (Bankr. D. Idaho 2014)................................................................................ 11

*In re Consol. Pioneer Mortg.*,
178 B.R. 222 (B.A.P. 9th Cir. 1995), *aff'd sub nom. In re Consol. Pioneer Mortg. Entities*, 91 F.3d 151 (9th Cir. 1996)................................................................................ 11

*In re Eisen*,
31 F.3d 1447 (9th Cir. 1994)........................................................................................ 10

*Fondiller v. Robertson (In re Fondiller)*,
707 F.2d 441 (9th Cir. 1983)........................................................................................ 10

*In re Grassgreen*,
172 B.R. 383 (Bankr. M.D. Fla. 1994)................................................................................ 10

*In re Greenwood Supply Co.*,
295 B.R. 787 (Bankr. D.S.C. 2002)................................................................................ 14

*Grosset v. Wenaas*,
42 Cal. 4th 1100 (2008) .......... 14

*Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*,
331 B.R. 424 (B.A.P. 9th Cir. 2005) .......... 6, 11, 12

*Jones v. H.F. Ahmanson & Co.*,
1 Cal. 3d 93 (1969) .......... 14

*Koshkalda v. Schoenmann (In re Koshkalda)*,
*622 B.R. 749 (B.A.P. 9th Cir. 2020)* .......... 11

*In re Morpheus Lights, Inc.*,
228 B.R. 449 (Bankr. N.D. Cal. 1998) .......... 10

*In re Nicholes*,
184 B.R. 82 (B.A.P. 9th Cir. 1995) .......... 15

*Norgart v. Upjohn Co.*,
21 Cal. 4th 383 (1999) .......... 13

*In re RNI Wind Down Corp.*,
369 B.R. 174 (Bankr. D. Del. 2007) .......... 15

*In re SBMC Healthcare, LLC*,
519 B.R. 172 (Bankr. S.D. Tex. 2014) .......... 14

*In re Sun Ok Kim*,
89 B.R. 116 (D. Haw. 1987) .......... 10

*In re Taub*,
439 B.R. 261 (Bankr. E.D.N.Y. 2010) .......... 10

*Tuli v. Specialty Surgical Center of Thousand Oaks, LLC*,
105 Cal. App. 5th 997 (2024) .......... 14

**Statutes**

11 U.S.C. § 108(c) .......... 12

11 U.S.C. § 323(a) .......... 10

11 U.S.C. § 502 .......... 6, 12

11 U.S.C. § 704(a)(5) .......... 9

11 U.S.C. § 1101(1) .......... 9

11 U.S.C. § 1106(a)(1) .......... 9

11 U.S.C. § 1107(a) .......... 9

Cal. Civ. Proc. Code § 337 ........ 13
Cal. Civ. Proc. Code § 343 ........ 13
Cal. Corp. Code § 17709.02 ........ 14
California Corporations Code § 800(b) ........ 14

**Other Authorities**

Fed. R. Bankr. P. 3001(c)(1) ........ 11
Federal Rule of Bankruptcy Procedure 3001 ........ 11, 12
U.S. Const. art. III, § 2 ........ 9

## I. **INTRODUCTION**

Creditors Andy C. Lee and Shirley S. Lee (the "Lees") submit this opposition to the objection (the "Objection," ECF Nos. 250, 251) of Debtor Arcon Construction Corporation ("Arcon") to their Amended Claim No. 16-2 (the "Claim").

The Objection is almost entirely bare of facts or authority. Critically, it does not assert that the Lees lack a valid claim against Arcon. It nowhere contends that a cognizable direct claim or a cognizable derivative claim fails to exist on the merits, nor does it come forward with evidence negating any element of the Lees' negligence claim. The Objection therefore raises no challenge to the substantive merits of the claim at all. Rather, every ground Arcon actually asserts is procedural or evidentiary: that no writing was attached, that the claim is time-barred, that an unproduced settlement agreement released it, that the Lees lack standing and the claim is derivative, and that it is somehow contingent. As shown below, each of those arguments fails as a matter of law. As a threshold matter, moreover, Arcon lacks standing to prosecute the Objection at all: a Chapter 11 Trustee has been appointed, and the authority to examine and object to claims now rests with the Trustee, not Arcon. And because a proof of claim is deemed allowed absent a sustained objection under 11 U.S.C. § 502(a), and Arcon has not established any basis for disallowance, the Objection must be overruled. *Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 426 (B.A.P. 9th Cir. 2005).

Tellingly, the Objection does not actually challenge the substantive merits of the Lees' Claim. That is because the Lees have been catastrophically harmed by the negligence of Arcon among other parties. That negligence resulted in the loss of valuable real property in the City of San Francisco that the Lees contributed to 255 Shipley Street, LLC ("255 Shipley"), an entity in which Andrey Libov, Arcon's principal, was a managing member. 255 Shipley was formed to develop the property into residential condominiums, with Arcon acting as general contractor. The negligence of Arcon contributed to the delay in completing the project and the resulting foreclosure of the property by the construction lender. The Lees now bring this claim on their own behalf and derivatively on behalf of 255 Shipley.

## II. STATEMENT OF FACTS

### A. Factual History

Beginning in 2004, Andy and Shirley Lee owned and operated a car repair business. In 2012, the Lees purchased the real property at 255 Shipley Street in San Francisco, which allowed the Lees to operate their business without worrying about a lease or a landlord. Lee Decl. ¶ 2.

In 2016, the Lees entered into an agreement with Andrey Libov, principal of Arcon, and Stanley Saitowitz, architect and principal of Natoma Architects, Inc., to form 255 Shipley. Libov and Saitowitz were the managing members of 255 Shipley. 255 Shipley was formed to develop the real property owned by the Lees at 255 Shipley Street into residential condominiums. Natoma Architects, Inc., was the architect on the project, and Arcon was the general contractor. Lee Decl. ¶¶ 3–4.

Work on the development project began in October 2021. Because of negligence in planning and execution, including by Arcon, the project failed to accurately account for the level of groundwater at the site, which required Arcon and 255 Shipley to submit a revised foundation plan to the San Francisco Department of Building Inspection and halted construction. Lee Decl. ¶ 5.

The process of obtaining approval for the revised foundation plan caused a delay of five months on the project. This delay, in turn, caused the construction lender on the project, Banner Bank, to put the loan in default due to what it considered to be cessation of development activity at the project between January 2022 and August 2022, in violation of the loan agreement with 255 Shipley and its members, including the Lees, as guarantors. Lee Decl. ¶ *6.*

In April 2024, Banner Bank foreclosed on the Lees' property, which they had contributed to 255 Shipley as part of the development agreement. Lee Decl. ¶ 7. Banner Bank subsequently sued the guarantors, including Libov, Saitowitz, and the Lees, for breach of guarantee. Banner Bank also sued Arcon but did not pursue those claims given the bankruptcy stay that was put in place soon after Banner Bank instituted the action. The action was settled and dismissed upon, the Lees are informed and believe, the purchase of the property from Banner Bank by Libov and Saitowitz. The Lees are further informed and believe that Libov and Saitowitz continue to have

an interest in the 255 Shipley Street property to this day. Lee Decl. ¶ 8.

On August 1, 2025, the Lees filed a complaint in the San Francisco Superior Court, *Andy C. Lee et al. v. Andrey Libov et al.*, Case No. CPF-25-519215, against Andrey Libov, Stanley Saitowitz, and Natoma Architects, Inc., with 255 Shipley named as a nominal defendant. The complaint asserted direct claims against Libov and Saitowitz for breach of written contract, breach of fiduciary duty, and indemnity, and derivative claims on behalf of 255 Shipley for breach of fiduciary duty against Libov and Saitowitz and for negligence against Natoma Architects, Inc. The Lees did not name Arcon as a defendant because Arcon had already filed for bankruptcy and was protected from suit by the automatic stay. See Claim No. 16.

**B. <u>Procedural History</u>**

Arcon filed a voluntary petition in bankruptcy on September 13, 2024. Following a creditor's challenge to its proceeding as a Subchapter V debtor, the case has proceeded under Chapter 11. Orders, ECF Nos. 170 & 188; Objection at p.3.

On November 22, 2024, the Lees timely filed Proof of Claim No. 16 in the amount of $9,912,200.50, stating the basis of the claim as the "Creditors' negligence claim against Debtor arising from Debtor's role as general contractor on development project." Claim No. 16 at pp.1, 2.

On October 21, 2025, the Lees filed Amended Claim No. 16-2, asserting their claim both individually and derivatively, and attaching a proposed First Amended Complaint setting forth the legal basis for each claim. Claim No. 16-2. Claim No. 16-2 asserts seven causes of action: (1) breach of written contract, directly against Libov and Saitowitz; (2) breach of fiduciary duty, directly against Libov and Saitowitz and derivatively on behalf of 255 Shipley; (3) indemnity, directly against Libov and Saitowitz; (4) negligence, derivatively on behalf of 255 Shipley against Natoma Architects, Inc.; (5) negligence, derivatively on behalf of 255 Shipley against Arcon; (6) intentional misrepresentation, directly against Libov and Arcon; and (7) negligent misrepresentation, directly against Libov and Arcon. Claim No. 16-2.

On December 18, 2025, Arcon filed its Notice of Objection to Amended Claim No. 16-2 (ECF No. 250 at p.1), its supporting Points and Authorities (ECF No. 251 at p.1), and a Request

for Judicial Notice (ECF No. 252).

By order entered February 27, 2026 (ECF No. 287), the Court directed the United States Trustee to appoint a Chapter 11 trustee. On March 6, 2026, the United States Trustee appointed Nathan F. Smith as Chapter 11 Trustee (the "Trustee") (ECF No. 292 at pp.1, 2), and the Court entered its order approving that appointment the same day. ECF No. 291 at p.1.

## III. ARGUMENT

### A. Arcon Lacks Standing to Object Because a Chapter 11 Trustee Has Been Appointed

Before reaching Arcon's enumerated grounds, the Objection fails for a threshold reason: Arcon has no standing to prosecute it. A federal court's power extends only to actual "cases" and "controversies." U.S. Const. art. III, § 2. To invoke that power, a litigant must have constitutional standing, that is, "an injury in fact that is caused by or fairly traceable to some conduct, and which the requested relief will likely redress." *In re Baroni*, 643 B.R. 253, 285 (Bankr. C.D. Cal. 2022). In a chapter 11 case, a debtor may prosecute a claim objection in only one of two capacities. First, while it remains a debtor in possession, the debtor exercises the rights and duties of a trustee, 11 U.S.C. § 1107(a), including the trustee's duty to "examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. §§ 704(a)(5), 1106(a)(1), 1107(a). Second, a debtor may object in its individual capacity, but only on a showing of its own concrete stake: "A debtor, in its individual capacity, lacks standing to object unless it demonstrates that it would be 'injured in fact' by the allowance of the claim." *In re An-Tze Cheng*, 308 B.R. 448, 454 (B.A.P. 9th Cir. 2004), *aff'd*, 160 F. App'x 644 (9th Cir. 2005). Arcon can satisfy neither capacity.

#### 1. Arcon Lacks Authority to Object on Behalf of the Trustee

Arcon is no longer a debtor in possession. On March 6, 2026, the Court appointed Nathan F. Smith as Chapter 11 Trustee. ECF No. 291 at p.1. Upon that appointment, Arcon ceased to be a debtor in possession, 11 U.S.C. § 1101(1), and the trustee-derived powers conferred by section 1107(a), including the power to object to claims, terminated with that status. The Bankruptcy Code assigns the claim-objection function to the Trustee: section 704(a)(5) makes the examination of claims and the objection to improper claims a duty of the trustee, and section


Case 24-30679 Doc# 323 Filed: 08/14/26 Entered: 08/14/26 17:54:59 Page 9 of 16

1106(a)(1) imposes that duty on a chapter 11 trustee. The Trustee is now the sole "representative of the estate." 11 U.S.C. § 323(a); *see In re Eisen*, 31 F.3d 1447, 1450 n.2 (9th Cir. 1994). Arcon has conceded the point to this Court: it "is no longer Debtor-in-possession," and the decision whether to pursue claims "is no longer the exclusive decision of Debtor Arcon." ECF No. 302 at pp.14, 19. Both the Certification of No Objection and the lodged Order identify Arcon's counsel as attorney for the "Debtor-out of possession." ECF No. 311 at p.1; ECF No. 314 at p.1.

Courts uniformly hold that once a trustee is appointed, the debtor may not prosecute claim objections in the trustee's stead absent leave of court. "[W]hen a Trustee has been appointed, the debtor or other creditors do not have standing to object to the claims of another creditor unless specifically granted by the Bankruptcy Court." *In re Bakke*, 243 B.R. 753, 755 (Bankr. D. Ariz. 1999); *accord In re Morpheus Lights, Inc.*, 228 B.R. 449, 453 (Bankr. N.D. Cal. 1998); *In re Grassgreen*, 172 B.R. 383, 387 (Bankr. M.D. Fla. 1994). The displaced debtor's "role is limited to advising the trustee of the validity or invalidity of the claim." *In re Sun Ok Kim*, 89 B.R. 116, 118 (D. Haw. 1987). The Ninth Circuit applies the same exclusivity principle to a chapter 11 trustee's control of estate litigation: when the trustee has standing to assert a claim, "that standing is exclusive and divests all creditors of the power to bring the claim." *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1250 (9th Cir. 2010); *see also In re Taub*, 439 B.R. 261, 272 (Bankr. E.D.N.Y. 2010). Arcon never sought or obtained authorization from this Court to prosecute the Objection, never demanded that the Trustee act, and never suggested that the Trustee had refused to act. It therefore had no authority to object on the Trustee's behalf.

**2. Arcon Lacks Standing to Object in Its Individual Capacity Because the Estate Has No Equity**

Nor can Arcon object in its individual capacity, because it has no pecuniary interest in the outcome. In the Ninth Circuit, a debtor has a cognizable stake in the size of the estate only if it is "directly and adversely affected pecuniarily," which for an insolvent debtor it is not. *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442 (9th Cir. 1983). Where "the bankruptcy estate cannot pay all creditors in full and no surplus will be returned to the chapter 7 debtor, that debtor cannot generally demonstrate injury in fact to object to the trustee's administration of the estate

and lacks standing." *Koshkalda v. Schoenmann (In re Koshkalda), 622 B.R. 749, 766 n.7 (B.A.P. 9th Cir. 2020)*; *see also In re Heath*, 331 B.R. at 429. The recognized exceptions (a realistic prospect of surplus or a debt that would survive discharge) have no application here. *See In re Cherne*, 514 B.R. 616, 621 (Bankr. D. Idaho 2014). Arcon is a corporation with no dischargeability exposure and has never contended that this is or could become a surplus estate.

Arcon has admitted it is out of the money. Its proposed Plan pays unsecured creditors 22.1 cents on the dollar. ECF No. 302 at p.5. Its liquidation analysis reports negative funds available to unsecured creditors. ECF No. 302 at p.20. Its balance sheet shows negative equity of nearly $4 million. ECF No. 320-3 at p.2. And its shareholder must buy back his equity for $100,000 in new value. ECF No. 302 at p.9. A debtor in that position gains nothing from disallowing the Lees' Claim.

Because Arcon acted in no capacity in which it could object, neither as estate fiduciary nor as a party with its own injury in fact, it lacked standing to prosecute the Objection, and the Objection cannot be sustained.

**B. <u>Each of the Procedural Grounds Enumerated in the Objection Fails</u>**

Arcon's Points and Authorities requests relief on a series of enumerated grounds. ECF No. 251 at p.7. The Lees respond to each below.

**1. The Claim Is Supported by a Writing, Which Is All the Rule Requires**

Arcon contends that the claim is not supported by "written documents" and is unsupported by the evidence "required by FRBP 3001." Objection at p.3. The premise is wrong, and the legal conclusion Arcon draws from it is wrong as well.

Rule 3001(c)(1) provides only that if a claim "is based on a writing, the creditor must file a copy with the proof of claim." Fed. R. Bankr. P. 3001(c)(1). The Lees did exactly that. They attached a complaint that articulates the bases for their negligence cause of action against Arcon. Claim No. 16-2. "[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward." *In re Consol. Pioneer Mortg.*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd sub nom. In re Consol. Pioneer Mortg. Entities*, 91 F.3d 151 (9th Cir. 1996). Arcon concedes this is met as it makes no argument that the claim itself does


Case: 24-30679 Doc# 323 Filed: 08/14/26 Entered: 08/14/26 17:54:59 Page 11 of 16

not set forth facts warranting relief.

Even if the attached writing were deemed insufficient, disallowance would not follow. A proof of claim that lacks the documentation contemplated by Rule 3001(c) "does not qualify for the evidentiary benefit of Rule 3001(f) . . . but that by itself is not a basis to disallow the claim." *In re Heath*, 331 B.R. at 426. At most, the consequence is loss of the prima facie presumption, not disallowance.

**2. The Claims Are Within the Statute of Limitations**

Arcon asserts that the causes of action alleged by the Lees in Proof of Claim 16-2 are outside the statute of limitations. Objection at p.5. The party asserting the statute of limitations has the burden of proof as to the defense. *In re Andrade-Garcia*, 635 B.R. 509, 517 (B.A.P. 9th Cir. 2022) ("[t]he statute of limitations is a waivable, non-jurisdictional, affirmative defense, for which the asserting party bears the burden of proof"). Arcon has failed in its entirety to set forth any facts that meet this burden. The statute of limitations is not a basis for disallowance of the claim.

Arcon argues that the Lees had knowledge of the alleged groundwater issues in January of 2022. Objection at p.5. They assert that thus the statute of limitations expired "more than 3 years before August 1, 2025," which is the date that the Lees filed their state court complaint against the non-Arcon parties. Objection at p.6. Arcon's argument makes little sense. The Lees did not name Arcon in the state court complaint because Arcon had already filed for bankruptcy and was thus protected from suit by the automatic stay. Rather, the operative time for determining the statute of limitations is the petition date of September 13, 2024. 11 U.S.C. § 502(b) (the Court "shall determine the amount of such claim in lawful currency of the United States *as of the date of the filing of the petition*"). Further, even outside of bankruptcy, the statute of limitations against Arcon is tolled by the automatic stay. 11 U.S.C. § 108(c). Accordingly, *even if* a three-year statute of limitations applied and it started running in January of 2022, the claims asserted by the Lees are timely. *In re Brown*, 606 B.R. 40, 46 n.6 (B.A.P. 9th Cir. 2019) ("The postpetition running of the statute of limitations should not be the basis for disallowance of a valid prepetition claim against the bankruptcy estate").

However, while that is the end of it, it is worth pointing out that Arcon is also incorrect regarding the length and timing of the statute of limitations. First, several of Arcon's causes of action, such as for breach of contract and breach of fiduciary duty, have four year limitation periods. Cal. Civ. Proc. Code §§ 337, 343. Second, under California law, the statute of limitations starts running, at the earliest, "when the cause of action is complete with all of its elements." *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 389 (1999). "Where damages are an element of a cause of action, the claim does not accrue until the damages have been sustained." *Bennett v. Ohio Nat'l Life Assurance Corp.*, 92 Cal. App. 5th 723, 729 (2023). Here, the foreclosure of the 255 Shipley Street property did not occur until 2024. Lee Decl. ¶ 7. Thus, the Lees' causes of action did not accrue until, at the earliest, that time.

**3. Arcon Fails to Provide Any Evidence of the Terms of the Settlement Agreement**

Arcon asserts "the Lees as guarantors of the construction loan, together with others, have entered into a settlement that Arcon is informed and believes contained a controlling general release that constitutes a bar to any claim as against Arcon by the Lees." Objection at p.6. Arcon is referring to the settlement agreement between Banner Bank, 255 Shipley, the Lees, Arcon, and the other guarantors to the construction loan. This settlement agreement does not include any release between Arcon and the Lees of the claims in this litigation. However, that is not before the Court as Arcon has failed to introduce the settlement agreement as evidence.[1] Accordingly, there is simply no basis for the Court to rule on this argument.

**4. The Lees Assert Both Direct and Derivative Claims**

Arcon contends, without any real argument or supporting evidence, that the Lees lack standing and that the claim is "derivative." Objection at p.7. The premise misapprehends the claim, which asserts both direct and derivative theories. Objection at p.2.

The Lees' negligence claim against Arcon is pleaded as a direct claim: the Lees sue as third-party beneficiaries of the contract between Arcon and 255 Shipley, alleging that Arcon

[1] Arcon filed a motion to file the settlement agreement under seal, which was denied. ECF Nos. 231, 247. Arcon has not made any efforts to file an unredacted version or otherwise present it to the Court.


Case 24-30679 Doc# 323 Filed: 08/14/26 Entered: 08/14/26 17:54:59 Page 13 of 16

owed them a duty to perform with the skill and care of a reasonable general contractor and breached that duty to their direct injury. Claim No. 16-2 at p.15. A direct action lies where the damages are "not incidental to an injury to the corporation." *Bader v. Anderson*, 179 Cal. App. 4th 775, 789 (2009); *Jones v. H.F. Ahmanson & Co.*, 1 Cal. 3d 93, 106 (1969). The Objection makes no argument whatsoever as to why the Lees lack standing to assert this direct claim. The direct claim thus stands unchallenged and, standing alone, defeats disallowance of the claim in its entirety.

The Lees do plead several claims derivatively on behalf of 255 Shipley. California law allows such claims. An action is derivative "if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock and property," and a shareholder may sue derivatively to enforce the entity's rights "when the board of directors fails or refuses to do so." *Grosset v. Wenaas*, 42 Cal. 4th 1100, 1106, 1108 (2008); *Jones*, 1 Cal. 3d at 106-07. Shareholder derivative claims can also arise within the context of limited liability companies. Cal. Corp. Code § 17709.02. Derivative claims brought on behalf of limited liability companies are governed by the same principles that govern derivative claims brought on behalf of corporations by shareholders. *Tuli v. Specialty Surgical Center of Thousand Oaks, LLC*, 105 Cal. App. 5th 997, 1018 (2024).

A derivative plaintiff must satisfy the standing and pleading conditions of California Corporations Code § 800(b): contemporaneous ownership and particularized allegations of pre-suit demand or demand futility. *Bader*, 179 Cal. App. 4th at 789; Cal. Corp. Code § 800(b). The Lees, as 50% members of 255 Shipley, satisfy the ownership requirement. Lee Decl. ¶ 3. Futility is readily established because the very managers who would have to authorize suit, Libov and Saitowitz, are the alleged wrongdoers. Lee Decl. ¶ 9; Claim No. 16-2 at pp.8, 13.

A derivative claim may properly be adjudicated in bankruptcy through the claims-allowance process. Courts recognize that the derivative right is a species of property interest that is resolved under state law, and that a proof of claim (met by an objection) is an appropriate vehicle for adjudicating whether a claim is direct or derivative and who holds it. *In re Greenwood Supply Co.*, 295 B.R. 787, 796-97 (Bankr. D.S.C. 2002); *In re SBMC Healthcare, LLC*, 519 B.R.

172, 178-79 (Bankr. S.D. Tex. 2014).

Again, Arcon fails to set forth any actual grounds for disallowance of the derivative claim except that it is derivative. Arcon does not show that the Lees are not owners of 255 Shipley (which they are), that demand is not futile (which it is), or that the derivative claim has no substantive merit (it has plenty). Thus the derivative nature of the claims is not a basis for disallowance.

**5. Section 502(e)(1) Does Not Apply Because the Claim Is Not Contingent**

Arcon suggests the claim is subject to disallowance as "contingent," invoking § 502(b)(1) and § 502(e)(1)(B). Objection at p.7. The claim is not contingent. "[A] debt is noncontingent if all events giving rise to liability occurred prior to the filing of the bankruptcy petition." *In re Nicholes*, 184 B.R. 82, 88 (B.A.P. 9th Cir. 1995). Here, all events giving rise to Arcon's liability, including its negligent performance as general contractor, the resulting default, and the foreclosure that extinguished the Lees' interest, occurred before the petition. No future extrinsic event is required to fix liability.

The claim is instead unliquidated: a claim "in which the amount owed has not been determined." *In re RNI Wind Down Corp.*, 369 B.R. 174, 183 (Bankr. D. Del. 2007). A tort claim "ordinarily is not contingent as to liability" because "the events that gave rise to liability . . . usually have occurred and liability is not dependent on some future event"; it is "immaterial that the tort claim is not adjudicated or liquidated, or that the claim is disputed." *In re Nicholes*, 184 B.R. at 88 n.7. Whether a claim is unliquidated "is separate from whether the claim is contingent," and the fact that the exact amount is not yet fixed "does not, in itself, render the claim contingent." *In re RNI Wind Down Corp.*, 369 B.R. at 184. An unliquidated tort claim is fully allowable; it is estimated or liquidated through the claims process, not disallowed.

## IV. CONCLUSION

For the foregoing reasons, the Lees respectfully request that the Court overrule the Objection and allow Amended Claim No. 16-2 in its entirety, or, in the alternative, grant the Lees leave to amend.

Dated: August 14, 2026

MILLER NASH LLP

By: /s/ Bernie Kornberg
Bernie Kornberg

Attorneys for Creditors
Andy C. Lee and Shirley S. Lee



Case: 24-30679 Doc# 323 Filed: 08/14/26 Entered: 08/14/26 17:54:59 Page 16 of 16